UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| RIPPY OIL CO. | |
|    Plaintiff | CIVIL ACTION |
| v. | |
| | NO.: |
| ACE AMERICAN INSURANCE CO., | |
| CHARTIS SPECIALTY INSURANCE CO., | JUDGE |
| RISK SPECIALISTS COMPANIES | |
| INSURANCE AGENCY, INC. | |
|    Defendants | |

## NOTICE OF REMOVAL

Defendants, AIG Specialty Insurance Company ("ASIC")[1] and Risk Specialists Companies Insurance Agency, Inc. ("Risk Specialists"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, file this Notice of Removal of the lawsuit captioned *Rippy Oil Co. v. Ace American Insurance Co., Chartis Specialty Insurance Co., and Risk Specialists Companies Insurance Agency, Inc.*, Civil Action No. 2021-83799 in the 133rd District Court for Harris County, Texas, to the United States District Court for the Southern District of Texas.  As grounds for removal, Defendants aver as follows:

## I.

## INTRODUCTION

1.  This lawsuit arises out of a claim by Rippy Oil Company ("Rippy"), as a purported judgment creditor and/or third-party beneficiary, for insurance coverage under policies of insurance issued by Ace American Insurance Company ("Ace") and ASIC in Louisiana to Named Insured, Knight Oil Tools, Inc. ("KOT").

---

[1] ASIC was formerly known as Chartis Specialty Insurance Company.

2. On December 7, 2021, ASIC filed a Declaratory Judgment Action in the United States District Court for the Western District of Louisiana against KOT, seeking a declaration that its policy does not provide coverage for Rippy's claims against KOT in an underlying lawsuit.  That declaratory judgment action is captioned *AIG Specialty Insurance Company, Inc. v. Knight Oil Tools*, *Inc.*, Case No. 6:21-cv-04191-RRS-CBW (W.D.La.) ("the First-Filed Louisiana Federal Court Declaratory Judgment Action").

3. Rippy has intervened in the First-Filed Louisiana Federal Court Declaratory Judgment Action.  *See,* Case No. 6:21-cv-04191-RRS-CBW (W.D.La.) (Docket Nos. 12 & 13).

4. Despite the pendency of the First-Filed Louisiana Federal Court Declaratory Judgment Action, Rippy filed the instant suit against Ace, ASIC, and Risk Specialists.  Rippy seeks a declaration of coverage under the policies of insurance issued by Ace and ASIC to KOT in Louisiana.

5. ASIC and Risk Specialists remove this action pursuant to 28 U.S.C. § 1332 because complete diversity exists between the joined parties.  Despite Rippy's allegations to the contrary, Risk Specialists is a diverse party and complete diversity among the parties exists.

6. In the alternative, Risk Specialists has been improperly joined, thereby rendering the citizenship of Risk Specialists irrelevant, and the claims against Risk Specialists should be dismissed.

**II.**

**THE REMOVED CASE**

7. Rippy filed the removed suit on December 29, 2021 in the 133rd District Court of Harris County, Texas, captioned *Rippy Oil Company v. Ace American Insurance Company, Chartis*

*Specialty Insurance Company n/k/a AIG Insurance Company Specialty Insurance Company (sic), and Risk Specialists Companies Insurance Agency, Inc.*, Civil Action No. 2021-83799.

8.  Citation and a copy of the Petition for Damages were served on ASIC via the Texas Insurance Commissioner on January 6, 2022.  Defendant Risk Specialists was served on January 6, 2022.  Upon information and belief, Defendant Ace was served on January 10, 2022.

9.  The United States District Court for the Southern District of Texas encompasses Harris County, Texas, where the removed case was originally filed.

10. This removal is affected and has been timely filed within thirty (30) days of the removing Defendants being served with process and within one (1) year after commencement of the action, as allowed by 28 U.S.C. § 1446(b).

11. This Court has jurisdiction over this matter, and this matter is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

12. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, a true and correct copy of all process, pleadings, and orders served on Defendants ASIC and Risk Specialists is attached hereto as Exhibit A.  The docket sheet from the state court file is attached hereto as Exhibit B.

13. Additionally, ASIC and Risk Specialists filed, contemporaneously with this Notice, a Civil Cover Sheet and Disclosure Statement that complies with Fed. R. Civ. P. 7.1.

14. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, ASIC and Risk Specialists will give written notice of the removal to Plaintiff through its attorney of record and to the clerk of the 133rd Judicial District Court of Harris County, Texas.

15. Under Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that they have read the foregoing Notice of Removal and that to the best of their knowledge,

information, and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and that it is not intended for any improper purpose.

16. By filing this Notice of Removal, ASIC and Risk Specialists do not waive and hereby reserve all defenses and objections to the Petition, including, but not limited to, lack of personal jurisdiction, improper venue, improper service, insufficiency of process, no right of action, and any other defenses and objections that are or may become available to ASIC and/or Risk Specialists.

17. Defendants ASIC and Risk Specialists reserve the right to amend or supplement this Notice of Removal.

18. Defendant Ace American Insurance Company consents to this removal.

## III.

## JURISDICTION

19. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the parties (and, in particular, amongst the properly joined parties) and the amount in controversy exceeds $75,000 exclusive of interest and costs.

## Diversity of Citizenship Jurisdiction

20. Plaintiff Rippy is a Texas corporation with its principal place of business in Tyler, Smith County, Texas. *See,* Exhibit A, Plaintiff's Original Petition, ¶3.

21. Rippy also alleges that it is bringing suit on behalf of Rippy Interest, LLC, which is a Texas limited liability company with its principal place of business in Tyler, Smith County, Texas. *See* Exhibit A, Plaintiff's Original Petition, ¶¶3,4.  Rippy's Petition does not identify the members of the limited liability company or the citizenship of those members.  Upon

4

information and belief, the members of Rippy Interest, LLC are Charles G. Rippy, James R. Rippy, and Lewis B. Rippy—all of whom are residents of Tyler, Texas. *See*, Exhibit C.

22. Rippy also alleges that it is bringing suit on behalf of The Genecov Group, Inc., which is a Texas corporation with its principal place of business in Tyler, Smith County, Texas. *See,* Exhibit A, Plaintiff's Original Petition, ¶¶3, 5.

23. Rippy also alleges that it is bringing suit on behalf of John D. Proctor, who is an individual residing in Tyler, Smith County, Texas. *See* Exhibit A, Plaintiff's Original Petition, ¶¶3, 6.

24. Defendant Ace is a California company with its principal place of business in Pennsylvania. *See,* Exhibit A, Plaintiff's Original Petition, ¶7.

25. As alleged in Rippy's Original Petition, ASIC is incorporated in Illinois with its principal place of business in New York. *See,* Exhibit A, Plaintiff's Original Petition, ¶8.

26. In Plaintiff's Original Petition, Rippy alleges that defendant Risk Specialists is a managing general agent incorporated in the state of Massachusetts with its principal place of business in Houston, Harris County, Texas. *See,* Exhibit A, Plaintiff's Original Petition, ¶10.

27. Although Risk Specialists is incorporated in Massachusetts, its principal place of business is not in Texas. *See,* Exhibits D, E.

28. The parties, therefore, have complete diversity among themselves, as required by 28 U.S.C. § 1332(a)(1).

29. In the alternative, even if Risk Specialists were a citizen of the State of Texas, which is denied, removal is nonetheless appropriate because Risk Specialists has been improperly joined for the sole purpose of defeating removal.

### **Improper or Fraudulent Joinder**

30. Risk Specialists has been improperly or fraudulently joined by Rippy to defeat diversity jurisdiction. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 817 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993); *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002); *Smith v. Nationwide Mut. Ins. Co.*, 286 F.Supp. 2d 777, 781 (S.D. Miss. 2003); *Jones v. Nastech Pharmaceutical*, 319 F. Supp. 2d 720, 728 (S.D. Miss. 2004).

31. A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a defendant that they fraudulently allege is non-diverse; or (2) the plaintiff has not stated a claim against a defendant that they properly allege is non-diverse. *See, Int'l. Energy Ventures Mgmt., LLC v. United Energy Group, Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).

32. A non-diverse defendant is improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the non-diverse defendant. *Id.*; *see also, Smallwood v. Ill. Central R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

33. Additionally, "[t]he court may pierce the pleadings and consider summary-judgment type evidence" when analyzing a claim of fraudulent joinder. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999) (quoting *Cavallini v. State Farm Mutual Auto Insurance Co*., 44 F.3d 256, 263 (5th Cir. 1995)); *Khatib v. Ross Stores, Inc.*, No. CV H-21-2136, 2021 WL 4193192, *4 (S.D. Tex. Sept. 15, 2021); *Stegall v. Casillas*, Civil Action No. 2:16-CV-381, 2016 WL 6397668 (S.D. Tex. Oct. 28, 2016).

### **Risk Specialists' Citizenship**

34. In the present suit, Rippy's Original Petition inaccurately or fraudulently alleges the citizenship of Risk Specialists.  Although Rippy correctly alleges that Risk Specialists is a

Massachusetts corporation, it inaccurately or fraudulently alleges that Risk Specialists' principal place of business is in Texas.  *See,* Exhibit A, Plaintiff's Original Petition, ¶10.

35. In its governing documents and corporate filings, Risk Specialists lists its principal place of business as Boston, Massachusetts.  *See*, Exhibit D.

36. None of Risk Specialists' officers or directors is located in Texas.  *See*, Exhibits D, E.

37. Risk Specialists does not direct, control, or coordinate its business out of Texas.  *See*, Exhibit E.

38. Risk Specialists' principal place of business is not in Texas.

39. Because Risk Specialists is not a citizen of Texas, the false and/or fraudulent allegations of Rippy's Original Petition regarding Risk Specialists' citizenship must be disregarded for purposes of diversity and removal.

40. There is complete diversity among the parties: (1) Plaintiff Rippy is a citizen of Texas; (2) Defendant Ace is citizen of California and Pennsylvania; (3) Defendant ASIC is a resident of Illinois and New York; and (4) Defendant Risk Specialists is a citizen of Massachusetts and is not a citizen of Texas.  Thus, removal is not defeated under 28 U.S.C. § 1441(b)(2).

41. Because there is complete diversity among the parties, removal to this Court is proper.

**Rippy has no claim against Risk Specialists**

42. Further, Plaintiff's Original Petition does not state a reasonable basis for Rippy to recover against Risk Specialists, and Risk Specialists has therefore been improperly joined for the sole purpose of defeating diversity jurisdiction.

43. In its Original Petition, Rippy alleges that Risk Specialists is individually liable for any unpaid claims under the policy of insurance issued by ASIC to KOT in Louisiana.

44. Rippy makes the following allegations in its Original Petition:

43.     Defendant AIG's policy issued by Chartis Specialty Insurance Company is a surplus lines policy and Defendant AIG is an unlicensed carrier in the state of Texas and therefore an unauthorized insurer subject to regulation under the Texas Insurance Code. See *Mid-American Indemnity Insurance Co. v. King*, 22 S.W. 3d 321, 326 (Tex. 1995); *Lexington Insurance Company v. Strayhorn*, 209 S.W. 3d 83 (Tex. 2006).

44.     Both the surplus lines and unauthorized insurance statutes include among their purposes a concern that many insureds in this state hold insurance policies issued by insurers who are not authorized to do business in this state and who are not qualified as eligible surplus lines insures under Chapter 981 of Texas Insurance Code. See Texas Insurance Code §§ 101.001 (b) and 981.001 (b). Accordingly, a licensed surplus lines agent and eligible surplus lines carrier are mandatory prerequisites for issuance of all surplus lines policies covering Texas risks. Texas Insurance Code §§ 981.002 (3), 981.004 (a). Failure to meet the statutory requirements renders Defendant AIG surplus lines policy unauthorized insurance. Moreover anyone who assists in procuring unauthorized insurance is individually liable for unpaid claims under the policy. See Texas Insurance Code §§ 981.103-981.105, 981.202-981.203, 981.211, 981.213, & 981.216; §

101.201. Moreover, an unauthorized insurer cannot enforce its policies while an eligible surplus line carrier may do so except in cases of a material and intentional Texas Insurance Code violation. See Texas Insurance Code § 101.201; § 981.005. Unauthorized insurers cannot even defend themselves in Texas without filing a bond. See Texas Insurance Code §§ 101.352-101.354.

> 45.    Defendant Risk Specialist is a Houston, Texas located and domiciled managing general agent who bound and issued Chartis Specialty Insurance Company policy No. BE 130774459. Defendant Risk Specialist assisted Patrick DeWayne David and Knox Insurance Agency Group, LLC with procuring the Chartis Specialty Insurance Company policy in question to cover KOT including KOT's Texas based facilities, business, and liability risks.   On information and belief, Mr. David was not a licensed surplus lines agent in Texas and Knox Insurance Agency Group, LLC was not a licensed surplus agency in Texas and Defendant Risk Specialist did not comply with the requirements of Chapter 981 and the Texas Administrative Code Chapter 15.
>
> 46.    Accordingly, Defendant Risk Specialist is individually liable for any unpaid claims under the Chartis Specialty Insurance Company policy in question.

45. The ASIC policy was issued by ASIC, an eligible surplus lines insurer, to the Named Insured, Knight Oil Tools, Inc., in Lafayette, Louisiana, through KOT's surplus lines producing broker, Knox Insurance Group, LLC ("Knox"), also located in Lafayette, Louisiana.  *See,* Exhibits E, F, and K.  Because the ASIC policy was issued to the Named Insured in Louisiana through a Louisiana producing broker, the provisions of the Texas Insurance Code do not apply to the ASIC policy; rather, Louisiana's laws, statutes, and regulations govern the ASIC policy.

46. Under Louisiana law, Rippy has no right of action against Risk Specialists.[2]

---

[2] Rippy likewise has no right of action against Risk Specialists under Texas law. As this Court explained in *Steadfast Ins. Co. v. SMX 98, Inc.*, 2009 WL 890398 (S.D.Tex. March 30, 2009), "[u]nder § 101.201(a) of the Texas Insurance Code, an insurance contract effective in Texas and 'entered into by an unauthorized insurer is unenforceable by the insurer.' The term 'unauthorized insurer' includes a surplus lines insurer not licensed in Texas. *See Mid–American Indemnity Ins. Co. v. King,* 22 S.W.3d 321, 326 (Tex.1995). Section 101.201(a), however, does not apply to 'insurance procured by a licensed surplus lines agent from an eligible surplus lines insurer ... on which premium tax is paid.' *Id.,* § 101.201(b)." Because the ASIC policy was procured by a licensed surplus lines agent from an eligible surplus lines insurer, the exception to § 101.201(a) applies, and Rippy has no right of action against Risk Specialists under Texas law. *See*, Exhibits E, G, and H.

47. La. R.S. 22:432 provides that "[s]urplus lines insurance, as defined in R.S. 22:46, may be procured from a surplus lines insurer, as defined in R.S. 22:46, and shall be procured through a surplus lines broker.  It may be procured without regard to the availability of coverage from authorized insurers."  Pursuant to La. R.S. 22:434, "[i]nsurance contracts procured as surplus lines coverage in accordance with this Subpart shall be fully valid and enforceable as to all parties, and shall be given recognition in all matters and respects to the same effect as like contracts issued by authorized insurers."

48. As of the time of this filing and at the time the ASIC policy was issued, ASIC is and was an eligible surplus lines insurer in Louisiana.  Exhibit I

[https://www.ldi.la.gov/onlineservices/WhiteList/].

49. According to La. R.S. 22:436, the Louisiana commissioner of insurance shall maintain a list of approved unauthorized insurers from those eligible unauthorized insurers that apply for approval and satisfy the criteria established by the commissioner, and placement on the list of approved unauthorized insurers shall be prima facie evidence that an unauthorized insurer meets the requisite financial and eligibility criteria.  Because ASIC has been placed on the list of approved unauthorized insurers, the list is *prima facie* evidence that ASIC meets the requisite financial and eligibility criteria.

50. As of the time the ASIC policy was issued and as of the time of this filing, Risk Specialists was and is a registered surplus lines producer with the Louisiana Department of Insurance.  *See,* Exhibits E, J

[https://www.ldi.la.gov/onlineservices/ProducerAdjusterSearch/Results.aspx].

51. Knox was the surplus lines producing broker for KOT on the ASIC Policy.

52. At the time the ASIC policy was issued, Knox had a surplus lines license in Louisiana. *See,* Exhibit K [https://nipr.com/products-and-services/producer-database].

53. Knox engaged Risk Specialists to secure insurance in the surplus lines market on behalf of KOT. *See*, Exhibit E.

54. Knox was the entity responsible for collecting from the insured the surplus lines premium tax due on the premium for the ASIC Policy and remitting such taxes to the taxing authority in Louisiana. *See*, Exhibit E.

55. Because the ASIC policy issued to KOT was procured from an eligible surplus lines insurer (ASIC), through an eligible surplus lines producer (Risk Specialists), and through an eligible surplus lines producing broker (Knox), the ASIC policy is valid and enforceable as to all parties. Accordingly, Rippy has no claim against Risk Specialists.

56. Since Rippy has no claim against Risk Specialists, the citizenship of Risk Specialists should be disregarded for purposes of diversity and removal (to the extent this Court determines that Risk Specialists is a non-diverse party).

57. As a result, there will be complete diversity among the remaining parties: (1) Plaintiff Rippy is a citizen of Texas; (2) Defendant Ace is citizen of California and Pennsylvania; (3) Defendant ASIC is a resident of Illinois and New York; and (4) Defendant Risk Specialists is a citizen of Massachusetts, is not a citizen of Texas, and/or has been fraudulently joined. Thus, this is removal proper.

**<u>Amount in Controversy</u>**

58. The amount in controversy exceeds $75,000.

59. The judgment in the underlying lawsuit, for which Rippy seeks insurance coverage under the policies issued by Ace and ASIC, is in excess of $75,000.  *See,* Exhibit A [Plaintiff's Original Petition at Exhibit B].

**IV.**

**CONCLUSION**

60. Thus, this action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, in that all properly joined and served parties are of diverse citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**WHEREFORE**, AIG Specialty Insurance Company and Risk Specialists Companies Insurance Agency, Inc. request that this Court assume full jurisdiction over the cause herein as provided by law and that this Court dismiss the claims against Risk Specialists Companies Insurance Agency, Inc.  This Court has jurisdiction over the dispute because all properly joined parties are completely diverse, and the jurisdictional amount has been met.

<div style="margin-left:45%">

Respectfully Submitted,

*/s/ Robert I. Siegel*

ROBERT I. SIEGEL (#607556)
C.J. CHAMBERS (TX#260069)
**GIEGER, LABORDE & LAPEROUSE, LLC**
5151 San Felipe, Suite 750
Houston, TX 77056
Telephone: (823) 255-6000
Facsimile:     (823) 255-6001
Email:        rsiegel@glllaw.com
E-mail:       cchamberts@glllaw.com

And

</div>

One Shell Square, Suite 4800
701 Poydras Street
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile:      (504) 561-1011
*Counsel for: AIG Specialty Ins. Co. f/k/a Chartis Specialty Ins. Co. and Risk Specialists Companies Insurance Agency, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of January, 2022, I electronically filed **Notice of Removal** with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel for all parties to this proceeding**.**

*/s/ Robert I. Siegel*
ROBERT I. SIEGEL