UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| RIPPY OIL CO. | |
| | CIVIL ACTION |
| v. | |
| | NO.: 4:22-CV-00276 |
| ACE AMERICAN INSURANCE CO., | |
| CHARTIS SPECIALTY INSURANCE CO., | JUDGE: KENNETH M HOYT |
| RISK SPECIALISTS COMPANIES | |
| INSURANCE AGENCY, INC. | |

**MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER OR STAY AND
BRIEF IN SUPPORT FILED BY
AIG SPECIALTY INSURANCE COMPANY AND
RISK SPECIALISTS COMPANIES INSURANCE AGENCY, INC.**

ROBERT I. SIEGEL (#24054171)
C.J. CHAMBERS (TX#260069)
GIEGER, LABORDE & LAPEROUSE, LLC
5151 San Felipe, Suite 750
Houston, TX 77056
*Counsel for AIG Specialty Ins. Co. f/k/a Chartis Specialty Ins. Co.* and
*Risk Specialists Companies Insurance Agency, Inc.*

# TABLE OF CONTENTS

Table of Contents...................................................................................................................i
Table of Authorities................................................................................................................i
I. Introduction ...............................................................................................................1
II. The Underlying Lawsuit ...........................................................................................2
III. ASIC's Coverage Position ........................................................................................4
IV. The First-Filed Declaratory Judgment Action..........................................................5
V. The Second-Filed Declaratory Judgment Action .....................................................5
VI. Argument...................................................................................................................6
VII. Conclusion...............................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir.1999) ............................7, 8

*California Sec. Co-Op, Inc. v. Multimedia Cablevision, Inc.*, 897 F.Supp.316, 318 (E.D.Tex.1995) ..................................................................................................................9

*Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) .........................................................................................................6

*Igloo Products Corp. v. The Mounties, Inc.*, 735 F.Supp. 214, 217 (S.D.Tex.1990) ......................6

*Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir.2011)........................8

*Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir.1971) ..........................................8, 9

*Needbasedapps, LLC v. Robbins Rsch. Int'l, Inc.*, 926 F. Supp. 2d 907, 912–13 (W.D. Tex. 2013)..................................................................................................7

*Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir.1997) ................................7, 8

*Twin City Ins. Co. v. Key Energy Services, Inc.*, 2009 WL 1544255, *3 (S.D.Tex.2009) .............6

*W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL–CIO*, 751 F.2d 721, 728 (5th Cir.1985) .......................................................................................6, 7, 8

*Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*, 341 F.Supp.2d 639 (N.D.Tex. 2004).................7

Defendants, AIG Specialty Insurance Company ("ASIC")[1] and Risk Specialists Companies Insurance Agency, Inc. ("Risk Specialists"),[2] through undersigned counsel, respectfully move this Honorable Court to dismiss the instant suit in the interest of comity and to avoid duplicative proceedings, because an action involving substantially similar issues was first filed and is pending in the United States District Court for the Western District of Louisiana. In the alternative, ASIC and Risk Specialists move this Court to stay the instant suit pending rulings in the first-filed lawsuit or to transfer this case to the first-filed jurisdiction.

## I.
## Introduction

This action involves an insurance coverage dispute regarding the obligations of an umbrella insurer, ASIC, to provide coverage to its named insured, Knight Oil Tools, Inc. ("Knight"), for liabilities arising out of an underlying lawsuit brought by Rippy Oil Company, Inc. ("Rippy") against Knight in a separate lawsuit in Texas state court. ASIC issued multiple coverage position letters to Knight and ultimately advised Knight that, to the extent the underlying coverage was exhausted, coverage is not available under the ASIC policy, which was delivered to Knight in Louisiana.[3] To resolve the coverage dispute, ASIC filed a declaratory judgment action on December 7, 2021 in the United States District Court for the Western District of Louisiana against Knight, seeking a declaration that coverage was not available under the ASIC policy for the liabilities of Knight arising out of the underlying lawsuit. Rippy has intervened in the first-filed declaratory judgment action.

---

[1] ASIC was formerly known as Chartis Specialty Insurance Company.
[2] In its Notice of Removal, Risk Specialists asserted that the claims against it should be dismissed because Rippy Oil Company has no right of action against Risk Specialists. Risk Specialists reserves, and does not waive, any defenses available to it.
[3] Exhibits A, B, and C.

1

Despite the pendency of the first-filed declaratory judgment action in the Western District of Louisiana, on December 29, 2021, Rippy filed the instant declaratory judgment action against ASIC; Knight's primary insurer, Ace American Insurance Company ("Ace"); and Risk Specialists, a surplus lines producer. On January 27, 2022, ASIC removed the second-filed declaratory judgment action to this Court. Because the first-filed declaratory judgment action addresses the same issue as the second-filed declaratory judgment action—i.e., whether or not the ASIC policy provides coverage for Knight's liabilities arising out of the underlying lawsuit filed by Rippy—ASIC and Risk Specialists respectfully request that this Court dismiss this action in favor of the first-filed declaratory judgment action, or in the alternative, stay this action or transfer this action to the United States District Court for the Western District of Louisiana.

## II.
## The Underlying Lawsuit

On or about January 13, 2011, Rippy Oil Company; Rippy Interest LLC; The Genecov Group, Inc.; and John D. Proctor (collectively "Rippy") filed suit against Knight and Pioneer Drilling in state court in Leon County, Texas, for damages that occurred when a drill pipe broke while drilling a well. That lawsuit is captioned *Rippy Oil Co., et al. v. Knight Oil Tools, Inc., et al.*, Case No. 0-10-498 ("the Underlying Lawsuit").[4] On October 24, 2017, the United States District Court for the Western District of Louisiana lifted the automatic bankruptcy stay for the limited purpose of allowing the prosecution of the Underlying Lawsuit.[5] Pursuant to the Order of the Bankruptcy Court, Rippy was only entitled to seek recovery to the extent the claims were covered by Knight's applicable insurance policies and Knight's liability was to be limited to the

---

[4] Exhibit D. Rippy filed an amended complaint on October 26, 2016. Exhibit E.
[5] Exhibit F.

2

extent of any coverage provided by Knight's insurance policies.⁶  Upon information and belief, Knight's Chapter 11 Plan of Reorganization was confirmed on December 1, 2017; Knight was discharged from bankruptcy; and the bankruptcy proceeding terminated on June 17, 2019.

The Underlying Lawsuit is summarized in the Texas Court of Appeals opinion⁷ as follows:

> Knight [] rents drill pipe to oil companies and oil well operators for drilling oil and gas wells.  Rippy [] made plans to drill a well in the Eagle Ford Shale and contacted Knight to supply pipe for drilling the horizontal portion of the Easterling 1-H Well…Knight delivered pipe and other equipment to the Easterling 1-H Well site with a delivery ticket and sent the invoice to the main office.  The delivery ticket contained language that the pipe measurements complied with the dimensions for American Petroleum Institute (A.P.I.) premium class and/or Knight [] value.  The testimony at trial established that pipe marked with two white bands meets the standards for A.P.I. premium pipe. The pipe delivered by Knight was marked with two white bands, but the trial record shows that some of the pipe delivered did not comply with the dimensions for A.P.I. premium class pipe.
> On May 11, 2010, one of the drill pipes supplied by Knight broke while it was in the well.  The parties agreed that the pipe failure was caused by fatigue.  Rippy was not able to recover the broken pipe and the drill string beyond it and eventually had to abandon the Easterling 1-H Well.  Rippy attempted to drill an offset well, Easterling 2-H, but that effort was unsuccessful.   Rippy filed suit against Knight to recover damages for the lost well, and Knight filed a counterclaim to recover for unpaid invoices.

The Underlying Lawsuit proceeded to a jury trial on May 1, 2018.  On May 10, 2018, after the close of the evidence at trial, the jury found that Knight breached its implied warranty of fitness for a particular purpose and made a negligent misrepresentation with respect to the condition of the drill pipe.⁸  The jury found that the Well was not capable of being reproduced by drilling another well and that the reasonable and necessary costs for drilling and equipping the Well were $1.5 million.⁹  The jury also found that the fair market value of the Well before the pipe separation

---

⁶ The Order granting relief from the automatic stay specifically states that the Order does not create or permit a direct right of action by Rippy against Ace, Knight's primary insurer, that would not otherwise exist under applicable law and that the Order does not preclude or limit in any way any rights of Ace to contest and/or litigate the existence, primary, and/or scope of available coverage.
⁷ Exhibit I.
⁸ Exhibit G.
⁹ *Id.*

was $5.9 million and that the fair market value of the Well after the pipe separation was $0.[10] The jury also found that Rippy failed to pay Knight $361,356.87 in invoices.[11]

Rippy filed a Motion for Judgment, and on June 4, 2018, the court entered a Final Judgment ordering Knight to pay Rippy Oil Company $5,538,643.13, plus prejudgment interest in the amount of $2,056,885.14 through June 1, 2017 and an additional $758.72 per day until the day prior to when the final judgment was signed, with 5% interest, compounded annually, in post-judgment interest.[12]

Knight appealed the Judgment to the Court of Appeals, Tenth District of Texas, Case No. 10-18-00284-cv. The appellate court affirmed the trial court's Judgment on November 10, 2021.[13] Knight has filed an extension of time to file a petition for review with the Texas Supreme Court. (Texas Supreme Court, Case No. 21-1115).

Subsequent to the entry of the Judgment by the trial court, Rippy never sought to enforce the judgment against Knight, Ace, or ASIC. In fact, it was not until January 10, 2022, after the filing of both the first-filed and second-filed declaratory judgment actions, that Rippy first made a demand for the judgment.[14]

### III.
### ASIC's Coverage Position

ASIC issued coverage position letters to Knight on March 26, 2018;[15] August 9, 2018;[16] and February 26, 2020.[17] In each of those letters, ASIC warned Knight of significant coverage issues regarding Rippy's claims, and ASIC reserved its right to disclaim coverage. In its February

---

[10] *Id.*
[11] *Id.*
[12] Exhibit H.
[13] Exhibit I.
[14] Exhibit J.
[15] Exhibit A.
[16] Exhibit B.
[17] Exhibit C.

4

26, 2020 letter, ASIC advised Knight that if the judgment is affirmed on appeal, there would be no coverage under the ASIC policy for the judgment in favor of Rippy and against Knight.[18]

## IV.
## The First-Filed Declaratory Judgment Action

On December 7, 2021, ASIC filed a declaratory judgment action in the United States District Court for the Western District of Louisiana seeking a declaration that coverage is not available under the ASIC policy for the damages assessed against Knight in the Underlying Lawsuit ("the First-Filed Declaratory Judgment Action"). The First-Filed Declaratory Judgment action is captioned *AIG Specialty Insurance Company v. Knight Oil Tools, Inc.*, Case No. 6:21-cv-04191-RRS-CBW (U.S.D.C. W.D.La.). Knight has executed a waiver of service in the First-Filed Declaratory Judgment Action,[19] and Knight's responsive pleading is due on March 7, 2022. On January 7, 2022, Rippy moved to intervene in the First-Filed Declaratory Judgment Action, and the intervention was granted on January 18, 2022.[20]

## V.
## The Second-Filed Declaratory Judgment Action

Despite the pendency of the First-Filed Declaratory Judgment Action, on December 29, 2021, Rippy filed this suit against ASIC, Ace (Knight's primary insurer), and Risk Specialists ("the Second-Filed Declaratory Judgment").[21] Rippy alleges that it has standing to sue Ace and ASIC under the policies issued to Knight as a judgment creditor and/or as a third-party beneficiary under the policies. Rippy further alleges that Ace and ASIC have breached the contracts of insurance, and Rippy seeks a declaration of coverage under the Ace and ASIC polices. As set

---

[18] *Id.*
[19] *AIG Specialty Insurance Company v. Knight Oil Tools, Inc.*, Case No. 6:21-cv-04191-RRS-CBW (U.S.D.C. W.D.La.) (Docket No. 14).
[20] *AIG Specialty Insurance Company v. Knight Oil Tools, Inc.*, Case No. 6:21-cv-04191-RRS-CBW (U.S.D.C. W.D.La.) (Docket Nos. 4, 8, 12, 13).
[21] Rec. Doc. No. 1 at Exhibit A.

5

forth in ASIC's previously filed notice of removal, Rippy's allegations regarding Risk Specialists' citizenship are inaccurate and/or fraudulent and were calculated to defeat diversity. Although Rippy properly alleged that Risk Specialists' state of incorporation is Massachusetts, Rippy improperly alleged that Risk Specialists' principal place of business is Houston, Texas. Risk Specialists' principal place of business is not in Texas, and Risk Specialists is therefore a diverse party. Further, Rippy has no right of action against Risk Specialists and only named Risk Specialists a party to defeat diversity jurisdiction. Accordingly, Risk Specialists was fraudulently and/or improperly joined by Rippy to defeat diversity. Because the properly joined parties are diverse, ASIC filed a Notice of Removal and removed this case to this Court.

## VI.
### Argument

Because this case has been removed to federal court, the "standard for dismissal due to the pendency of a parallel federal proceeding rather than the stricter standard governing abstention due to the pendency of a related state court proceeding" governs. *Igloo Products Corp. v. The Mounties, Inc.*, 735 F.Supp. 214, 217 (S.D.Tex.1990); *Twin City Ins. Co. v. Key Energy Services, Inc.*, 2009 WL 1544255, *3 (S.D.Tex.2009). Specifically, the "first-to-file rule" controls in this situation. *Id.*

"The federal courts long have recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL–CIO*, 751 F.2d 721, 728 (5th Cir.1985) (citing *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952)). "As between federal district courts, ... the general principle is to avoid duplicative litigation." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

"The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *W. Gulf Mar. Ass'n.*, 751 F.2d at 729.  To effectuate this policy, a district court may dismiss, stay, or transfer "an action where the issues presented may be resolved in an earlier filed action pending in another district court." *W. Gulf Mar. Ass'n*, 751 F.2d at 728.  In particular, "[a] court may … in its discretion dismiss a declaratory judgment or injunctive suit if the same issue is pending in litigation elsewhere." *Id.*; *see also, Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*, 341 F.Supp.2d 639 (N.D.Tex. 2004) (under first to file rule, district court has inherent power to stay or dismiss action where issues presented can be resolved in earlier filed action pending in another federal district court).

To that end, the Fifth Circuit adheres to the "first-to-file rule," which states that "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir.1999).  This rule "maximize[s] judicial economy and minimize[s] embarrassing inconsistencies" by permitting a district court to "prophylactically refus[e] to hear a case raising issues that might substantially duplicate those raised by a case pending in another court." *Id.* at 604.  The first-to-file rule not only determines which court may decide the merits of substantially similar issues, but it also establishes which court may decide whether the second suit filed must be dismissed, stayed, or transferred and consolidated. *Needbasedapps, LLC v. Robbins Rsch. Int'l, Inc.*, 926 F. Supp. 2d 907, 912–13 (W.D. Tex. 2013).

Under Fifth Circuit precedent, "the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir.1997).  In other words,

7

"[i]n the absence of compelling circumstances the court initially seized of a controversy should be the one to decide whether it will try the case." *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir.1971).

Thus, the "crucial inquiry" for the court in which the subsequent case is filed is whether there is "substantial overlap" between the two actions. *Save Power*, 121 F.3d at 950. The rule does not require that the claims or even the parties be identical. *See, Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir.2011) ("The rule does not require the cases to be identical."); *W. Gulf Mar. Ass'n*, 751 F.2d at 731 n. 5 (noting that incomplete identity of the parties does not require the simultaneous litigation of two essentially identical actions where the parties could obtain complete relief in one forum and any missing parties could probably be joined in that action). If the two actions are likely to "overlap on the substantive issues," they should be consolidated in "the jurisdiction first seized of the issues." *Mann Mfg.*, 439 F.2d at 408 n. 6; *see also id.* ("Once the *likelihood* of substantial overlap between the two suits had been demonstrated, it was no longer up to the [court in the second-filed case] to resolve the question of whether both should be allowed to proceed;" that authority belonged to the court in the first-filed case) (emphasis added); *Cadle*, 174 F.3d at 606 ("[O]nce the district court found that the issues *might* substantially overlap, the proper course of action was for the court to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed.") (emphasis added).

Accordingly, the issue this Court must resolve is whether the First-Filed and Second-Filed Declaratory Judgment Actions involve "substantially similar issues." The answer is a resounding yes; accordingly, this Court must dismiss, stay or transfer this case in favor of the First-Filed Declaratory Judgment Action currently pending in the Western District of Louisiana.

Both the First-Filed and Second-Filed Declaratory Judgment Actions address the availability of coverage for the liabilities of Knight as determined in the Underlying Lawsuit. ASIC acknowledges that the parties to the two suits are not identical. In the First-Filed Declaratory Judgment Action, the parties are ASIC, Knight, and Rippy (as an intervenor). In the Second-Filed Declaratory Judgment Action, the parties are ASIC, Ace, and Rippy.[22] The issues presented and the demands asserted, however, are identical: a determination regarding the availability of insurance coverage for the liabilities of Knight as determined by the jury in the Underlying Litigation. As the Fifth Circuit explained in *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d at 407: In meeting the requirement that the two lawsuits involve "substantially similar" issues so as to require application of the first-to-file rule, it is enough that the "overall content of each suit is not very capable of independent development, and will be likely 'to overlap to a substantial degree.'" The cases need not be identical to be duplicative. *California Sec. Co-Op, Inc. v. Multimedia Cablevision, Inc.*, 897 F.Supp.316, 318 (E.D.Tex.1995). Indeed, in *California Sec. Co-Op*, the court held that even though the parties in the two pending federal suits were not identical, the suits were "substantially similar" because the claims were the same. Here, in the First-Filed Declaratory Judgment Action, ASIC is seeking a declaration of no coverage under its policy.[23] In addition to its policy coverage defenses, ASIC also asserts that its policy has not been triggered because the underlying primary policy issued by Ace has not been exhausted.[24] In the Second-Filed Lawsuit, Rippy claims that Ace and ASIC breached their policies of insurance and seeks a declaration of coverage under the Ace and ASIC policies.[25]

---

[22] As noted above, Defendant Risk Specialists was fraudulently and/or improperly joined.
[23] *AIG Specialty Insurance Company v. Knight Oil Tools, Inc.*, Case No. 6:21-cv-04191-RRS-CBW (U.S.D.C. W.D.La.) (Docket No. 1).
[24] *Id.*
[25] Rec. Doc. No. 1 at Exhibit A.

Because it is undisputed that there is "substantial overlap" between the two declaratory judgment actions, ASIC respectfully submits that it is incumbent upon this Court to dismiss, stay, or transfer this case in favor of the First-Filed Declaratory Judgment Action to allow the United States District Court for the Western District of Louisiana to determine whether it should maintain jurisdiction over this coverage dispute.

## VII.
## Conclusion

ASIC respectfully requests that this Honorable Court dismiss this case, or in the alternative that this Court stay this case or transfer it to the United States District Court for the Western District of Louisiana.

Respectfully Submitted,

*/s/ Robert I. Siegel*
ROBERT I. SIEGEL (#24054171)
C.J. CHAMBERS (TX#260069)
**GIEGER, LABORDE & LAPEROUSE, LLC**
5151 San Felipe, Suite 750
Houston, TX 77056
Telephone: (823) 255-6000
Facsimile:      (823) 255-6001
Email:           rsiegel@glllaw.com
E-mail:         cchambers@glllaw.com

and

One Shell Square, Suite 4800
701 Poydras Street
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile:      (504) 561-1011

*Counsel for:*
*AIG Specialty Ins. Co. f/k/a Chartis Specialty Ins. Co.* and
*Risk Specialists Companies Insurance Agency, Inc.*

10

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of February, 2022, I electronically filed the **MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER OR STAY AND BRIEF IN SUPPORT** with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel for all parties to this proceeding.

*/s/ Robert I. Siegel*
ROBERT I. SIEGEL