

**AIG Property Casualty**
PO Box 10006
Shawnee Mission, KS 66225
www.aig.com

Stephen Romano
SENIOR ANALYST
COMPLEX CASUALTY
T  212-458-5375
F  212-857-4855
stephen.romano@aig.com

March 26, 2018

**Via Email (cgriffin@knightoiltools.com) And Certified Mail-Return Receipt Requested**
Cole Griffin, Esq.
Knight Oil Tools, Inc.
2727 SE Evangeline Thruway
Lafayette, LA 70508-2205

Re:  *Rippy Oil Company, Rippy Interest LLC, The Genecov Group, Inc. and John D. Proctor v. Knight Oil Tools, Inc. and Pioneer Drilling Company*, Leon County District Court Case No.: 0-10-498
Insured:       Knight Oil Tools Inc.
Insurer:       Chartis Specialty Insurance Company
Policy No.:    BE 13074559 (3/31/2010 – 3/31/2011)
Our Claim No.: 1346620288us

Dear Mr. Griffin:

AIG Claims, Inc., a member company of AIG Property Casualty, Inc. ("AIG Claims"), is the authorized representative of Chartis Specialty Insurance Company ("Chartis"), which issued Commercial Umbrella Liability Policy number BE 13074559 effective March 31, 2010 to March 31, 2011 (the "Chartis Policy") to Knight Oil Tools Inc. ("Knight Oil").

This correspondence concerns the above-referenced lawsuit entitled *Rippy Oil Company, Rippy Interest LLC, The Genecov Group, Inc. and John D. Proctor v. Knight Oil Tools, Inc. and Pioneer Drilling Company,* currently pending in Leon County District Court, State of Texas under Case No.: 0-10-498 (the "Underlying Action").  As you probably are already aware, I am the adjuster assigned to this matter.  Please direct all correspondence relating to this matter to my attention.

We would like you to know that we appreciate and value you as a customer and are committed to working closely with you on this matter. We expect that you may have questions after reading this letter regarding our position and the practical impact of our reservation of rights.

The purpose of this letter is to advise you of our coverage position under the Chartis Policy for the claims asserted against Knight Oil in the Underlying Action.  After you have reviewed this letter, if there is additional information you would like us to consider, please forward it to me at the mailing address or email address listed above.  Also, if you have any questions about this letter, please do not hesitate to contact me.

Please be advised that we will continue our investigation with respect to coverage of the Underlying Action **subject to a full reservation of rights**.


EXHIBIT A



In considering your request for coverage, we have reviewed the insurance policy referenced above. No other policies were considered. If you assert a right to coverage under another policy issued by any other member company of AIG Claims, please submit notice pursuant to the notice provisions contained in that policy.

## FACTUAL BACKGROUND

Based on the information we have received to date, the following sets forth a summary of the allegations and other pertinent information. Plaintiff in the Underlying Action, an oil and gas exploration company, alleged that it leased drill pipe and other equipment from Knight Oil for the purpose of drilling new oil wells in the Aguila Vado Field located in Leon County, Texas. During the course of drilling a well named Easterling #1-H, it is alleged that a drill pipe separation occurred resulting in Plaintiff having to drill a separate sidetrack well out of its target zone. Plaintiff further alleged that the separation occurred because the drill pipe leased from Knight Oil was defective in that it suffered from numerous small cracks on the inside and outside surfaces and was excessively corroded. Plaintiff also claimed that the drill pipe supplied by Knight Oil failed to conform to its design and specifications as well as its represented qualities and characteristics.

Plaintiff initially commenced the Underlying Action on or about December 23, 2010. By way of an Amended Petition, Plaintiff's current causes of action against Knight Oil include: 1) negligence; 2) negligent misrepresentation; 3) strict liability/product liability; 4) breach of express warranty of goods; 5) breach of implied warranty of merchantability and fitness for a particular purpose; 6) violations of the Texas Deceptive Trade Practices Act; 7) gross negligence; 8) breach of contract; 9) fraud; and 10) aiding and abetting, civil conspiracy, concert of action, spoliation and successor liability.

## THE CHARTIS POLICY

Chartis issued Commercial Umbrella Liability policy number BE 13074559 to Knight Oil effective March 31, 2010 to March 31, 2011 with limits of $25 million each occurrence and $25 million general aggregate subject to a $10,000 each occurrence self-insured retention. The Chartis Policy sits above a primary commercial general liability policy issued by ACE American Insurance Company ("ACE") to Knight Oil effective March 31, 2010 to March 31, 2011 with limits of $1,000,000 each occurrence and $10,000,000 general aggregate. The Chartis Policy follows the terms, definitions, conditions and exclusions of the primary ACE Policy.



## CHARTIS COVERAGE POSITION

The Chartis Policy provides that Chartis will "pay on behalf of the Insured those sums in excess of the Retained Limit that the Insured becomes legally obligated to pay as damages by reason of liability imposed by law because of Bodily Injury, Property Damage … to which this insurance applies…". The Retained Limit is defined in relevant part to mean "the total applicable limits of Scheduled Underlying Insurance and any applicable Other Insurance providing coverage to the Insured." Paragraph M of "Part IV. Limits of Insurance" provides that Chartis "will not make any payment under this policy unless and until: 1. The total applicable limits of Scheduled Underlying Insurance have been exhausted by the payment of Loss to which this policy applies and any applicable, Other Insurance have been exhausted by the payment of Loss…". We currently have no information that the Retained Limit has been exhausted by payment of loss. Therefore, the Chartis Policy is not implicated by the Underlying Action at this time.

The Chartis Policy provides that Chartis will pay on the Insured's behalf those sums in excess of the "Retained Limit" that Knight Oil becomes legally obligated to pay as damages by reason of liability imposed by law because of bodily injury or property damage, only if the bodily injury or property damage is caused by an Occurrence and the bodily injury or property damage occurs during the policy period. As mentioned above, Plaintiff is alleging a number of causes of action against Knight Oil including, breach of express warranty of goods, breach of implied warranty of merchantability and fitness for a particular purpose, violations of the Texas Deceptive Trade Practices Act, breach of contract, fraud, aiding and abetting, civil conspiracy, concert of action, spoliation and successor liability.

Please be advised that claims for breach of contract, breach of warranty and declaratory relief which result in economic losses may not satisfy the definitions "property damage" caused by an "occurrence", as those terms are defined in the Chartis Policy. There would be no coverage if the claim does not involve "property damage" caused by an "occurrence". As such, Chartis reserves its rights to disclaim coverage for the allegations asserting breach of contract, breach of express warranty of goods, breach of implied warranty or merchantability and fitness for a particular purpose, fraud, violations of the Texas Deceptive Trade Practices Act, aiding and abetting, civil conspiracy, concert of action, spoliation and successor liability.

Furthermore, Plaintiff may complain of defective design and workmanship. Please be advised that a defect does not constitute "property damage." Therefore, to the extent that it is necessary to correct a defect, such correction would not be covered under the Chartis Policy.

Chartis reserves all of its rights pursuant to the terms and conditions of the above Chartis Policy, whether or not specifically mentioned herein. Nothing in this letter, nor any action taken by Chartis, shall constitute a waiver of any such right. Chartis' investigation of this matter should not be construed as a waiver of any rights Chartis may have under the Chartis Policy, the law, and in equity, including the right to disclaim coverage, in whole or in part, for this claim/suit for any reason whether or not raised in this letter.



As noted, Chartis' coverage position is based upon the information provided to it to date. We welcome you to provide any additional information you feel may be relevant to our coverage determination. If you receive additional information that you believe may affect our coverage determination, please forward that information to us as soon as possible.

If you believe there are any other insurance policies that may respond to this claim we urge you to immediately notify those insurance carriers of this claim

Should you have any questions concerning this matter, please do not hesitate to contact the undersigned.

Very truly yours,

Stephen J. Romano
Senior Analyst


cc:     **_Via Email (<u>AmyN@poirriergroup.com</u>) And Via Certified Mail – Return Receipt Requested_**
Amy V. Nunez, MBA, CISR
POIRRIER GROUP, LLC
300 Garfield Street
Lafayette, LA 70501