**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **RIPPY OIL CO.** | § | |
| | § | |
| | § | |
| | § | **Civil Case Number:** 4:22-cv-00276 |
| **v.** | § | |
| | § | **(JURY REQUESTED)** |
| **ACE AMERICAN INSURANCE CO.,** | § | |
| **CHARTIS SPECIALTY INSURANCE** | § | |
| **CO., RISK SPECIALISTS** | § | |
| **COMPANIES INS. AGENCY, INC.** | § | |
| | § | |
| | § | |
| | § | |

---

**DEFENDANT ACE AMERICAN INSURANCE COMPANY'S PARTIAL JOINDER;**
**MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER OR**
**STAY; AND INCORPORATED SUPPORTING MEMORANDUM**

---

Defendant ACE American Insurance Company ("ACE") partially joins the *Motion to Dismiss, or in the Alternative, to Transfer or Stay* ("AIG's Motion") of separate Defendants AIG Specialty Insurance Company and Risk Specialists Companies Insurance Agency, Inc. (collectively, "AIG"), and moves this Court to dismiss or stay this lawsuit or to transfer the venue to the United States District Court for the Western District of Louisiana, where a case was first filed involving common issues of law and fact to those presented herein. For support, ACE would show as follows:

**I.**

ACE hereby joins and adopts the facts and argument, and corresponding exhibits, contained in Paragraphs I, II, IV, V and VI of AIG's Motion [R. Doc. 4], concerning *Rippy Oil Co., et al. v. Knight Oil Tools, Inc., et al.*, Case No. 0-10-498 (the "Underlying Litigation"); the declaratory judgment action filed by ASIC on December 7, 2021, in the United States District

Court for the Western District of Louisiana captioned *AIG Specialty Insurance Company v. Knight Oil Tools, Inc.*, Case No. 6:21-cv-04191-RRS-CBW (the "First-Filed Declaratory Judgment Action"); and the declaratory judgment action filed by Rippy Oil on December 29, 2021, in the 133rd Judicial District Court for Harris County, Texas captioned *Rippy Oil Co. v. Ace American Insurance Co., Chartis Specialty Insurance Co., and Risk Specialists Companies Insurance Agency, Inc.*, Case No. 2021-83799 (the "Second-Filed Declaratory Judgment Action").

## II.

The First-Filed Declaratory Judgment Action was originally commenced by AIG, which sought a determination of coverage under its Commercial Umbrella Liability Policy issued to Knight Oil Tools, Inc. ("KOT"), for claims asserted in the Underlying Litigation. Because there are common questions of law or fact regarding potential coverage under ACE's own liability policy issued to KOT, General Liability Policy No. HDO G24940214 ("Policy"), ACE has sought leave to intervene as an interested party in the disposition of the First-Filed Declaratory Judgment Action. *See* Motion for Leave to file Complaint-In-Intervention and Request for Declaratory Relief ("Intervention"), attached as Exhibit 1.

## III.

The coverage issues under ACE's Policy issued to KOT, as asserted in the Intervention, apply equally to the First- and Second-Filed Declaratory Judgment Actions, and are based on similar and in some instances virtually identical exclusions, terms, and conditions as those contained in ASIC's umbrella liability policy issued to KOT.

## IV.

As expressed in AIG's Motion, the principles of comity and sound judicial administration compel observance of the "first-to-file rule." *BBC Chartering Carriers Gmbh v. Fluence Energy,*

*LLC*, 2021 U.S. Dist. LEXIS 229756 (S.D. Tex. Dec. 1, 2021) (citing *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) ("[W]hen related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap"). Factors relevant to the possibility of substantial overlap include "whether 'the core issue' in each case is the same and whether 'much of the proof adduced . . . would likely be identical.'" *Marshall v. Chevron, U.S.A.*, 2020 U.S. Dist. LEXIS 255353, at *4 (W.D. Tex. Dec. 10, 2020) (citing *Hart v. Donostia LLC*, 290 F. Supp. 3d 627, 631 (W.D. Tex. 2018) (quoting *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011)).

Here, the "core issues" in the two pending Declaratory Judgment actions, i.e, liability coverage to KOT for the Underlying Litigation, are identical. The First-Filed Declaratory Judgement Action, together with the intervention, seeks a declaration of no coverage for Rippy Oil's claims against KOT under ASIC's umbrella policy and under ACE's Policy, while the Second-Filed Declaratory Judgment Action seeks a declaration that coverage exists for Rippy Oil's claims under ASIC's umbrella policy and ACE's primary policy. *Marshall*, 2020 U.S. Dist. LEXIS 255353, at *4. Similarly, "much [if not all] of the proof [to be] adduced" in the two pending actions is also "identical," because the same set of facts apply to the claims in both Actions, and similar exclusions, terms, and conditions apply to ACE and ASIC's policies in both Actions. *Id.*

## CONCLUSION

The two Declaratory Judgment Actions simultaneously pending in the Southern District of Texas and the Western District of Louisiana involve the same core issues requiring the adducement of identical facts and proof. Accordingly, ACE partially joins in AIG's Motion and moves the Court to dismiss this suit or to transfer venue to the United States District Court for the Western District of Louisiana or to stay the suit.

Respectfully submitted,

/s/ Michael A. Varner
Michael A. Varner
Texas Bar No. 20499425
S.D. Tex. No. 15111
Brown Sims
1177 West Loop South, Tenth Floor
Houston, Texas 77027
Phone: 713.629.1580
Fax: 713.629.5027
E-Mail: mvarner@brownsims.com

**Attorney for Defendant ACE American
Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2022, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all

CM/ECF participants.

/s/ Michael A. Varner
Michael A. Varner

## CERTIFICATE OF CONFERENCE

Undersigned counsel confirms that his office has conferred with counsel and he is

informed that Plaintiff opposes the granting of this motion.

/s/ Michael A. Varner
Michael A. Varner