**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **RIPPY OIL CO.** | § | |
| | § | |
| | § | |
| | § | **Civil Case Number:** 4:22-cv-00276 |
| **v.** | § | |
| | § | **(JURY REQUESTED)** |
| **ACE AMERICAN INSURANCE CO.,** | § | |
| **CHARTIS SPECIALTY INSURANCE** | § | |
| **CO., RISK SPECIALISTS** | § | |
| **COMPANIES INS. AGENCY, INC.** | § | |
| | § | |
| | § | |
| | § | |

---

**ACE AMERICAN INSURANCE COMPANY'S**
**RULE 12 DEFENSES AND ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL**
**PETITION**

---

Defendant ACE American Insurance Company ("ACE"), generally denying that Plaintiff Rippy Oil Co. ("Rippy Oil") is entitled to the relief it requests, files its Rule 12 Defenses and Original Answer to Plaintiff's Original Petition.

### **RULE 12 DEFENSES**

ACE raises and preserves defenses under F.R.C.P. 12(b)(6) and 12(e). The Original Petition fails to state a cause of action against ACE or, alternatively, any stated cause of action is so vague or ambiguous that ACE cannot reasonably prepare a response. ACE also raises and preserves defenses under F.R.C.P. 12(b)(7) to the extent parties have not been joined under Rule 19.

### **ANSWER**

AND NOW, having raised and preserved its defenses under Rule 12, ACE answers the

Plaintiff's Original Petition on a paragraph-by-paragraph basis as follows:

ACE denies all allegations of the unnumbered prefatory paragraph of the Original

Petition due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

## I.

## **DISCOVERY PLAN**

1. The allegations of Paragraph 1 are legal conclusions to which no response is required. To the extent that a response is required, ACE denies the allegations of Paragraph 1 due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

2. The allegations of Paragraph 2 are legal conclusions to which no response is required. To the extent that a response is required, ACE denies the allegations of Paragraph 2 due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

## II.

## **PARTIES**

3. ACE denies the allegations of Paragraph 3 due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

4. ACE denies the allegations of Paragraph 4 due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

5. ACE denies the allegations of Paragraph 5 due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

6. ACE denies the allegations of Paragraph 6 due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

7. ACE admits that it is an admitted, authorized, and licensed foreign insurance company and that it issued Commercial General Liability Policy No. HDO G24942014 ("Policy") to

Named Insured Knight Oil Tools, Inc ("KOT"). The Policy is subject to the terms, conditions, and exclusions thereof. ACE affirmatively alleges that its Policy is a written document that speaks for itself. ACE denies all other allegations of Paragraph 7 due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

8.  ACE denies the allegations of Paragraph 8 due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

9.  ACE denies the allegations of Paragraph 9 due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

10. ACE denies the allegations of Paragraph 10 due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

### III.

### JURISDICTION AND VENUE

11. Paragraph 11 contains legal conclusions as well as allegations which pertain to co-defendants to which no response is required. To the extent a response is required, ACE denies the legal conclusions and allegations pertaining to co-defendants in Paragraph 11 due to lack of information or knowledge sufficient to justify a belief in the truth thereof. To the extent that the allegations of Paragraph 11 pertain to ACE, ACE admits that it is an authorized fire and casualty insurance carrier. ACE denies the remaining allegations and legal conclusions of Paragraph 11 due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

12. Paragraph 12 contains legal conclusions as well as allegations which pertain to co-defendants to which no response is required. To the extent a response is required, ACE denies the legal conclusions and allegations pertaining to co-defendants in Paragraph 12

due to lack of information or knowledge sufficient to justify a belief in the truth thereof. The allegations and legal conclusions in Paragraph 12 pertaining to ACE are denied due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

## IV.

## <u>CHOICE OF LAW</u>

13. Paragraph 13 contains legal conclusions as well as allegations which pertain to co-defendants to which no response is required. To the extent a response is required, ACE denies the legal conclusions and allegations pertaining to co-defendants in Paragraph 13 due to lack of information or knowledge sufficient to justify a belief in the truth thereof. To the extent that the allegations of Paragraph 13 pertain to ACE, ACE admits that it issued the Policy to KOT. The Policy is subject to the terms, conditions, and exclusions thereof. ACE affirmatively alleges that its Policy is a written document that speaks for itself. ACE denies the allegations of Paragraph 13 to the extent they are inconsistent with the Policy as written. ACE denies the other allegations and legal conclusions of Paragraph 13 due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

14. Paragraph 14 contains legal conclusions as well as allegations which pertain to co-defendants to which no response is required. To the extent a response is required, ACE denies the legal conclusions and allegations pertaining to co-defendants in Paragraph 14 due to lack of information or knowledge sufficient to justify a belief in the truth thereof. The allegations and legal conclusions of Paragraph 14 pertaining to ACE are denied due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

15. Paragraph 15 consists of legal conclusions to which no response is required. To the extent that a response is required, ACE denies the allegations and legal conclusions of Paragraph

15 due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

16. Paragraph 16 consists of legal conclusions to which no response is required. To the extent that a response is required, ACE denies the allegations and legal conclusions of Paragraph 16 due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

17. Paragraph 17 consists of legal conclusions to which no response is required. To the extent that a response is required, ACE denies the allegations and legal conclusions of Paragraph 17 due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

**V.**

**FACTUAL BACKGROUND**

18. ACE objects to Paragraph 18 to the extent the trial record in the underlying proceeding is the best evidence of its own contents. To the extent a response is required, the allegations of Paragraph 18 are denied due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

19. ACE objects to Paragraph 19 to the extent the trial record in the underlying proceeding is the best evidence of its own contents. To the extent a response is required, the allegations of Paragraph 19 are denied due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

20. Paragraph 20 contains legal conclusions to which no response is required. To the extent a response is required, ACE denies the legal conclusions in Paragraph 20 due to lack of information or knowledge sufficient to justify a belief in the truth thereof. ACE denies all remaining allegations of Paragraph 20 due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

21. ACE objects to Paragraph 21 to the extent the trial record in the underlying proceeding is

the best evidence of its own contents. Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is required, ACE denies the legal conclusions in Paragraph 21 due to lack of information or knowledge sufficient to justify a belief in the truth thereof. ACE denies all remaining allegations of Paragraph 21 due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

22. ACE objects to Paragraph 22 to the extent the trial record in the underlying proceeding is the best evidence of its own contents. To the extent a response is required, the allegations of Paragraph 22 are denied due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

23. ACE objects to Paragraph 23 to the extent the record in the bankruptcy proceeding is the best evidence of its own contents. To the extent a response is required, the allegations of Paragraph 23 are denied due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

24. Paragraph 24 contains allegations which pertain to a co-defendant to which no response is required. To the extent a response is required, ACE denies the allegations of Paragraph 24 pertaining to a co-defendant due to lack of information or knowledge sufficient to justify a belief in the truth thereof. ACE admits that it issued the Policy to KOT. The Policy is subject to the terms, conditions, and exclusions thereof. ACE affirmatively alleges that its Policy is a written document that speaks for itself, and ACE denies the allegations of Paragraph 24 to the extent they are inconsistent with the Policy as written. ACE denies all remaining allegations of Paragraph 24 due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

25. ACE objects to Paragraph 25 to the extent the appeal record in the underlying proceeding

is the best evidence of its own contents. Paragraph 25 contains allegations which pertain to a co-defendant to which no response is required. To the extent a response is required, ACE denies the allegations of Paragraph 25 due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

26. ACE objects to Paragraph 26 to the extent the record in the declaratory judgment proceeding is the best evidence of its own contents. Paragraph 26 contains allegations which pertain to a co-defendant to which no response is required. To the extent a response is required, ACE denies the allegations of Paragraph 26 due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

27. ACE objects to Paragraph 27 to the extent the record in the bankruptcy proceeding is the best evidence of its own contents. Paragraph 27 contains legal conclusions as well as allegations which pertain to co-defendants to which no response is required. To the extent a response is required, ACE denies the legal conclusions and allegations pertaining to co-defendants in Paragraph 27 due to lack of information or knowledge sufficient to justify a belief in the truth thereof. ACE admits that it issued the Policy to KOT. The Policy is subject to the terms, conditions, and exclusions thereof. ACE affirmatively alleges that its Policy is a written document that speaks for itself, and ACE denies the allegations of Paragraph 27 to the extent they are inconsistent with the Policy as written. ACE denies all remaining allegations and legal conclusions of Paragraph 27 due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, ACE denies the allegations and legal conclusions in Paragraph 28 due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

## VI.

## BREACH OF CONTRACT AGAINST DEFENDANTS ACE & AIG

29. In response to Paragraph 29, ACE here adopts and reasserts its corresponding objections and answers.

30. Paragraph 30 contains legal conclusions as well as allegations which pertain to co-defendants to which no response is required. To the extent a response is required, ACE denies the legal conclusions and allegations pertaining to co-defendants in Paragraph 30 due to lack of information or knowledge sufficient to justify a belief in the truth thereof. ACE denies the remaining allegations of Paragraph 30 due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

31. Paragraph 31 contains legal conclusions as well as allegations which pertain to co-defendants to which no response is required. To the extent a response is required, ACE denies the legal conclusions and allegations pertaining to co-defendants in Paragraph 31 due to lack of information or knowledge sufficient to justify a belief in the truth thereof. ACE affirmatively alleges that its Policy and notice letters are written documents that speak for themselves, and ACE denies the allegations of Paragraph 31 to the extent they are inconsistent with the Policy and notice letters as written. ACE denies all remaining legal conclusions and allegations in Paragraph 31.

32. Paragraph 32 contains legal conclusions as well as allegations which pertain to co-defendants to which no response is required. To the extent a response is required, ACE denies the legal conclusions and allegations pertaining to co-defendants in Paragraph 32 due to lack of information or knowledge sufficient to justify a belief in the truth thereof. ACE affirmatively alleges that its Policy is a written document that speaks for itself, and

ACE denies the allegations of Paragraph 32 to the extent they are inconsistent with the Policy as written. ACE denies all remaining legal conclusions and allegations in Paragraph 32.

33. Paragraph 33 contains legal conclusions as well as allegations which pertain to co-defendants to which no response is required. To the extent a response is required, ACE denies the legal conclusions and allegations pertaining to co-defendants in Paragraph 33 due to lack of information or knowledge sufficient to justify a belief in the truth thereof. ACE affirmatively alleges that its Policy is a written document that speaks for itself, and ACE denies the allegations of Paragraph 33 to the extent they are inconsistent with the Policy as written. ACE denies all remaining legal conclusions and allegations in Paragraph 33.

34. Paragraph 34 contains legal conclusions as well as allegations which pertain to co-defendants to which no response is required. To the extent a response is required, ACE denies the legal conclusions and allegations pertaining to co-defendants in Paragraph 34 due to lack of information or knowledge sufficient to justify a belief in the truth thereof. ACE affirmatively alleges that its Policy is a written document that speaks for itself, and ACE denies the allegations of Paragraph 34 to the extent they are inconsistent with the Policy as written. ACE denies the remaining allegations of Paragraph 34.

35. Paragraph 35 and subparts 35(a) and 35(b) contain legal conclusions as well as allegations which pertain to co-defendants to which no response is required. To the extent a response is required, ACE denies the legal conclusions asserted in Paragraph 35 and subparts 35(a) and 35(b) which pertain to a co-defendant due to lack of information or knowledge sufficient to justify a belief in the truth thereof. To the extent Paragraph 35 and subparts

35(a) and 35(b) pertain to the Policy, ACE affirmatively alleges that its Policy is a written document that speaks for itself, and ACE denies the allegations of Paragraph 35 and subparts 35(a) and 35(b) to the extent they are inconsistent with the Policy as written. ACE denies the remaining allegations of Paragraph 35 and subparts 35(a) and 35(b).

36. Paragraph 36 contains legal conclusions as well as allegations which pertain to co-defendants to which no response is required. To the extent a response is required, ACE denies the legal conclusions and allegations in Paragraph 36.

37. Paragraph 37 contains legal conclusions as well as allegations which pertain to co-defendants to which no response is required. To the extent a response is required, ACE denies the legal conclusions and allegations pertaining to co-defendants in Paragraph 37 due to lack of information or knowledge sufficient to justify a belief in the truth thereof. ACE denies all remaining legal conclusions and allegations in Paragraph 37.

38. Paragraph 38 contains legal conclusions as well as allegations which pertain to co-defendants to which no response is required. To the extent a response is required, ACE denies the legal conclusions and allegations pertaining to co-defendants in Paragraph 38 due to lack of information or knowledge sufficient to justify a belief in the truth thereof. ACE denies all remaining legal conclusions and allegations in Paragraph 38.

39. Paragraph 39 contains legal conclusions as well as allegations which pertain to co-defendants to which no response is required. To the extent a response is required, ACE denies the legal conclusions and allegations pertaining to co-defendants in Paragraph 39 due to lack of information or knowledge sufficient to justify a belief in the truth thereof. ACE denies all remaining legal conclusions and allegations in Paragraph 39.

**VII.**

## DAMAGES

40. Paragraph 40 contains legal conclusions as well as allegations which pertain to co-defendants to which no response is required. To the extent a response is required, ACE denies the legal conclusions and allegations pertaining to co-defendants in Paragraph 40 due to lack of information or knowledge sufficient to justify a belief in the truth thereof. ACE denies all remaining legal conclusions and allegations in Paragraph 40.

41. Paragraph 41 contains legal conclusions as well as allegations which pertain to co-defendants to which no response is required. To the extent a response is required, ACE denies the legal conclusions and allegations pertaining to co-defendants in Paragraph 41 due to lack of information or knowledge sufficient to justify a belief in the truth thereof. ACE denies all remaining legal conclusions and allegations in Paragraph 41.

## VIII.

## DEFENDANT RISK SPECIALIST IS INDIVIDUALLY LIABLE FOR UNPAID CLAIMS UNDER THE AIG POLICY

42. In response to Paragraph 42, ACE here adopts and reasserts its corresponding objections and answers.

43. Paragraph 43 contains legal conclusions as well as allegations which pertain to co-defendants to which no response is required. To the extent a response is required, ACE denies the legal conclusions and allegations pertaining to co-defendants in Paragraph 43 due to lack of information or knowledge sufficient to justify a belief in the truth thereof. ACE denies all remaining legal conclusions and allegations in Paragraph 43 due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

44. Paragraph 44 contains legal conclusions as well as allegations which pertain to co-defendants to which no response is required. To the extent a response is required, ACE

denies the legal conclusions and allegations pertaining to co-defendants in Paragraph 44 due to lack of information or knowledge sufficient to justify a belief in the truth thereof. ACE denies all remaining legal conclusions and allegations in Paragraph 44 due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

45. Paragraph 45 contains legal conclusions as well as allegations which pertain to co-defendants to which no response is required. To the extent a response is required, ACE denies the legal conclusions and allegations pertaining to co-defendants in Paragraph 45 due to lack of information or knowledge sufficient to justify a belief in the truth thereof. ACE denies all remaining legal conclusions and allegations in Paragraph 45 due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

46. Paragraph 46 contains legal conclusions as well as allegations which pertain to co-defendants to which no response is required. To the extent a response is required, ACE denies the legal conclusions and allegations pertaining to co-defendants in Paragraph 46 due to lack of information or knowledge sufficient to justify a belief in the truth thereof. ACE denies all remaining legal conclusions and allegations in Paragraph 46 due to lack of information or knowledge sufficient to justify a belief in the truth thereof.

**VIII.**

**<u>DECLARATORY JUDGMENT AGAINST DEFENDANTS</u>**

47. Paragraph 47 contains legal conclusions as well as allegations which pertain to co-defendants to which no response is required. To the extent a response is required, ACE denies the legal conclusions and allegations pertaining to co-defendants in Paragraph 47 due to lack of information or knowledge sufficient to justify a belief in the truth thereof. ACE denies all remaining legal conclusions and allegations in Paragraph 47 and requests strict proof.

48. In response to Paragraph 48, ACE here adopts and reasserts its corresponding objections and answers.

49. Paragraph 49 contains legal conclusions as well as allegations which pertain to co-defendants to which no response is required. To the extent a response is required, ACE denies the legal conclusions and allegations pertaining to co-defendants in Paragraph 49 due to lack of information or knowledge sufficient to justify a belief in the truth thereof. ACE denies all remaining legal conclusions and allegations in Paragraph 49 and requests strict proof.

50. Paragraph 50 and subparts 50(a) to 50(h) contain legal conclusions as well as allegations which pertain to co-defendants to which no response is required. To the extent a response is required, ACE denies the legal conclusions and allegations pertaining to co-defendants in Paragraph 50 and subparts 50(a) to 50(h) due to lack of information or knowledge sufficient to justify a belief in the truth thereof. ACE denies all remaining legal conclusions and allegations in Paragraph 50 and subparts 50(a) to 50(h) and requests strict proof.

51. Paragraph 51 contains legal conclusions as well as allegations which pertain to co-defendants to which no response is required. To the extent a response is required, ACE denies the legal conclusions and allegations pertaining to co-defendants in Paragraph 51 due to lack of information or knowledge sufficient to justify a belief in the truth thereof. ACE denies all remaining legal conclusions and allegations in Paragraph 51 and requests strict proof.

52. Paragraph 52 contains legal conclusions as well as allegations which pertain to co-defendants to which no response is required. To the extent a response is required, ACE denies the legal conclusions and allegations in Paragraph 52 and requests strict proof.

53. Paragraph 53 contains legal conclusions as well as allegations which pertain to co-defendants to which no response is required. To the extent a response is required, ACE denies the legal conclusions and allegations in Paragraph 53.

54. Paragraph 54 contains legal conclusions as well as allegations which pertain to co-defendants to which no response is required. To the extent a response is required, ACE denies the legal conclusions and allegations in Paragraph 54.

55. Paragraph 55 contains legal conclusions as well as allegations which pertain to co-defendants to which no response is required. To the extent a response is required, ACE denies that Plaintiff is entitled to the relief requested and denies the remaining legal conclusions and allegations in Paragraph 55, and requests strict proof.

ACE denies all allegations not heretofore specifically admitted.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

AND NOW, having responded to the allegations of Plaintiff's Original Petition, paragraph by paragraph, ACE states its additional and affirmative defenses, raised on information and belief, with investigation and discovery ongoing, in the cumulative and in the alternative, and without any representation of which party bears the requisite burden of proof, as follows:

1. Plaintiff's Original Petition fails to state a cause of action against ACE upon which relief can be granted.

2. The terms, conditions and exclusions of ACE's Policy issued to KOT are fully incorporated herein by reference.

3. The Policy is subject to a $1,000,000 per occurrence limit with a general aggregate limit of $10,000,000 and a product/completed operations aggregate limit of $2,000,000. Pursuant to Endorsement No. 2, the Policy is also subject to a $350,000 deductible subject

to allocated loss adjustment expenses.

4. There may be no coverage or coverage is excluded or limited under the Policy issued by ACE.

5. Coverage under the Policy's Coverage A (Bodily Injury and Property Damage Liability) is subject to the Policy's terms, conditions, exclusions, and endorsements.

6. In pertinent part, the Policy's insuring agreement requires "bodily injury" or "property damage" caused by an "occurrence" or "accident" in order to trigger coverage. To the extent the alleged loss fails to meet these requirements, coverage is not triggered.

7. The Policy excludes coverage for "property damage" expected or intended from the standpoint of the insured. To the extent KOT expected or intended any "property damage, coverage is excluded under the Policy.

8. Pursuant to "Exclusion M. Damage to Impaired Property or Property Not Physically Injured," the Policy excludes coverage for claims of "property damage" to "impaired property" arising out of a defect in "[KOT's] product" or of KOT's failure to perform a contract in accordance with its terms. To the extent the alleged loss meets these criteria, Exclusion M is triggered and excludes coverage.

9. By Endorsement No. 15, the ACE Policy excludes coverage for "any damages arising out of any professional services, including but not limited to . . . [a]ny accounting, architectural, or engineering service." To the extent the loss arises out of any professional services as defined, coverage is excluded under the ACE Policy.

10. By Endorsement No. 23, the ACE Policy excludes coverage arising out of the "rendering of or failure to render any professional services," including "preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders,

change orders or drawings and specifications; and … supervisory, inspection, architectural or engineering activities." To the extent the loss arises out of the rendering of or failure to render any professional services as defined, coverage is excluded under the ACE Policy.

11. ACE asserts that the foregoing policy provisions may preclude coverage, entirely or in part.

12. In addition to the foregoing provisions, ACE pleads all other conditions, terms, warranties, limits, definitions and exclusions of the Policy or contracts which may be applicable, and reserves the right to amend its Original Answer as additional and/or more specific information becomes available.

13. ACE has no liability under the Policy to the extent any purported insured voluntarily paid or assumed obligations or incurred expenses, without notice and written consent of ACE.

14. ACE may have no obligations under the Policy unless and until all relevant deductibles, self-insured retained limits, underlying insurance coverage or primary insurance coverage have been exhausted.

15. Plaintiff's claims may be barred or mitigated to the extent KOT is a party to other insurance contracts which may respond to the alleged losses and damages.

16. ACE avers that any and all decisions made regarding coverage were made legitimately, rightfully, and with reasonable cause, based upon the clear and unambiguous terms, conditions, limitations and/or exclusions set forth by the Policy.

17. ACE adopts the affirmative defenses of other defendants to the extent those defenses are not inconsistent or incompatible with ACE's defenses herein.

18. ACE affirmatively pleads and preserves the following defenses: comparative fault, failure to mitigate, intervening or superseding causes of injury, preexisting injury, prescription, peremption, preemption, failure to exhaust remedies, arbitration agreement, set-off, credit,

duress, error or mistake, estoppel, failure of consideration, rescission, fraud, illegality and all other matters constituting an affirmative defense.

19. To the extent that Texas law may be applicable, ACE asserts the exception to Section 38.006 of the Tex. Civ. Prac. & Rem. Code as a defense.

20. ACE reserves the right to plead further and in greater particularity as such may become appropriate, and as a result of additional discovery being taken in this matter.

21. The foregoing are plead cumulatively and alternatively, and without waiver.

## **PRAYER**

Defendant ACE American Insurance Company respectfully prays that Plaintiff's Original Petition be dismissed in its entirety with prejudice at Plaintiff's cost and that Plaintiff recover nothing in this suit.  Defendant additionally prays that this Honorable Court grant Defendant such other and further relief, at either law or in equity, to which Defendant may otherwise be justly entitled.

Respectfully submitted,

*/s/ Michael A. Varner*
Michael A. Varner
Texas Bar No. 20499425
S.D. Tex. No. 15111
Brown Sims
1177 West Loop South, Tenth Floor
Houston, Texas   77027
Phone: 713.629.1580
Fax: 713.629.5027
E-Mail: mvarner@brownsims.com

**Attorney for Defendant ACE American Insurance Company**

**Certificate of Service**

I hereby certify that on this 10th day of February 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Michael A. Varner*
Michael A. Varner