# EXHIBIT 2

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| **AIG SPECIALTY INSURANCE COMPANY (F/K/A CHARTIS SPECIALTY INSURANCE COMPANY)**<br>Plaintiff | * * * * * * | **CIVIL ACTION NO. 6:21-cv-04191** |
| | * * | **JUDGE ROBERT R. SUMMERHAYS** |
| **VERSUS** | * * * | |
| **KNIGHT OIL TOOLS, INC.**<br>Defendant | * * * * * | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MOTION AND INCORPORATED MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS

MAY IT PLEASE THE COURT:

Defendant, Knight Energy Services, LLC ("Knight"), incorrectly identified as Knight Oil Tools, Inc., moves this Court to dismiss the declaratory judgment action filed by AIG Specialty Insurance Company (formerly known as Chartis Specialty Insurance Company, hereinafter "AIG"), pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 12(b)(7), and this Court's discretionary authority under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, to decline jurisdiction in such cases. In the alternative, Knight respectfully requests the Court to stay this matter pending resolution of a parallel suit filed in the United States District Court for the Southern District of Texas.

I.    INTRODUCTION

This suit involves an alleged insurance coverage dispute related to a judgment entered against Knight in favor of Rippy Oil Company ("Rippy"), following a 2018 jury trial in Texas state court (the "Underlying Lawsuit").[1] More specifically, AIG's Declaratory Judgment Action (sometimes referred to as the "Louisiana Case")—filed against Knight only—seeks a judicial declaration that its commercial umbrella liability policy affords no coverage to its named insured, Knight.[2]

Currently pending before the United States District Court for the Southern District of Texas is a parallel lawsuit, styled *Rippy Oil Company vs. Ace American Insurance Company, Chartis Specialty Insurance Company n/k/a AIG Specialty Insurance Company, and Risk Specialists Companies Insurance Agency, Inc.*, Case No. 4:22-CV-00276, brought by Rippy against AIG for monetary damages and declaratory relief relating to the same coverage dispute at issue here (the "Texas Case").[3] The Texas Case is between substantially similar parties—excluding the improperly joined Knight—and is based on the same underlying facts, but involves the full scope of claims between the Parties and will provide global relief.

The Court should decline to decide this declaratory judgment action for the following reasons: (1) the Court lacks subject matter jurisdiction as AIG's claims present non-justiciable questions; (2) AIG failed to join the proper parties in order to accord them the requested relief; (3) AIG's complaint against Knight fails to state a claim upon which relief can be granted; and (4) the Court should exercise its discretion to decline to hear a pure declaratory judgment action, because

---

[1] *See* Rippy's Original and Amended Petitions, attached as exhibits to AIG's Complaint for Declaratory Judgment, at Rec. Doc. No. 1-2 and 1-3.

[2] At issue is Policy No. BE 13074559. *See* AIG Complaint, Rec. Doc. No. 1-11.

[3] *See* Rippy's Original Petition filed in the Texas Case.

this case was brought with the improper purpose of "procedural fencing" and to strip the natural plaintiff of its right to select the forum in which to prosecute its claims. By dismissing the instant action, the Court would allow the Parties' dispute to be more fully resolved in the Texas Case instead of having the Parties litigate the same issue in two different forums—one of which was simply an improper attempt by AIG at forum shopping.

As an alternative, Knight asks the Court to stay this action pending resolution of the Texas Case. Staying this action in favor of allowing the Texas Case to proceed would preserve the Parties' and the Court's resources by allowing the dispute between the Parties to be fully resolved in the chosen forum of the natural plaintiff [Rippy].

## II. PROCEDURAL AND FACTUAL BACKGROUND

The following salient procedural and background facts bear on Knight's Motion to Dismiss AIG's complaint for declaratory relief:

- **December 23, 2010**: Rippy's suit against Knight, captioned *Rippy Oil Company, Rippy Interests, LLC, The Genecov Group, Inc., and John D. Proctor vs. Knight Oil Tools, Inc., and Pioneer Drilling Company* Case No. 0-10-498, was filed in the 278th Judicial District Court District Court in Leon County, Texas.[4]

- **August 8, 2017**: while the Underlying Lawsuit was pending, Knight filed voluntary petitions under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §101, *et seq.* in the Western District of Louisiana, Lafayette division.[5] Upon the filing of the Chapter 11 petitions, an automatic stay immediately went into effect. Rippy filed a Motion for Relief from the automatic stay to proceed with the Underlying Lawsuit, which was granted by the court on October 24, 2017.[6]

- **October 24, 2017:** in deciding to modify the stay to allow Rippy to proceed against Knight, the Court ordered

---

[4] The Underlying Lawsuit is under is currently pending before the Texas Supreme Court on Knight's Petition for Review, *Knight Oil Tools, Inc. v. Rippy Oil Company, Rippy Interest LLC, The Genecov Group, Inc., and John D. Proctor*, Case No. 21-1115.

[5] *See* Voluntary Petition filed under the lead case *In re Knight Energy Holdings, LLC*, Case No. 17-51014.

[6] *See* Agreed Order Granting Relief from the Automatic Stay, signed Oct. 24, 2014.

-3-

> "...the automatic stay be and is hereby modified as to Knight Tools, LLC ... for the limited purpose of allowing the prosecution of the case captioned as *Rippy Oil Company, et al. v. Knight Oil Tools, Inc., et al.*, No. 0-10-498, pending in the 369th Judicial District Court in Leon County, Texas" and that "... Rippy Oil shall seek recovery on the claims asserted in the Proceeding solely from the applicable insurance policies of the Subject Debtor and the other non-Debtor defendants."

- **December 1, 2017:** Knight's Chapter 11 Plan of Reorganization was confirmed on, and Knight was discharged from bankruptcy.[7]

- **May 1, 2018**: the Underlying Lawsuit proceeded to trial before a Leon County jury.

- **May 10, 2018**: the Leon County jury returned a verdict in favor of Rippy against Knight.[8]

- **June 4, 2018**: the trial court judge signed the Final Judgment.[9]

Following unsuccessful post-judgment motions, Knight filed an appeal with the Tenth Court of Appeals in Waco, Texas. On appeal, the Tenth Court of Appeals affirmed the trial court's judgment. The court then granted Knight's motion for rehearing and withdrew its opinion and judgment.

- **November 10, 2021:** On rehearing, the court of appeals once again affirmed the trial court's judgment and issued a new Memorandum Opinion.[10]

- **December 7, 2021**: almost an entire month *before* the Parties' deadline for filing an appeal with the Texas Supreme Court had run, AIG filed the instant Declaratory Judgment Action against Knight only (the "Louisiana Case").[11] According to AIG's Complaint, "a real and justiciable controversy exists" between itself and Knight with respect to AIG's obligations under its excess policy.[12] The crux of AIG's coverage dispute is twofold. First, AIG argues that coverage under its policy "is not even potentially triggered" until the primary [ACE]

---

[7] *See* excerpt from Order confirming Joint Chapter 11 Plan of Reorganization as of November 29, 2017.

[8] *See* Charge of Court, attached to AIG's Complaint, at Rec. Doc. No. 1-5.

[9] *See* Final Judgment, Rec. Doc. No. 1-6.

[10] *See* Tenth Court of Appeals Memorandum Opinion, attached to AIG Complaint.

[11] *See* AIG Complaint, at Rec. Doc. 1.

[12] *See* AIG Complaint, p. 11, at ¶ 28 [Rec. Doc. 1].

policy's limits of liability are exhausted. Second, AIG asserts that several policy exclusions preclude coverage.[13]

Based on the representations of the parties to this action, it is Knight's understanding that a Rule 11 Agreement was entered into between Rippy and AIG whereby AIG would wait "for the Texas appellate courts' mandate to issue before enforcing the Final Judgment in the Underlying Tort Litigation."[14] By filing the Louisiana Case when it did, AIG blatantly violated the Rule 11 agreement made between the parties.

- **December 29, 2021**: Three weeks later, on, Rippy filed suit against Ace American Insurance Company, Chartis Specialty Insurance Company n/k/a AIG Specialty Insurance Company, and Risk Specialists Companies Insurance Agency, Inc. in the 133rd Judicial District Court of Harris County, Texas (the "Texas Case").[15] In that case, Rippy seeks recovery under the AIG insurance policy as a judgment creditor and/or third-party beneficiary.

- **January 27, 2022**: Consistent with its determination to control the forum, AIG removed Rippy's state court action to the Southern District of Texas, Houston Division under Civil Docket Case No. 4:22-CV-00276.[16] Importantly, the Texas Case presents additional issues and contains more parties and therefore encompasses a broader range of issues and claims than those presented in this declaratory judgment action.

### III. LAW AND ARGUMENT

#### D. This Court Lacks Subject Matter Jurisdiction

"When a motion to dismiss for lack of jurisdiction 'is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any

---

[13] *See* "Relief requested" in AIG Complaint, p. 17-18 [Rec. Doc. 1].

[14] *See* Rippy's Motion for Abstention and Dismissal filed in this matter. *Rippy, et al. v. ACE American, et al.* No. 21-04191 [Rec. Doc. 36-0, at pp. 6-7].

[15] *See* Cause No. 2021-83799, styled *Rippy Oil Company vs. Ace American Insurance Company, Chartis Specialty Insurance Company n/k/a AIG Specialty Insurance Company, and Risk Specialists Companies Insurance Agency, Inc.*

[16] *See* Notice of Removal filed on January 27, 2022.

attack on the merits.'"[17] "A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)."[18] Therefore, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.[19] Ultimately, "[t]he burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist."[20]

"[T]he existence of an actual controversy is an absolute predicate for declaratory judgment jurisdiction."[21] Article III of the Constitution limits federal courts' jurisdiction to certain "cases" and "controversies." Courts have "no business" deciding legal disputes or expounding on law in the absence of such a case or controversy.[22] The "case or controversy" clause of Article III of the Constitution imposes a minimal constitutional standing requirement on all litigants attempting to bring suit in federal court. In order to invoke the court's jurisdiction, the plaintiff must demonstrate, at an "irreducible minimum," that: (1) he/she has suffered a distinct and palpable injury as a result of the putatively illegal conduct of the defendant; (2) the injury is fairly traceable to the challenged conduct; and (3) it is likely to be redressed if the requested relief is granted.[23] An "actual

---

[17] *Crenshaw-Logal v. City of Abilene, Texas*, 436 Fed.Appx. 306, 308 (5th Cir. 2011) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *see also Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011); Fed.R.Civ.P. 12(h)(3)).

[18] *Wagster v. Gautreaux*, 2014 WL 3546997, at *1 (M.D. La. July 16, 2014) (quoting *Hall v. Louisiana, et al*, 974 F.Supp.2d 978, 985 (M.D. La. Sept. 30, 2013)) (citing *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992)).

[19] *Lewis v. Brown*, 2015 WL 803124, at *3 (M.D. La. Feb. 25, 2015).

[20] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted).

[21] *Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 633-34 (Fed. Cir. 1991), abrogated on other grounds by *Cardinal Chem. Co. v. Morton Int'l*, 508 U.S. 83, 95, 113 S.Ct. 1967, 124 L.Ed.2d 1 (1993).

[22] *DaimlerChrysler Corp. v. Cuno*, 547 U. S. 332, 341, 126 S. Ct. 1854, 164 L. Ed. 2d 589 (2006).

[23] *See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982); *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1979); *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 37 (1976).

controversy" must exist not only "at the time the complaint is filed," but through "all stages" of the litigation.[24] A case becomes moot—and therefore no longer a "Case" or "Controversy" for purposes of Article III—"when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."[25]

Here, there is no case or controversy with respect to Knight sufficient to justify the exercise of this Court's subject matter jurisdiction. Upon confirmation of the Joint Chapter 11 Plan of Reorganization, Knight's personal liability in connection with the Underlying Lawsuit was judicially discharged. The discharge and injunction provisions of the Bankruptcy Code granted Knight, a reorganized debtor under Chapter 11, a "fresh start" with respect to pre-petition claims such as those brought in the Underlying Lawsuit. Section 1141(d)(1) of the Bankruptcy Code, confirmation of the Joint Chapter 11 Plan of Reorganization, "discharges [Knight] from any debt that arose before the date of such confirmation."[26] In addition, Section 524(a) provides, in part, that a discharge granted in a bankruptcy case:

> (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under [Section 1141 of the Bankruptcy Code], whether or not discharge of such debt is waived; [and]

---

[24] *Alvarez v. Smith*, 558 U. S. 87, 92, 130 S. Ct. 576, 175 L. Ed. 2d 447 (2009) (internal quotation marks omitted); *Arizonans for Official English v. Arizona*, 520 U. S. 43, 67, 117 S. Ct. 1055, 137 L. Ed. 2d 170 (1997) ("To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed'" (quoting *Preiser v. Newkirk*, 422 U. S. 395, 401, 95 S. Ct. 2330, 45 L. Ed. 2d 272 (1975))).

[25] *Murphy v. Hunt*, 455 U. S. 478, 481, 102 S. Ct. 1181, 71 L. Ed. 2d 353 (1982) (per curiam) (some internal quotation marks omitted). Mootness is "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness)." *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 397, 100 S. Ct. 1202, 63 L.Ed. 2d 479 (1980). A question of mootness challenges the subject matter jurisdiction of the court and may be raised under Rule 12(b)(1).

[26] 11 U.S.C. § 1141(d)(1).

> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; . . . .[27]

AIG's pre-petition claims against Knight related to the Underlying Lawsuit, are no longer justiciable between the parties. Simply put, AIG's claims are moot as to Knight. Accordingly, AIG's complaint fails to state a claim upon which relief can be granted, and its suit against Knight should be dismissed by this Court. A moot case does not present a case or controversy and thus does not support federal court jurisdiction under Article III.[28]

A similar determination of non-justiciability was made by this Court in *Thibodeaux, et al. v. J.M. Drilling, LLC, et al.*[29] That case also involved a declaratory judgment related to insurance coverage for a judgment entered against the insured, J.M. Drilling, following a jury trial in an underlying state court suit. The insured's complaint sought a judicial determination regarding the scope of insurance coverage afforded in an excess policy issued by Rockhill, its insured's excess carrier.

After the complaint for declaratory judgment was filed, a settlement was reached with Admiral, the carrier that provided the insured's primary general liability insurance policy. In consideration of Admiral's payment, the settling parties

> [E]xecuted a Receipt, Release and Indemnity Agreement which resulted in a full release of Admiral by the Plaintiffs of any and all claims asserted in the underlying lawsuit as well as a discharge of Admiral of any and all obligations to JM Drilling under the primary

---

[27] 11 U.S.C. § 524(a).

[28] *Hat v. Landry*, No. 20-0983, at *11, 2021 WL 1823089 (W.D. La. 5/5/21) (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013)).

[29] *See Thibodeaux* Judgment, No. 6:18-cv-00501-RRS-CBW [Rec. Doc. No. 92].

>insurance policy, reserving the rights of the Plaintiffs to pursue Rockhill, the excess insurer of JM Drilling.[30]

Thereafter, Admiral filed a Motion to Dismiss with this Court on the grounds that no post-settlement case or controversy remained between itself and any other party. Rockhill opposed the motion arguing—like AIG—that coverage under its policy was not yet triggered due to some conduct by Admiral. Ultimately, this Court agreed with Admiral, concluding that:

>While Rockhill may very well be able to raise issues regarding whether liability under the excess policy has been triggered, that would not somehow reinstate liability on the part of Admiral given that both the Plaintiffs and the insured have released Admiral from liability.[31]

Accordingly, this Court granted Admiral's motion and ordered that "all claims against Admiral denied and dismissed with prejudice."[32]

### E. Plaintiffs Have Failed To Join The Required Parties.

Rule 12(b)(7) of the Federal Rules of Civil Procedure establishes that a plaintiff's claim may be dismissed for "failure to join a party under Rule 19."[33] Rule 19(a)(1)(A) states that a party is required to be joined to the litigation if, "in that [party's] absence, the court cannot accord complete relief among existing parties[.]" Fed. R. Civ. P. 19(a)(1)(A). Here, AIG failed to add Rippy—the one and only real party in interest—to its complaint for declaratory relief. As a judgment creditor and/or third-party beneficiary, Rippy is an indispensable party to this type of declaratory judgment action.[34]

---

[30] *See Thibodeaux* Judgment, at p. 2.

[31] *Id.*

[32] *Id.*

[33] Fed. R. Civ. P. 12(b)(7).

[34] *Federal Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 354 (3d Cir. 1986) (citations omitted).

Because this Court cannot accord complete relief among the parties without Rippy, the Court should dismiss this matter for failure to join necessary parties under Rule 19. "Certainly, from a pragmatic viewpoint, it is quite true that in many of the liability insurance cases, the most real dispute is between the injured third party and the insurance company, not between the injured and an oftentimes impecunious insured."[35] In terms of fairness, Rippy should be able to present its case upon the ultimate issues. Therefore, due to AIG's failure to join Rippy, a necessary party to this dispute, the Court should dismiss this matter for failure to join necessary parties under Rule 19.

### F. AIG has Failed to State a Plausible Claim for Relief

Although this Court must accept all of AIG's factual allegations as true, this Court is not required to accept any legal conclusions as true.[36] A claim will survive a motion to dismiss only if the factual allegations in the complaint are "enough to raise the right to relief above the speculative level . . . ."[37] Additionally, this Court need not accept as true any conclusory factual assertions.[38] Accordingly, to survive a motion to dismiss, Plaintiff's claims must be plausible on their face.[39] This means that Plaintiffs must plead "factual content that allows the court to draw the reasonable inference that *the defendant* is liable for the misconduct alleged."[40] Plaintiff has failed to do so here.

---

[35] *Federal Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 354-55 (3d Cir. 1986) (citations omitted).

[36] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)

[37] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 , 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

[38] *Id.*

[39] *Iqbal*, 556 U.S. at 678.

[40] *Id.* (emphasis added).

Given Knight's discharge under Chapter 11, there is no actual or threatened injury to AIG that can be redressed with a favorable judgment, against Knight, from this Court. Put differently, assuming proper injury-in-fact and traceability, if this Court were to rule in favor of AIG, the present defendant, Knight, could not act in a way that would cure AIG's alleged injuries.[41] In short, no justiciable controversy stemming from the Underlying Lawsuit exists between Knight and AIG (or between Knight and anyone else for that matter). Thus, for the same reasons AIG cannot demonstrate standing, AIG has failed to state a claim under Rule 12(b)(6).

### G. Declaratory Relief is Discretionary and Not Appropriate Here Because the AIG Complaint is the Product of Procedural Fencing

AIG brings this case under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. The Declaratory Judgment Act provides that "any court of the United States . . .may declare the rights and other legal relations of any interested party seeking such declaration . . . ."[42] The Supreme Court has held that the Act grants discretion to the courts rather than an absolute right to a litigant.[43] This Court is not required to decide this action: "[I]t is a matter for the district court's sound discretion whether to decide a declaratory judgment action."[44] The court may, therefore, choose to dismiss the case by not exercising jurisdiction over it.

At this time, the issues before the court in this declaratory judgment action have also been raised in a sister court—the United States District Court for the Southern District of Texas. When

---

[41] *See Clark v. Edwards*, 468 F.Supp.3d 725, 734–35 (M.D. La.2020)

[42] 28 U.S.C. § 2201.

[43] *Wilton v. Seven Falls Company*, 515 U.S. 277, 287-88, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995) ("By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants."); *see also Sherwin-Williams Company v. Holmes County*, 343 F.3d 383, 389 (5th Cir. 2003).

[44] *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983). In exercising its discretion here, the Court may consider a wide variety of factors, including the pendency of parallel litigation involving the substantially similar issues and parties. *See id.* at 602.

substantially related cases are pending before two federal courts, "the court initially seized of a controversy should be the one to decide whether it will try the case."[45] This is the so-called "first-to-file" rule. Under the first-to-file rule, once "substantial overlap" between two cases is shown, the court in which the case is first filed decides which of the two cases should proceed.[46]

Because AIG's declaratory judgment action was filed before Rippy filed its case in the Southern District of Texas, this court must determine which of the two cases should proceed. "In making that decision, the Fifth Circuit has outlined three issues this court must consider: (1) whether the declaratory action is justiciable; (2) whether the court has authority to grant declaratory relief; and (3) whether the court should exercise its discretion to decide or dismiss the action."[47]

### 1. Justiciability of the Action

As discussed, *supra.* in III(A), cases are justiciable if an "actual controversy" exists between the parties. In sum, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[48] For the reasons previously addressed in this memorandum, this case is not justiciable, as it does not involve an actual controversy of sufficient immediacy and reality between two parties who have adverse legal interests.

---

[45] *Mann Manufacturing, Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971).

[46] *See Mill Creek Press, Inc v. Thomas Kinkade Co.*, No. 04-1213, 2004 WL 2607987 (N.D. Tex. 11/16/04) (citing *Cadle Company v. Whataburger of Alice, Inc.*, 174 F.3d 599, 605-06 (5th Cir. 1999); *Save Power Ltd. v. Syntek Finance Corporation*, 121 F.3d 947, 950 (5th Cir. 1997)).

[47] *Mill Creek*, 2004 WL 2607987 at *5 (N.D. Tex. 11/16/04) (citing *Sherwin-Williams*, 343 F.3d at 387).

[48] *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007) (internal quotation omitted).

### 2. Authority of the District Court

Assuming for sake of argument the Court concludes that AIG's declaratory action is justiciable, the Court must then determine whether it has the authority to grant declaratory relief. The second step typically considers whether there are competing state and federal proceedings, and whether the district court is prohibited from intruding in the state action under the Anti-Injunction Act.[49] However, in this case, "where the declaratory judgment action is substantially similar to a parallel federal court action, this court will automatically have the authority to decide the suit if it has subject matter jurisdiction over the claim and there are no pending state court actions."[50] Assuming this Court finds jurisdiction over AIG's claims, this second step will be satisfied because there is a related action pending in a sister *federal* court.

### 3. Exercise of Discretion

Once a court concludes that a declaratory action is justiciable and that the court has the authority to grant relief, it must then determine whether to exercise its discretion to dismiss the action. The Fifth Circuit has identified seven "*Trejo* factors" factors for a court to consider when making this determination:

1. "whether there is a pending state action in which all the matters in the controversy may be litigated" (federalism and efficiency);

2. "whether the declaratory judgment plaintiff filed suit 'in anticipation' of a lawsuit to be filed by the declaratory judgment defendant" (fairness);

3. "whether the declaratory judgment plaintiff engaged in 'forum shopping' in bringing the [DJA]" (fairness);

4. "whether possible inequities exist in allowing the declaratory judgment plaintiff to gain precedent in time to change forums" (fairness);

---

[49] *Mill Creek*, 2004 WL 2607987 at *5 (N.D. Tex. 11/16/04) (citing *Sherwin-Williams*, 343 F.3d at 388 n.1).

[50] *Id.* at 387-88.

5. "whether the federal court is a convenient forum for the parties and witnesses" (efficiency);

6. "whether retaining the lawsuit would serve judicial economy" (efficiency); and

7. "whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending" (federalism).[51]

While this list is not exhaustive and other factors may be considered, a court is required to analyze and balance the facts and circumstances of the instant litigation against these factors, or it will be deemed to have abused its discretion.[52] Here, all three aspects of the *Trejo* factors—federalism, fairness, and efficiency—weigh against this Court exercising its jurisdiction over this declaratory judgment case.

### a. Federalism and Comity

The first and seventh factors typically address the proper allocation of decision-making between state and federal courts. That said, the fact that there is a pending parallel federal action in this case should be considered.[53]

With respect to the first factor, there is no pending state action, however, there is a parallel federal court action which was filed in the Southern District of Texas. "This factor militates toward

---

[51] *Sherwin-Williams*, 343 F.3d at 390-392 (quoting *St. Paul Insurance Company v. Trejo*, 39 F.3d 585, 590-91 (5th Cir.1994)). *See also, Am. Employers' Ins. Co. v. Eagle Inc.*, No. 03-31129, 2004 WL 2790622, at *2 (5th Cir. 12/6/04); *Aetna U.S. Healthcare of North Texas Inc. v. Durboraw*, No. 00-2740, 2001 WL 540078, at * 1 (N.D. Tex. May 17, 2001).

[52] *See Mill Creek*, 2004 WL 2607987 at *6 (N.D. Tex. 11/16/04) (citing *Vulcan Materials Company v. City of Tehuacana*, 238 F.3d 382, 390 (5th Cir.2001); *Trejo*, 39 F.3d at 591).

[53] *See e.g., Canatxx Gas Storage Ltd. v. Silverhawk Capital Partners, LLC*, No. H-06-1330, 2006 WL 1984627, at * 5 (S.D. Tex. 7/14/06); *Watkins Strategy & Res. Grp., LLC*, 433 F. Supp. 2d 778, 782 (S.D. Miss. 2006); *see also Chapa v. Mitchell*, No. 05-769, 2005 WL 2978396, at * 3 (W.D. Tex. 11/4/05) (considering effect of parallel federal claim); *Lamonda v. Securities & Exch. Comm'n*, No. 3:10-CV-1190-P, 2011 WL 5080365, at * 6 (N.D. Tex. Sept. 22, 2011) (same), adopted by, 2011 WL 5101504, at *1 (N.D. Tex. Oct. 26, 2011).

dismissing the action because there is an identical suit pending. It would be redundant for the Court to allow both to proceed, in light of the similarity of facts, parties, and law."[54]

As there is no pending parallel state action, the Court need not address the seventh *Trejo* factor related to a state judicial decree. Accordingly, this factor is neutral.

### b. Fairness

This action was initiated by AIG in a "race to the courthouse" fashion to strip Rippy—the natural plaintiff and only real party in interest in this dispute—of its right to choose the forum to litigate its claims. Based on the timing of AIG's suit and its violation of a Rule 11 Agreement in place with Rippy, it is readily apparent that AIG has engaged in improper forum shopping by filing a classic "anticipatory" lawsuit. Accordingly, the second, third, and fourth *Trejo* factors, which analyze whether the plaintiff is utilizing the declaratory judgment process to gain access to a federal forum on improper or unfair grounds, all weigh in favor of this Court dismissing this action.[55]

On the other hand, AIG will presumably, argue that the Texas Case should be dismissed because this lawsuit was filed first.[56] Again, the first-filed rule usually applies once it is shown that there is substantial overlap between two pending parallel cases in federal court. In this case, it is undisputed that "substantial overlap" exists between this suit, filed by AIG, and the Texas Case, brought by Rippy in the Southern District of Texas.[57] Applying the first-filed rule to this case, the

---

[54] *Pertuit v. Youthspan, Inc.*, No. 02-1188, 2003 WL 356021, at *5 (E.D. La. 2/13/03).

[55] *Sherwin-Williams*, 343 F.3d at 392.

[56] *See* Motion to Dismiss, or in the Alternative, to Transfer or Stay, filed by AIG and Risk in the Texas Case, Case No. 4:22-CV-00276, Rec. Doc. No. 4, at pp. 8-9.

[57] *See* Motion to Dismiss, or in the Alternative, to Transfer or Stay, filed by AIG and Risk in the Texas Case, at pp. 8-9 [Rec. Doc. No. 4].

Texas Court should decide whether substantial overlap exists, and this Court should decide which of the two cases should proceed.[58]

While plaintiff is correct that the first-filed rule generally applies, courts recognize multiple exceptions to the rule; particularly, when there are compelling reasons to do so.[59]

> Courts in the Fifth Circuit have identified three compelling circumstances under which the first-to-file rule is not applicable, even if there is a substantial overlap of core issues or proof that would be adduced. First, the rule is disregarded under a "bad faith" exception when "a party engage[s] in bad faith conduct, by inducing an opposing party to delay filing of a lawsuit, so that he [may] file a preemptive lawsuit." Second, the rule is disregarded under an "anticipatory filing" exception when "a party files a declaratory judgment action in anticipation of a suit by its adversary, which can create an opportunity for forum-shopping." Third, the rule is disregarded under a "forum selection clause" exception when such a clause is found to be valid and enforceable because to do otherwise "would encourage parties to rush to the courthouse to file lawsuits for the purpose of circumventing their agreed-upon promises."[60]

After more than a decade of litigating in a Texas state court, AIG filed this lawsuit just days after the appellate court rendered its final opinion. In fact, pursuant to Tex. R. App. P. 53.7, thirty days remained before the parties' deadline to file an appeal with the Texas Supreme Court. The facts of this case and timing of this suit suggest AIG brought this action for improper purposes,

---

[58] *See 909 Corp. v. Vill. of Bolingbrook Police Pension Fund*, 741 F. Supp. 1290, 1292 (S.D. Tex. 1990).

[59] *See, e.g., United States for Use & Benefit of Nottingham Construction Co., L.L.C. v. Fluor Enters., Inc., et al.*, No. 07-121-JJB-DLD, 2007 WL 9706714, at *3 (M.D. La. 6/26/07). *See also, Pertuit v. Youthspan, Inc.*, Nos. 02-1188-8, 02-3443, 2003 WL 356021, at *3 (E.D. La. 2/13/03) (first-file suit solely for declaratory judgment filed while negotiations between the parties were ongoing was an improper anticipatory filing and the court refused to apply the first-filed rule) (citing *Pacific Employer's Ins. Co. v. M/V Capt. W.D. Cargill*, 751 F.2d 801 (5th Cir. 1985)); *see also Johnson Bros. Corp. v. Int'l Broth. of Painters*, 861 F. Supp. 28, 29 (M.D. La. 1994) (explaining that the first-filed rule "is not adhered to where compelling circumstances dictate that the first action be dismissed rather than the second one" and that "[c]ompelling circumstances exist when a declaratory action is filed in anticipation of another lawsuit in order to secure a more favorable forum"); *Stack v. Whitney Nat'l Bank*, 789 F. Supp. 753, 754 (S.D. Miss. 1991) (same), *aff'd*, 958 F.2d 1078.

[60] *Cormeum Lab Servs., LLC v. Coastal Labs., Inc.*, No. 20-2196, 2021 WL 5405219, at *3 (E.D. La. Jan. 15, 2021) (citations omitted).

such as to "race to res judicata," forum-shopping and or in search of a more favorable law.[61] Moreover, this is not a case where AIG was faced with multiple state court actions such that a declaratory judgment by one federal district court would provide a more efficient resolution to the various claims.[62]

### c. Efficiency

The fifth and sixth factors consider the convenience of the forum, including concerns of convenience for the parties and potential witnesses. Based on Rippy's Affidavit of Mike Morris, the convenience of the parties and especially the witnesses weigh in favor of dismissal of this case.[63]

### H. In the Alternative, this Court Should Stay this Matter Pending Resolution of the Texas Case

Based on the facts of this case, the application of the *Trejo* factors, exceptions to the first-filed rule, and relevant jurisprudence, this Court should dismiss AIG's complaint against Knight. However, should this Court decide to exercise its discretion and not dismiss this case, Knight respectfully requests that this matter is stayed, pending resolution of the parallel Texas case.

### IV. CONCLUSION

The Court should dismiss this action in full or, in the alternative, stay this action pending resolution of the Texas Lawsuit. Permitting this action to proceed will only reward anticipatory litigation and penalize parties for attempting to resolve their disputes without resort to the courts.

---

[61] *See Sherwin-Williams*, 343 F.3d at 399. *See also Aries Marine Corp. v. Lolly*, No. 05-1883, 2006 U.S. Dist. LEXIS 13382, 2006 WL 681184, at *3 (W.D. La. Mar. 15, 2006) (Melancon, J.) (*citing Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966); *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989)). *Nat'l Cas. Co. v. Tom's Welding, Inc.*, 2012 U.S. Dist. LEXIS 78961, *18-19, 2012 WL 2064451.

[62] See id. (citing *Travelers*, 996 F. 2d at 777).

[63] *See* Rippy's Affidavit of Mike Morris, attached as an exhibit to Rippy's Motion for Abstention and Dismissal filed in this matter. *Rippy, et al. v. ACE American, et al.* No. 21-04191 [Rec. Doc. 36-5].

For the reasons stated herein, Defendant, Knight Oil Tools, Inc., respectfully requests that the Court grant its Motion to Dismiss or, In the Alternative, to Stay Proceedings.

Respectfully submitted by:

s/Vanessa W. Anseman
Vanessa W. Anseman (Bar No. 28795)
LISKOW & LEWIS
822 Harding Street
Lafayette, Louisiana 70503
Telephone: 337.232.7424
Facsimile: 337.267.2699
Email: vanseman@liskow.com

**Attorney for Knight Oil Tools, Inc.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 21 day of March, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service. I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first-class postage prepaid.

/s/ Vanessa W. Anseman
Vanessa W. Anseman