IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISON

| | | |
|---|---|---|
| RIPPY OIL COMPANY | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CA No. 4:22-cv-00276 |
| | § | |
| ACE AMERICAN INSURANCE COMPANY, | § | |
| CHARTIS SPECIALTY INSURANCE | § | |
| COMPANY N/K/A AIG INSURANCE | § | |
| COMPANY, SPECIALTY INSURANCE | § | |
| COMPANY, AND RISK SPECIALISTS | § | |
| COMPANIES INSURANCE AGENCY, INC. | § | (JURY DEMANDED) |
| *Defendant.* | § | |

## PLAINTIFF RIPPY OIL COMPANY'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER OR STAY

MICHAEL P. MORRIS (#14495800)
Taylor, Book, Allen & Morris, L.L.P.
1221 McKinney, Suite 4300
Houston, Texas 77010
(713) 222-9542
(713) 655-7727 - Fax
mmorris@taylorbook.com

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................i
INDEX OF AUTHORITIES ......................................................................................................ii
I.     STATEMENT OF THE STAGE AND NATURE OF THE CASE ..................................1
II.    STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT ..........................2

a.    FIRST ISSUE:   The preliminary question for the Court is whether a party can compel dismissal, transfer, or stay under the First-to-File Rule even when 28 U.S.C. § 1404(a)'s threshold conditions are not met. ..........................................................................................................................2

b.    SECOND ISSUE:  If Plaintiff Rippy Oil's breach of contract and declaratory judgment action pending in the Southern District of Texas, Houston Division ("Texas Case") "might have been brought" against Defendants AIG, Risk Specialists and ACE in the Western District of Louisiana, Lafayette Division ("Louisiana Case") is there "substantial overlap" between the Texas Case and the Louisiana Case sufficient to invoke the First-to-File Rule. .......................................................................................2

c.    THIRD ISSUE:   If the Texas Case and Louisiana Case substantially overlap, are there "compelling circumstances" under which the First-to-File Rule is not applicableIII. ..................................2

d.    FOURTH ISSUE:   If "compelling circumstances" do not exist, does analysis of the Volkswagon private and public interest factors preclude transfer to Louisiana Case and favor the Texas Case proceeding to judgment. .................................................................................................2

III.   STANDARD REVIEW .................................................................................................2
IV.  SUMMARY OF ARGUMENT ....................................................................................3
V.   AGRUMENT AND AUTHORITIES ..........................................................................3
    A.  FIRST ISSUE: THE FIRST-TO-FILE RULE DOES NOT DISPLACE § 1404(A)'S THRESHOLD INQUIRY .........................................................................................3

    B.  SECOND ISSUE: THERE IS NOT SUFFICIENT OVERLAP BETWEEN THE LOUISIANA CASE AND THE TEXAS CASE TO INVOKE THE FIRST-TO-FILE RULE. ..................................8

    C.  THIRD ISSUE: THIS COURT SHOULD EXERCISE ITS DISCRETION AND DECLINE APPLICATION OF THE FIRST-TO-FILE RULE IN LIGHT OF "COMPELLING CIRCUMSTANCES" IN THIS CASE ..................................13

    D.  FOURTH ISSUE: A BALANCE OF THE VOLKSWAGEN PRIVATE AND PUBLIC FACTORS WEIGH HEAVILY IN FAVOR OF MAINTAINING THIS SUIT IN THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION. ..........................17

VI.  FACTUAL BACKGROUND..........................................................................................21
VII.  INTERESTED PARTIES AND WITNESSES IN UNDERLYING TORT LITIGATION. ...........24
VIII.  CONCLUSION AND PRAYER.....................................................................................28

**APPENDIX**

1.    Affidavit of James R. Rippy and attached Exhibits 1 - 3.

2.    Affidavit of Michael Patrick Morris and attached Exhibits A through Z, AA, AB, AC, AD, and AE.

INDEX OF AUTHORITIES

## Cases

*909 Corporation v. Village of Boling Brook Police Pension Fund*, 741 F. Sup. 1290, 1292 (S. D. Tex. 1990)...............15
*Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661 (5th Cir. 1967) ...............13, 16
*Atlantic Marine Const. v. U. S. Dist. Court*, 571 U.S. 49, 134 S.Ct. 568, 107 L. Ed. 2d 487 (2013) ...............13
*Bindczyck v. Finucane*, 342 U.S. 76, 82, 72 S. Ct. 130, 96 L.Ed. 100 (1951) ...............6
*Burlington N. & Santa Fe Ry. Co. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, 334 S.W. 3d 217, 219 (Tex. 2011)...............12
*Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) ...............5, 8, 9
*Chapa v. Mitchell*, 2005 WL 2978396 at *2 (W.D. Tex. Nov. 4, 2005) ...............13
*D. R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co.*, 300 S.W. 3d 740, 743 (Tex. 2009)...............12
*Dixie Electric, LLC v. Jarwin*, 2017 WL 4727481 at *7 (W.D. Tex. June 20, 2017) ...............14
*Excel Music, Inc. v. Simone*, 1996 WL 5708 (E.D. La. Jan. 5, 1996)...............16
*Falk v. Marsh, Inc.*, 2012 WL 13001817 at *6 (E.D. La. July 9, 2012)...............14
*Phan-San Juan–Alamo Independent School Dist. v. Texas Political Subdivisions Property/Casualty*, No. 20 – 0033, --S.W.3d ---, 2022 WL ___ (Tex. Feb. 11, 2022)...............11
*Florida Marine Transporters v. Lanison & Lanison Towing Co., Inc.*, 2001 WL 1018364 (E.D. La. Aug. 31, 2001)...............16
*Guide One Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 1006) ...............11
*In re Bozic*, 888 F.3d 1047, 1054 (9th Cir. 2018)...............5
*In re Genentech, Inc.*, 566 F.3d 1338, 1343 (5th Cir. 2009)...............18
*In re Juniper Networks, Inc.*, 14 F. 4th 1313, 1318 (5th Cir. 2021)...............3
*In re Nitro Fluids, LLC*, 978 F. 3d 1308 (5th Cir. 2020)...............13, 16
*In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013)...............17
*In re SK hynix Inc.*, 847 Fed. Appx. 847, 853-854 (5th Cir. 2021) ...............5
*In re Toyota Hybrid Brake Litigation*, 2020 WL 61616495 at *7 (E.D. Tex. Oct. 21, 2020)...............13
*In re TS Tech. USA Corp.*, 551 F.3d 1315, 1319 (5th Cir. 2008)...............3
*In re Volkswagon, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008)...............4, 17, 19
*In re Volkswagon, AG*, 371 F.3d 201,(5th Cir. 2004)...............17
*Int'l. Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d. 751, 758 (5th Cir. 2011) ...............9
*Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83 (Tex. 2006) ...............7, 20
*Loya Ins. Co. v. Avalos*, 610 S.W.3d 878, 879 (Tex. 2020)...............11
*Mann Mfg., Inc.*, 439 F.2d. at 407 ...............9, 13
*Mid-American Indemnity Ins. Co. v. King*, 22 S.W.3d 321, 326 (Tex. 1995)...............7
*Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599 (5th Cir. 1983)...............16
*Mission Insurance Company v. Puritan Fashions Corporation*, 706 F. 2d 599, 601-602 (5th Cir. 1983)....15
*Monroe Guaranty Ins. Co. v. Bitco*, No. 21-0232, --- S.W.3d ---, 2022 WL ___ (Tex. Feb. 11, 2022)...............11
*Nitride Semiconductors Co., Ltd. v. Lite-On Technology Corp.*, 2022 WL 358164 at *2 (W.D. Tex. Feb. 7, 2022)...............4
*Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S. Ct. 544, 99 L. Ed. 789 (1955) ...............5
*Pacific Emp. Ins. Co. v. M/V Capt. W.D. Cargill*, 751 F.2d 801 (5th Cir. 1985)...............16
*Pennsylvania General Insurance Company v. Caremark PCS*, No. Civ. A. 3:05-CV-0844-G, 2005 W.L. 2041969, at *5-6 (N. D. Tex. Aug. 24, 2005)...............16
*Peyman v. Optobionics Merger Corp.*, 2003 WL 193443 (E.D. La. Jan 23, 2003)...............16
*Quest Net Tech. Corp. v. Apple, Inc.*, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019) ...............4
*Save Power, Ltd. v. Syntek Fin. Corp.*, 121 F.3d. 947, 950 (5th Cir. 1997) ...............9
*Scottsdale Ins. Co. v. Nat'l. Emergency Services, Inc.*, 175 S.W.3d 284, 292 (Tex. App.—Houston [1st Dist.] 2004, no pet.)...............20
*Sports Innovations, Inc. v. Specialized Bicycle Components, Inc.*, 2001 WL 406264 (E.D. La. April 18, 2001)...............16
*State of Louisiana v. Biden*, 538 F. Supp. 3d 649 (W.D. La. 2021)...............13
*Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108, S. St. 2239, 101 L. Ed. 2d 22 (1988) ...............4
*Texas Instruments, Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E. D. Tex. 1993)...............14
*True View VIE Surgery Str.1, L.P. v. Goodman Glob. Holdings, Inc.*, 216 WL 755494, at *6 (S.D. Tex.

FEB. 24, 2016) ...................................................................................................................13

*VAN DUSEN V. BARRACK*, 376 U.S. 612, 616, 84 S. CT. 805, 11 L. ED. 2D 945 (1964) ....................5

*W. GULF MAR. ASS'N. V. ILA DEEP SEA LOC. 24, S. ATL. & GULF COAST DIST. OF ILA, AFL-CIO*, 571 F.2D 741, 729 (5TH CIR. 1985) ..........................................................................................................8

*WAGUESPACK V. MEDTRONIC, INC.*, 185 F. Supp.3d 916, 923 (M.D. La. 2016) ...............................16

## Statutes

28 § 1391(A)(1) .................................................................................................................6
28 U.S. § 1404(A) .............................................................................................................3
28 U.S.C. § 1391(A)(2) .....................................................................................................28
28 U.S.C. § 1391(C) ..........................................................................................................6
28 U.S.C. § 1404(a) .......................................................................................................2, 3
28 U.S.C. § 1406(A) .........................................................................................................29
28 U.S.C. § 1406(A), (B) ..................................................................................................27
28 U.S.C. § 1446(A) .........................................................................................................30
FED. R. CIV. P. 45(C)(3) ...................................................................................................18
FED. R. CIV. P. 45(C)(3)(A)(II) .........................................................................................18
SECTION 1391(B) ...............................................................................................................6
SECTION 15.002(A)(3) OF THE TEXAS CIVIL PRACTICE & REMEDIES CODE ........................29
U.S.C. § 1391(A) ..............................................................................................................6
U.S.C. § 1391(C)(2) ..........................................................................................................7

## Other Authorities

TEXAS INSURANCE CODE § 101.201 ....................................................................................20
TEXAS INSURANCE CODE §§ 101.01(B) AND 981.001(B) ........................................................7
TEXAS INSURANCE CODE §§ 981.002(3), 981.004(A) .............................................................7
TEXAS INSURANCE CODE §§ 981.03-981.05, 981.202-981.203, 981.211, 981.213, & 981.216 ....8
TEXAS INSURANCE CODE §§ 981.03-981.05, 981.202-981.203, 981.211, 981.213, & 981.216; AND 101.201 ....8
TEXAS INSURANCE CODE ARTICLE 21.42 ...........................................................................20
**Texas Rule of Civil Procedure Rule 11** ........................................................................2

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

RIPPY OIL COMPANY ("Rippy Oil"), files this Response in Opposition to Defendant, AIG Specialty Insurance Company (f/k/a Chartis Specialty Insurance Company) ("AIG"), and Risk Specialists Companies Insurance Agency, Inc.'s ("Risk Specialist") Motion to Dismiss, or in the Alternative, to Transfer or Stay and Brief in Support (Doc. 4) and Defendant ACE American Insurance Company's ("ACE") Partial Joinder (Doc. 8), and requests the court to deny the Motion to Dismiss, or in the alternative, to Transfer or Stay and in support would show the Court as follows:

## I.    STATEMENT OF THE STAGE AND NATURE OF THE CASE

1.     Plaintiff Rippy Oil filed the First Filed Coverage Litigation against ACE, AIG and Risk Specialists in the 133rd Judicial District Court for Harris County, Texas on December 29, 2021 under Cause No. 2021-83799 styled Rippy Oil Company v. ACE American Insurance Company, Chartis Specialty Insurance Company n/k/a AIG Specialty Insurance Company, and Risk Specialists Companies Insurance Agency, Inc. seeking to satisfy a judgment rendered in an underlying Texas State Court in favor of Plaintiff Rippy Oil against Knight Oil Tools, Inc. (Doc. 1).  AIG and Risk Specialists removed this state court breach of contract and request for declaratory judgment case, with written consent of ACE, to the Southern District of Texas, Houston Division.  (Doc. 1).  Despite the fact that this is the First Filed Coverage Litigation between Plaintiff Rippy Oil and Defendants ACE, AIG, and Risk Specialists, AIG and Risk Specialists filed a Motion to Dismiss, or in the alternative, to Transfer or Stay pursuant to the First-to-File Rule arguing that this case should be dismissed, stayed or transferred in light of an earlier filed declaratory judgment action against KOT only.  (Doc. 4).  ACE partially joined in the Motion to Dismiss, or in the alternative, to Transfer or Stay (Doc. 8).  Plaintiff Rippy Oil

1

opposes the Motion and Joinder and requests the Court to enter an Order denying same.   On February 3, 2022, the Court entered an Order for an Initial Pre-Trial and Scheduling Conference by Telephone for May 26, 2022 (Doc. 5).   There are currently no other Court ordered deadlines.

## II.   STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT

2.      The Statements of Issues that are before the Court are as follows:

a.      **FIRST ISSUE**:    The preliminary question for the Court is whether a party can compel dismissal, transfer, or stay under the First-to-File Rule even when 28 U.S.C. § 1404(a)'s threshold conditions are not met.

b.      **SECOND ISSUE**:  If Plaintiff Rippy Oil's breach of contract and declaratory judgment action pending in the Southern District of Texas, Houston Division ("Texas Case") "might have been brought" against Defendants AIG, Risk Specialists and ACE in the Western District of Louisiana, Lafayette Division ("Louisiana Case") is there "substantial overlap" between the Texas Case and the Louisiana Case sufficient to invoke the First-to-File Rule.

c.      **THIRD ISSUE**:    If the Texas Case and Louisiana Case substantially overlap, are there "compelling circumstances" under which the First-to-File Rule is not applicable.

d.      **FOURTH ISSUE**:   If "compelling circumstances" do not exist, does analysis of the *Volkswagon* private and public interest factors preclude transfer to Louisiana Case and favor the Texas Case proceeding to judgment.

## III.   STANDARD REVIEW

3.      Motions to Transfer under 28 U.S.C. § 1404(a), whether based upon the First-to-File Rule or § 1404(a) factors are governed by the law of the Fifth Circuit.   *In re: TS Tech. USA Corp.*, 551 F.3d 1315, 1319 (5th Cir. 2008).   A district court generally enjoys broad discretion in making the transfer determination.   *In re: Juniper Networks, Inc.*, 14 F. 4th 1313, 1318 (5th Cir.

2021).  A district court's decision to deny dismissal, transfer, or stay is reviewed for abuse of discretion.  Id.

## IV.    SUMMARY OF ARGUMENT

4.      The First-to-File Rule does not displace Section 1404(a)'s threshold inquiry.  Therefore, AIG, Risk Specialists, and ACE must show that this Texas Case "might have been brought" in the Western District of Louisiana, Lafayette Division.  Because the case brought by Plaintiff Rippy Oil could not have been brought in the Western District of Louisiana, Lafayette Division, AIG, Risk Specialists, and ACE cannot compel dismissal, transfer, or stay under the First-to-File Rule.  Moreover, even if the Court decides to address the First-to-File Rule, there is not sufficient overlap between the Louisiana Case and the Texas Case to invoke that rule.  Additionally, this Court should exercise its discretion and decline application of the First-to-File Rule in light of "compelling circumstances" in this case.  Finally, the overwhelming balance of the *Volkswagon* Private and Public factors favor the Southern District of Texas, Houston Division and support another "compelling circumstances" exception to the First –to-File Rule that precludes dismissal, transfer, or stay.

## V.     AGRUMENT AND AUTHORITIES

### A.     FIRST ISSUE: THE FIRST-TO-FILE RULE DOES NOT DISPLACE § 1404(A)'S THRESHOLD INQUIRY

5.      Congress has authorized district courts to transfer civil actions "[f]or the convenience of parties and witnesses, [and] in the interest of justice.  Specifically, 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, … a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  *Id*. "Section 1404(a) is intended to

place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108, S. Ct. 2239, 101 L. Ed. 2d 22 (1988).1  The preliminary question is therefore, whether under Section 1404(a), a civil action "might have been brought "in the transfer destination venue": here the Western District of Louisiana, Lafayette Division.  *In re: Volkswagon, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008)(hereinafter "*Volkswagon II*").

6.     The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *Volkswagon II*, 545 F. 3d. at 314.  The burden that a movant must carry is not that the alternative venue is more convenient, but that it is clearly more convenient. Id. at 314-15.  Although the Plaintiff's choice of forum is not a separate factor entitled to special weight, respect for the Plaintiff Rippy Oil's choice of venue (here Houston, Harris County, Texas) is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee venue is "clearly more convenient" than the venue in which the case was filed.   *Id*.  While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, least the standard have no real or practical meaning." *Quest Net Tech. Corp. v. Apple, Inc.*, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019); *Nitride Semiconductors Co., Ltd. v. Lite-On Technology Corp.*, 2022 WL 358164 at *2 (W.D. Tex. Feb. 7, 2022).

7.     Therefore, AIG, Risk Specialists, and ACE must show that this Texas Case "might have been brought" in the Western District of Louisiana, Lafayette Division.  If this case

---

1  Plaintiff Rippy Oil does not consent to Dismissal or in the alternative Stay or Transfer of this case to the Western District of Louisiana, Lafayette Division, and has intervened in the Louisiana Federal Court case to assert a  Motion for Abstention and to Dismiss Complaint for Declaratory Judgment, or in the alternative, Stay or Transfer to (R. Docs. 12, 36, 36-1) this Court.   Defendant KOT in that case has recently asked the Louisiana Federal Court to dismiss or stay.  (Morris Aff. p. 11, ¶ 41, Ex. AE)

could not have been brought in the Western District of Louisiana, Lafayette Division, AIG, Risk Specialists, and ACE cannot compel dismissal, transfer, or stay under the First-to-File Rule.[2] The United States Supreme Court has long recognized that § 1404(a) modified common-law principles involving transfer between federal forums. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S. Ct. 544, 99 L. Ed. 789 (1955); *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964)(noting that the "transfer power is … expressly limited by the final clause of § 1404(a) restricting transfer to those federal districts in which the action 'might have been brought'"). Where § 1404(a)'s threshold conditions are met, the First-to-File Rule has not been displaced as a tool affecting the customary multi-factor analysis of convenience and interests of justice. *In re: SK hynix Inc.*, 847 Fed. Appx. 847, 853-854 (5th Cir. 2021)(citing *In re: Nitro Fluids*, LLC, 978 F.3d 1308, 1311 (5th Cir. 2020). But, where § 1404(a)'s preliminary threshold conditions are not met, the First-to-File Rule cannot compel transfer." A contrary understanding of the interaction between the First-to-File Rule and § 1404(a) would allow a judge-made doctrine to contravene a congressionally enacted Statute – a result the Supreme Court has made clear we cannot countenance." *Id*. at 854 (quoting *In re: Bozic*, 888 F.3d 1047, 1054 (9th Cir. 2018); *see also In re: SK hynix, Inc.*, 847 Fed. Appx. At 854.

8.      The question whether venue is proper is generally governed by 28 U.S.C. § 1391. That provision states that "[e]xcept as otherwise provided by law … this section shall govern the venue of all civil actions brought in the district courts of the United States." *See* § 1391(a)(1).; *Atlantic Marine Const. v. U. S. Dist. Court*, 571 U.S. 49, 134 S. Ct. 568, 107 L. Ed. 2d 487

---

[2]   Dismissal by what AIG alleges is the Second-Filed Court after a finding of a likelihood of substantial overlap, which Rippy Oil contests, has been found to be an abuse of discretion under Fifth Circuit precedent. *See Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5ᵗʰ Cir. 1999)("Thus once the district court found that the issues might substantially overlap, the proper course of action was for the Court to transfer the case to the [first filed] Court to determine which case should , in the interest of

(2013).  Section 1391(a)(1) further provides that "[a] civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is not district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  *See* Section 1391(b); *Atlantic Marine Const. v. U. S. Dist. Court*, 571 U.S. at 577.  When venue is an issue, the Court must determine whether the case falls within one of the three categories set out in § 1391(b).  As the Supreme Court noted, "if it does, venue is proper; if it does not, venue is improper …."  *Id*.  Venue is determined when the suit is filed, not when the cause of action arose.  Additionally, in cases involving multiple parties and multiple claims, venue must be proper for each defendant and each claim.  Venue is based on residence, not on citizenship as with diversity jurisdiction.  The residency provisions in 28 U.S.C. § 1391(c) is applied to all venue statutes, except as otherwise provided by law.  *See* U.S.C. § 1391(a).  For an entity with the capacity to sue or be sued in its common name under applicable law, regardless of whether it is incorporated, where the entity is deemed to reside depends on whether it is a plaintiff or a defendant.  (*See* U.S.C. § 1391(c)(2)).  If the entity is a defendant, it is deemed to reside in any judicial district in which it is subject to the Court's personal jurisdiction with respect to the civil action in question.  (*See* U.S.C. § 1391(c)(2)).  If the entity is a plaintiff, it is deemed to reside only in the judicial district in which it maintains its principal place of business.  (*See* U.S.C. § 1391(c)(2)).

---

sound judicial administration and judicial economy, proceed.").

9.      Because Plaintiff Rippy Oil has its principal place of business in Tyler, Smith County, Texas, venue against Plaintiff Rippy Oil would not be proper in the Western District of Louisiana, Lafayette Division.  (See Aff. James R. Rippy).  More importantly, neither AIG, nor ACE, nor Risk Specialists have sufficient contacts with the Western District of Louisiana, Lafayette Division that would subject those defendants to the Court's personal jurisdiction with respect to the cause of action brought by Rippy Oil Company against ACE, AIG, and Risk Specialists.  That cause of action is based on Rippy Oil's attempts to satisfy a Texas Judgment handed down in Texas litigation based on a Texas accident and focuses on ACE and AIG's liability to satisfy a Judgment from policies underwritten and bound in Texas insuring a Texas risk.  (Morris Aff. pp. 3-4, ¶¶ 4-12; Ex. A to G; p. 5, ¶ 20; p. 9, ¶¶ 26-28, Exs. S, T, U).

10.      Moreover, Rippy Oil Company's claims against Risk Specialists are based on the undisputed fact that AIG's policy is a surplus lines policy and Defendant AIG is an unlicensed carrier in the State of Texas and therefore an unauthorized insurer subject to regulation under the Texas Insurance Code.  *See Mid-American Indemnity Ins. Co. v. King*, 22 S.W.3d 321, 326 (Tex. 1995); *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83 (Tex. 2006).  Both the surplus lines and unauthorized insurance statutes in the State of Texas include among their purposes a concern that many insureds in this State hold insurance policies issued by insurers who are not authorized to do business in this State and who are not qualified as eligible surplus lines insurers under Chapter 981 of the Texas Insurance Code.  *See* Texas Insurance Code §§ 101.01(b) and 981.001(b).  Accordingly, a license surplus lines agent and eligible surplus lines carrier are mandatory prerequisites for issuance of all surplus lines policies covering Texas risks.  Texas Insurance Code §§ 981.002(3), 981.004(a).  Failure to meet the statutory requirements renders AIG's surplus lines policy unauthorized insurance.  Moreover, anyone who assists in procuring

unauthorized insurance is individually liable for unpaid claims under the policy.  See Texas

Insurance Code §§ 981.03-981.05, 981.202-981.203, 981.211, 981.213, & 981.216; and 101.201.

Contrary to AIG's suggestion that Risk Specialists has been fraudulently joined, Rippy Oil

Company has a direct and valid claim against Risk Specialists in the event that AIG fails to

satisfy the Final Judgment.  The Western District of Louisiana, Lafayette Division would not be a

proper venue for Rippy Oil's claim against Risk Specialists which underwrote, bound, and issued

the AIG surplus lines policy in question in Houston, Harris County, Texas and has no contacts

sufficient to establish venue in the Western District of Louisiana, Lafayette Division.

11.     Because AIG, Risk Specialists, and ACE failed to meet the initial threshold

requirement for transfer, this Court need not even address whether substantial overlap exists,

such that the First-to-File Rule might be invoked.

### B.     SECOND ISSUE: THERE IS NOT SUFFICIENT OVERLAP BETWEEN THE LOUISIANA CASE AND THE TEXAS CASE TO INVOKE THE FIRST-TO-FILE RULE.

12.     In the event the court decides to address the First-to-File Rule, when related cases

are pending before two Federal courts, the court in which the case was last filed may refuse to

hear it if the issues raised by the cases substantially overlap.  *Cadle Co. v. Whataburger of Alice*,

*Inc.,* 174 F.3d 599, 603 (5th Cir. 1999).  The First-to-File Rule rests on principals of comity and

sound judicial administration.  Id.  The concern manifestly is to avoid the waste of duplication, to

avoid rulings which may encroach upon the authority of sister courts, and to avoid piece-meal

resolution of issues that call for a uniform result.  *W. Gulf Mar. Ass'n. v. ILA Deep Sea Loc. 24,*

*S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 571 F.2d 741, 729 (5th Cir. 1985).  Within the Fifth

Circuit, once it has been demonstrated that there is substantial overlap between the two suits, the

general rule is that the court in which an action is first filed is the appropriate court to determine

whether substantially similar issues in the second suit should proceed.  *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971); *Save Power, Ltd. v. Syntek Fin. Corp.*, 121 F.3d. 947, 950 (5th Cir. 1997).   When faced with truly duplicate litigation, it sometimes may be appropriate to transfer the action or stay it.  *West Gulf Maritime Ass'n.*, 571 F.2d at 729 n. 1.  In deciding if a substantial overlap exists, the Fifth Circuit has examined factors such as whether "the core issue … was the same" or if "much of the proof adduced … would be identical between the two lawsuits.  *Int'l. Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d. 751, 758 (5th Cir. 2011).  Where overlap between two suits is less than complete, the judgment is made case-by-case, based upon such factors as the extent of overlap, the likelihood of conflict, the comparative advantage, and the interest of each forum in resolving the dispute.  *Save Power Ltd.*, 121 F.3d at 951.

13.     A second-file court plays a limited role when presented with a motion to transfer or stay based on the First-to-File Rule.  *Cadle Co.*, 174 F.3d at 605.  This role is to decide whether the moving party in the second-file court has demonstrated a "substantial overlap" between the two suits.  *Id*.  Contrary to AIG, Risk Specialists, and ACE's contention, there is no substantial overlap.

14.     As the Court will note, none of the Plaintiffs are the same.   None of the Defendants are the same.  The Louisiana Case involves a declaratory judgment action by AIG against KOT only.  AIG seeks a judicial declaration against KOT only that "[c]overage under the ASIC policy is not triggered unless or until the limits of liability of the scheduled underlying insurance and any other applicable other insurance are exhausted by payment of loss" and "there is no coverage under the ASIC policy for Knight's liability."  (R. Doc. 1, pp. 17-18).  AIG did not name the Reorganized Debtor, Knight Energy Services, LLC, a necessary party to any

declaratory judgment action seeking a finding of no coverage following the December 1, 2017 Order confirming the Debtor KOT's Joint Chapter 11 Plan of Reorganization effective December 12, 2017, wherein the ACE and AIG liability policies were expressly vested in the Reorganized Debtors now doing business in Houston, Harris County, Texas as Knight Energy Services, LLC.  AIG did not name the scheduled underlying insurance carrier ACE as a necessary party to the declaratory judgment action.  Nor did AIG sue another necessary party: Rippy Oil, Third-Party Beneficiary under the ACE and AIG policies and a Judgment Creditor of ACE and AIG named insured KOT.  (R. Doc. 1, p. 1).  Intervenor Rippy Oil in the Louisiana Case has intervened with leave of court (R. Doc. 12) to assert a Motion for Extension and to Dismiss AIG's Complaint for Declaratory Judgment, or in the alternative Stay or Transfer.  Moreover, because the Louisiana Case brought by AIG against KOT, does not involve a case or  controversy or injury to KOT and is not justiciable or ripe for adjudication it should be dismissed for want of jurisdiction and there is no overlap with the Texas Case brought by judgment creditor and third-party beneficiary Rippy Oil against AIG, ACE, and Risk Specialists.  KOT has recently also filed a Motion to Dismiss challenging the Louisiana Court's jurisdiction to decide a non-justiciable declaratory judgment action brought by AIG against KOT.

15.     Moreover, AIG makes no unequivocal allegation whether ACE has or has not exhausted its "scheduled underlying" primary policy, or otherwise refuse to exhaust same.  Based on settlement negotiations during trial before verdict in the underlying tort litigation, Rippy Oil believes that ACE has previously tendered its policy limit of One Million dollars ($1,000,000.00) to AIG and that AIG has accepted same.  (Morris Aff. p. 5, ¶ 20).  Accordingly, if ACE has not tendered its policy limits to AIG, under the express terms of the AIG policy, AIG is alleging its contractual obligation and duty to defend KOT has not arisen and is therefore not ripe for

determination.  (R. Doc. 1, pp. 17-18).  Absent tender and acceptance, that duty to defend KOT on appeal remains with ACE.  On the other hand, if AIG has indeed accepted the ACE tender of policy limits and is now controlling the defense of KOT on appeal to the Texas Supreme Court, the duty to defend KOT is the only potential issue in dispute that could be decided by the Louisiana Federal Court.  The Texas Case does not seek a defense or otherwise involve the duty to defend KOT.  Rather, Rippy Oil seeks to satisfy its judgment from liability policies issued by ACE and AIG and involves the obligation of ACE, AIG and Risk Specialists to pay that Judgment to Rippy Oil.

16.     Texas law is clear, as recently reaffirmed by the Texas Supreme Court in two Opinions handed down on February 11, 2022.  Texas courts continue to follow the Eight-Corners Rule which directs the Court to determine an insurer's duty to defend its insured based on (1) the pleadings against the insured and (2) the terms of the insurance policy.  *Loya Ins. Co. v. Avalos*, 610 S.W.3d 878, 879 (Tex. 2020).   Under the 8-Corners Rule, the insurer's duty to defend is determined by comparing the allegations in the plaintiff's petition to the policy provisions, without regard to the truth or falsity of those allegations and without reference to the facts otherwise known or ultimately proven.  *Guide One Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 1006).  Extrinsic evidence or facts outside the pleadings are generally not considered.  The Texas Supreme Court recently noted that it remains true that in most cases, whether a duty to defend exists is determined under Texas' long standing Eight-Corners Rule, but clarified for the first time a narrow exception in *Monroe Guaranty Ins. Co. v. BITCO*, No. 21-0232, --- S.W.3d ---, 2022 WL ___ (Tex. Feb. 11, 2022 and *Phar-San Juan–Alamo Independent School Dist. v. Texas Political Subdivisions Property/Casualty*, No. 20 – 0033, --S.W.3d ---, 2022 WL ___ (Tex. Feb. 11, 2022) holding:

But, if the underlying petitions face a claim that could trigger the duty to defend, and the application of the Eight-Corners Rule, due to a gap in the plaintiff's pleading, is not determinative of coverage, Texas law permits consideration of extrinsic evidence provided the evidence (1) goes solely to an issue of coverage and does not overlap with the merits of liability, (2) does not contradict facts alleged in the pleading, and (3) conclusively establishes the coverage facts to be proved.

17.     In contrast, whether a liability insurer like ACE or AIG owes a duty to indemnify its insured or pay a judgment creditor and third-party beneficiary like Rippy Oil is determined based on the facts actually established in the underlying suit.  *See Burlington N. & Santa Fe Ry. Co. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, 334 S.W. 3d 217, 219 (Tex. 2011).  Under Texas law, "the duty to defend and the duty to indemnify are distinct and separate duties."  *D. R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co.*, 300 S.W. 3d 740, 743 (Tex. 2009).  In the Louisiana Federal court case, the duty to indemnify KOT is rendered completely moot and a non-issue by the Chapter 11 Bankruptcy Court Orders and Bankruptcy Statutes which make clear that the emerged and Reorganized Debtor KOT will never have to use its assets to satisfy the Judgment in favor of Rippy Oil.  Chapter 11 Bankruptcy Orders made absolutely clear that Rippy Oil could not pursue KOT to satisfy a Judgment in the Underlying Tort Litigation, but rather was restricted when it came to KOT, to pursuing the policy proceeds of the ACE and AIG policies.

18.     In summary, not only are the parties different, but the fundamental issues in dispute, as well as the proof to be adduced to resolve those core issues in the two lawsuits, is completely different.  Therefore, there is no potential for conflict and Texas has a substantial interest in seeing that Rippy Oil, a Texas corporation, citizen, and resident, has every opportunity to satisfy a Texas Judgment, based on Texas litigation arising out of a Texas accident, can be satisfied from the liability insurance policies of ACE and AIG underwritten, bound, and issue in

Texas to cover KOT's Texas risks.  Moreover, it would also be a great burden on the Texas parties and witnesses involved in the Texas lawsuit because Rippy Oil Company's case against ACE, AIG and Risk Specialists involves the duty to pay under the ACE and AIG policies which must be determined based on the facts actually established in the underlying Texas Tort Litigation while the duty to defend dispute, if any, in Louisiana between AIG and KOT requires only two documents which are  ordinarily relevant to the determination of the duty to defend:  the policy and the Plaintiff's pleading in the Underlying Tort Litigation.  *Id.*  Certainly, the interest in having the suit heard in Texas between Rippy Oil and ACE, AIG and Risk Specialists outweighs the interest in having the suit transferred to Louisiana, which at this point in the Louisiana litigation has yet to determine whether there is truly a case or controversy that is justiciable and ripe for determination between AIG and KOT.

19.     Plaintiff Rippy Oil believes that the factors to be considered in determining whether there exists a "substantial overlap" support denying AIG, Risk Specialists, and ACE's Motion to Transfer and strongly favor allowing the case to proceed in the Southern District of Texas, Houston Division.  *See State of Louisiana v. Biden*, 538 F. Supp. 3d 649 (W.D. La. 2021).

**C.     THIRD ISSUE: THIS COURT SHOULD EXERCISE ITS DISCRETION AND DECLINE APPLICATION OF THE FIRST-TO-FILE RULE IN LIGHT OF "COMPELLING CIRCUMSTANCES" IN THIS CASE**

20.     Even if less than complete overlap of core issues or proof to be adduced exists, courts may exercise discretion and decline application of the First-to-File Rule in light of "compelling circumstances."  *Mann Mfg., Inc.* 439 F.2d. at 407.  An ample degree of discretion, appropriate for discipline and experienced judges must be left to the lower courts.  *Bindczyck v. Finucane*, 342 U.S. 76, 82, 72 S. Ct. 130, 96 L. Ed. 100 (1951).

21.     Courts in the Fifth Circuit have identified at least three "compelling circumstances" under which the First-to-File Rule is not applicable, even if there is a substantial overlap of core issues or proof that would be adduced.  First, the Rule is disregarded under a "bad faith" exception when "a party engage[s] in bad faith conduct, by inducing an opposing party to delay filing of a lawsuit, so that he [may] file a pre-emptive lawsuit."  Amerada Petroleum Corp. v. Marshall, 381 F.2d 661, 663 (5th Cir. 1967); In re: Toyota Hybrid Brake Litigation, 2020 WL 61616495 at *7 (E.D. Tex. Oct. 21, 2020); Chapa v. Mitchell, 2005 WL 2978396 at *2 (W.D. Tex. Nov. 4, 2005).

22.     Second, the rule is disregarded under an "anticipatory filing" exception when "a party files a declaratory judgment action in anticipation of a suit by its adversary, which can create an opportunity for forum-shopping."  *True View Surgery Ctr. One, L.P. v. Goodman Glob. Holdings, Inc.*, 2016 WL 755494, at *6 (S.D. Tex. Feb. 24, 2016)

23.     Third, the rule is disregarded under a "form selection clause" exception when such a clause is found to be valid and enforceable because to do otherwise "would encourage parties to rush to the courthouse to file lawsuits for the purpose of circumventing the agreed-upon promises."  *Dixie Electric, LLC v. Jarwin*, 2017 WL 4727481 at *7 (W.D. Tex. June 20, 2017)("the court [has not] located any authority holding that the First-to-File Rule is a proper basis to set aside a valid forum selection clause containing mandatory language." *Falk v. Marsh, Inc.*, 2012 WL 13001817 at *6 (E.D. La. July 9, 2012)**.**

24.     In this case, AIG was on notice of Rippy Oil's lawsuit against KOT.  (Morris Aff. Ex. G, and H).  AIG was also on notice that the Bankruptcy Court's Order lifting the stay limited Rippy Oil to recovering any judgment against KOT from the ACE and AIG policies protecting

KOT's assets.  (Morris Aff. Ex. K).  AIG was further on notice of KOT's Chapter 11 Bankruptcy and its subsequent discharge from Chapter 11 as a Reorganized Debtor.  (Morris Aff. Exs. I, L, M, P, Q).  Further, AIG retained attorneys to attend the trial in the Underlying Tort Litigation and participated in settlement negotiations with representatives of Rippy Oil and prosecuted post-verdict and post-judgement appeals and attended a second non-binding mediation on behalf of KOT as recently as 7, 2021.  (Morris Aff. p. 5, ¶ 20; p. 9, ¶ 26, 27, and 28).  It is beyond dispute that AIG was fully aware of Rippy Oil's intention to file suit against ACE and AIG in Texas if ACE and AIG did not satisfy the Final Judgment against KOT.  Rippy Oil had no ability to pursue KOT's assets due to Bankruptcy Orders and Statutes protecting the emerged and reorganized debtor KOT.

25.    The Fifth Circuit follows a general policy that a party whose rights are being infringed should have the privilege of electing where to enforce its rights.  *Texas Instruments, Inc. v. Micron Semiconductor*, Inc. 815 F. Supp. 994, 997 (E. D. Tex. 1993).  Here that privilege should and does belong to Rippy Oil as the injured party, judgment creditor, third-party beneficiary, and non-breaching party.  AIG brought a declaratory judgment suit in Louisiana Federal Court against a Reorganized Debtor KOT fully protected by bankruptcy orders entered in its KOT Chapter 11 Bankruptcy Case as a pre-emptory strike in anticipation of another action to be filed by Rippy Oil upon resolution of appeal by the Texas Supreme Court.  AIG negotiated Texas Rule 11 Agreements, which they were fully aware, until the anticipatory breach of same by AIG, prevented Rippy Oil from initiating suit against AIG until "the appellate courts' issuance of the Mandate."  (Morris Aff. p. 9, ¶¶ 26 and 27).  This court should not allow a party to select its preferred forum by filing an action for a declaratory judgment when it has notice that another party intends to file suit to collect a judgment in a different forum.  *See 909 Corporation v.*

*Village of Boling Brook Police Pension Fund*, 741 F. Sup. 1290, 1292 (S. D. Tex. 1990).  Prior negotiations between the parties, established here, serve as evidence that a suit was expected to be filed.  *Mission Insurance Company v. Puritan Fashions Corporation*, 706 F. 2d 599, 601-602 (5th Cir. 1983).  AIG was on notice of the Rippy Oil state court lawsuit, the KOT Chapter 11 Bankruptcy, and the Bankruptcy Court's Order limiting collection of any judgment against KOT from ACE and AIG and further negotiated the Rule 11 Agreements that, until their breach by AIG, hand-cuffed Rippy Oil and prevented it from suing ACE and AIG earlier.  But for those Rule 11 Agreements, Rippy Oil would have filed suit against ACE and AIG as soon as ACE and AIG failed to put up a supersedes bond.  AIG was also no doubt aware that upon resolution of the KOT appeal by the Texas Supreme Court, Rippy Oil would pursue satisfaction of its judgement from ACE and AIG.  Based on these facts, it is apparent that AIG filed the action in anticipation of litigation and in order to gain the advantage of their preferred forum in an effort to apply Louisiana law over Texas law.  Even though it is certainly true that every Plaintiff who files a lawsuit engages in determining a place to file suit, the alleged victim is typically given the right to choose the forum where its coercive case for breach of contract will be heard.  Several courts in the Fifth Circuit have found that allowing an alleged wrongdoer to proceed with a pre-emptive strike declaratory judgment action in anticipation of Plaintiff filing a coercive breach of contract suit divests the true Plaintiff of his right especially when Plaintiff has been prevented from filing suit do to the Rule 11 Agreements secured by attorneys hired by AIG to defend KOT.  *See e.g., Pennsylvania General Insurance Company v. Caremark PCS*, No. Civ. A. 3:05-cv-0844-G, 2005 W.L. 2041969, at *5-6 (N. D. Tex. Aug. 24, 2005) (and cases cited therein); *see also Waguespack v. Medtronic, Inc.*, 185 F. Supp.3d 916, 923 (M.D. La. 2016); *Peyman v. Optobiomics Merger Corp.*, 2003 WL 193443 (E.D. La. Jan 23, 2003); *Sports Innovations, Inc.*

*v. Specialized Bicycle Components, Inc.*, 2001 WL 406264 (E.D. La. April 18, 2001); *Florida Marine Transporters v. Lawson & Lawson Towing Co., Inc.*, 2001 WL 1018364 (E.D. La. Aug. 31, 2001); *Excel Music, Inc. v. Simone*, 1996 WL 5708 (E.D. La. Jan. 5, 1996); *Pacific Emp. Ins. Co. v. M/V Capt. W.D. Cargill*, 751 F.2d 801 (5th Cir. 1985); *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599 (5th Cir. 1983); *Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661 (5th Cir. 1967).

**D.    FOURTH ISSUE: A BALANCE OF THE VOLKSWAGEN PRIVATE AND PUBLIC FACTORS WEIGH HEAVILY IN FAVOR OF MAINTAINING THIS SUIT IN THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION.**

26.     Finally, a balance of the *Volkswagon* private and public factors in favor of one venue can support the "compelling circumstances" exception to the First-to-File Rule that precludes dismissal, transfer or stay.  *In re: Nitro Fluids, LLC*, 978 F. 3d 1308 (5th Cir. 2020). Even assuming that the current lawsuit "might have been brought" in the Western District of Louisiana, Lafayette Division, and that the Texas Case and Louisiana Case overlap, which is denied, an analysis of the *Volkswagon* public and private interest factors precludes transfer to Louisiana.

27.     As the Fifth Circuit has explained in *In re Volkswagon of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2000)( *En Banc*)(*Volkswagon* II) and *In re Volkswagon AG*, 371 F.3d 201, 203 (5th Cir. 2004)(*Volkswagon* I)**,** the private factors are: (1) the relative ease of access to sources of proof; (2) the availability of the compulsory process to secure the attendance of non-party witnesses whose attendance may need to be compelled by court order; (3) the relative convenience of the two forums for potential witnesses; and (4) all other practical problems that make the trial of a case easy, expeditious, and inexpensive.  The four public interest factors are:

17

(1) the administrative difficulties flowing from court congestion; (2) the local interest in having disputes regarding activities occurring principally within a particular district decided in that forum; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws, or in the application of foreign law.

28.     The availability of sources of proof weighs heavily in favor of the Southern District of Texas, Houston Division.  What matters according to the Fifth Circuit is the relative access to sources of evidence in the two competing forums.  *In re Juniper Networks, Inc.*, 14 F.4th 1313, 321 (5th Cir. 2021)(citing *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013)(noting "the question is relative ease of access, not absolute ease of access") and while electronic storage of documents makes them more widely accessible than was true in the past, that does not make the sources of proof factor irrelevant.  *See Volkswagon II*, 545 F.3d at 316 ("that access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous.").  Here, that portion of the KOT drill pipe that failed and was retrieved from the Easterling 1-H well and was the focus of the Underlying Tort Litigation, along with all discovery exchanges, documentary evidence, and exhibits in the Underlying Tort Litigation are stored and maintained in the offices of Rippy Oil Company's attorney's offices in Houston, Harris County, Texas.  (Morris Aff. pp. 11-12, ¶ 43).  None of the sources of facts actually established in the Underlying Tort Litigation are located in the Western District of Louisiana, Lafayette Division.

29.     The availability of compulsory process to secure the attendance of non-party witnesses whose attendance may need to be compelled by court order, likewise, weighs in favor of the Southern District of Texas, Houston Division.  As in *Volkswagon I*, the non-party witnesses located in Texas are outside the Western District of Louisiana, Lafayette Division's

subpoena power for deposition under Fed. R. Civ. P. 45(c)(3)(A)(ii) and any trial subpoenas for these witnesses to travel more than 100 miles would be subject to Motions to Quash under Fed. R. Civ. P. 45(c)(3).  More importantly, a proper venue that does enjoy absolute subpoena power for both depositions and trial over 8 of the 10 witnesses listed, the Southern District of Texas, Houston Division, is available.  (Morris Aff. pp. 5-8, ¶¶ 20-21, Ex. N).  Accordingly, this factor weighs in favor of the Southern District of Texas, Houston Division.

30.    With regard to the relative convenience for and cost of attendance of witnesses between the two forums, the Fifth Circuit has stated that this is probably the single most important factor in transfer analysis.  *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (5th Cir. 2009). Eight witnesses who testified in the Underlying Tort Litigation including KOT adverse witnesses, the non-party witness, and all experts are closer to the Southern District of Texas, Houston Division and six of the witnesses are within a 100 mile threshold as are two underwriters.  In *Volkswagon* I, the Fifth Circuit set a 100 mile threshold as follows: "when the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.  *See Volkswagon* I, 371 F.3d at 204-205.  The Fifth Circuit noted that it was an obvious conclusion that it is more convenient for witnesses to testify at home and that additional distance means additional travel time; additional travel time increases the probability for meals and lodging expense; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.  *Id.* at 205.  Witnesses not only suffer monetary costs, but also the personal cost associated with being away from work, family and community.  *See Volkswagon* II, 545 F.3d at 317.  Clearly, this factor weighs in favor of the Southern District of Texas, Houston Division.  Likewise, all

other practical problems that make the trial of a case easy, expeditious, and inexpensive weigh in favor of the Southern District of Texas, Houston Division.  No known party or non-party witness lives in the Western District of Louisiana, Lafayette Division and none of the facts giving rise to the accident made the basis of the Texas Tort Litigation, the Texas Tort Litigation itself, the jury's verdict, the Texas Judgment, the Texas appeal, or the underwriting, binding, and issuing of the ACE and AIG policies occurred in the Western District of Louisiana, Lafayette Division. Accordingly, all four private interest factors weigh heavily in favor of maintaining the *Rippy Oil vs. ACE, AIG, and Risk Specialists* First-Filed Coverage Litigation in the Southern District of Texas, Houston Division.

31.     With regard to the four public interest factors, the administrative difficulties flowing from court congestion appear to be neutral as both the Southern District of Texas, Houston Division and the Western District of Louisiana, Lafayette Division statistics including cases per judgeship and median times from filing to disposition for civil cases in the Southern District of Texas, Houston Division and Western District of Louisiana, Lafayette Division appear to be roughly equivalent.  (Morris Aff. p. 11, ¶ 40, Ex. AD).

32.     With regard to the local interest in having disputes regarding activities occurring principally within a particular district decided in that forum, Rippy Oil would respectfully submit that the Southern District of Texas, Houston Division has a significant interest in resolving the satisfaction of a Texas Judgment arising out of Texas litigation based on a Texas accident from policies of liability insurance covering Texas risks and underwritten, bound, and issued in Houston, Harris County, Texas.  Moreover, the Texas Insurance Code has expressed a public policy interest in the State of Texas in regulating unauthorized insurers like surplus lines carrier AIG which issued a surplus lines policy through Risk Specialists in Houston, Harris County,

Texas.  *See Mid-American Indemnity Ins. Co. v. King*, 22 S.W.3d 321, 326 (Tex. 1995); *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83 (Tex. 2006).  Furthermore, the Texas Insurance Code makes clear that anyone who assists in procuring unauthorized insurance is individually liable for unpaid claims under the policy.  *See* Texas Insurance Code § 101.201.  The Southern District of Texas, Houston Division, and the jurors to be impaneled to decide any fact issues in the case, have a definite interest in enforcing public policy expressed in the Texas Insurance Code against "unauthorized insurers" like AIG.

33.     Likewise, the familiarity of the forum with the law that will govern the case weighs in favor of the Southern District of Texas, Houston Division.  The Texas Insurance Code Article 21.42 directs that Texas law applies when: (1) the insurance proceeds were paid or are payable to a citizen or inhabitant of Texas; (2) the policy was issued by a company doing business in Texas; and (3) the policy was issued in the course of the company's insurance business in Texas.  *Scottsdale Ins. Co. v. Nat'l. Emergency Services, Inc.*, 175 S.W.3d 284, 292 (Tex. App.—Houston [1[st] Dist.] 2004, no pet.).  All three elements are met here and Texas law will govern the case brought by Rippy Oil against ACE, AIG and Risk Specialists.  Maintaining that lawsuit in the Southern District of Texas, Houston Division would avoid any unnecessary problems of conflicts of laws or the application of Texas law.   In summary, all non-neutral private and public interest factors bearing on the transfer decision favor the Southern District of Texas, Houston Division and no factor favors transferring the case to the Western District of Louisiana, Lafayette Division.  This Court should deny any attempt to transfer the case to the Western District of Louisiana, Lafayette Division.

## VI.     **FACTUAL BACKGROUND.**

34.     The relevant facts are undisputed and established by pleadings, orders and other documents filed with the various courts in Texas and by the Affidavits of James R. Rippy and Mike Morris attached hereto and incorporated by reference.

a.   **On or about December 28, 2010**: Rippy Oil Company; Rippy Interest LLC; The Genecov Group, Inc.; and John D. Proctor (collectively "Rippy") filed suit against Knight Oil Tools, Inc. ("KOT") and Pioneer Drilling in the 12th Judicial District Court in Leon, Texas[3] ("the Underlying Tort Litigation") for property damages sustained during drilling operations as a consequence of the sudden and accidental failure of drill pipe distributed by KOT to Rippy Oil.  (Morris Aff. pp. 1-2, ¶¶ 2-4; Ex. A).

b.   **September 19, 2016**: Rippy Oil sent a demand letter in the Underlying Tort Litigation directed to KOT with a request that a copy be forwarded to representatives of ACE and AIG (Morris Aff., p. 4, ¶ 12).

c.   October 24, 2016: Rippy Oil and KOT and representatives of ACE and AIG attended non-binding mediation with Mediator Benny Rush in Huntsville, Walker County, Texas without reaching a settlement in the Underlying Tort Litigation.  (Morris Aff., p. 4, ¶ 13).

d.   **October 26, 2016**: Rippy filed an amended complaint in the Underlying Tort Litigation. (Morris Aff. p. 4, ¶ 14; Ex. H)

e.   **August 8, 2017**: Knight Energy Holdings, LLC and certain of its affiliates and filed a petition for relief under Title 11 of the United States Code commencing its voluntary Ch. 11 reorganization in the United States Bankruptcy Court for the Western District of Louisiana[4] (the ("Bankruptcy Court.  AIG Specialty Insurance Company ("AIG") and ACE American Insurance Company had actual knowledge of these bankruptcy proceedings and were active participants.  (Morris Aff. pp. 4-5, ¶¶ 15-19; Exs. I, J, K, L, M; p. 8, ¶ 23-24; Exs. P and Q).

f.   **October 24, 2017**: The Bankruptcy Court lifted the automatic stay for the limited purpose of allowing the prosecution of the Underlying Tort Litigation, which remains on appeal. (Morris Aff. p. 5, ¶ 16, Ex. K).  Pursuant to the October 24, 2017, Order of the Bankruptcy Court, INTERVENOR was only entitled to seek recovery to the extent the claims were covered by KOT's applicable insurance policies and that KOT's liability was to be limited to the extent of any coverage provided by KOT's insurance policies. The October 24, 2017, Order expressly states in pertinent part that:

---

[3] The suit in the Leon County State Court is captioned and docketed "*Rippy Oil Co., et al. v. Knight Oil Tools, Inc., et al.*, Case No. 0-10-498" and was originally filed in the 12th Judicial District which transferred the case to the 369th as a result of State District Court reorganization and subsequently transferred again to the 278th where the case proceeded to trial in May of 2018.
[4] See ECF No. 17-51014 in the records of the United States District Court for the Western District of Louisiana (Lafayette Division).

"IT IS FURTHER ORDERED that the automatic stay be and is hereby modified as to Knight Tools, LLC (the "Subject Debtor") for the limited purpose of allowing the prosecution of the case captioned as *Rippy Oil Company, et al. v. Knight Oil Tools, Inc., et al.,* No. 0-10-498, pending in the 369th Judicial District Court in Leon County, Texas (the "Proceeding").

IT IS FURTHER ORDERED that Rippy Oil shall seek recovery on the claims asserted in the Proceeding solely from the applicable insurance policies of the Subject Debtor and the other non-Debtor defendants;…

IT IS FURTHER ORDERED that the Subject Debtor's liability in the Proceeding, and for any claims or causes of action that were or could have been raised in the Proceeding, shall be limited to the extent of any coverage provided by the Subject Debtor's applicable insurance policies."

g.   **December 1, 2017**: The order confirming the Chapter11 Plan of Reorganization was signed, with an effective date of December 12, 2017.   (Morris Aff. p. 5, ¶ 18).

h.   **May 1, 2018**: The Underlying Tort Litigation proceeded to trial before a Leon County, Texas jury.   KOT was represented during trial by attorneys hired by ACE and AIG. Representatives of ACE and AIG attended trial.   During trial and before the jury returned a verdict, ACE tendered its One Million dollar ($1,000,000.00) policy limits to AIG who attempted to negotiate a settlement with additional funds offered from the AIG policy. (Morris Aff. p. 5, ¶ 20).

i.   **May 10, 2018**: The Leon County, Texas jury returned a verdict in favor of Rippy Oil against KOT.

j.   **June 4, 2018**: A Final Judgment against KOT was signed in the Underlying Tort Litigation ordering KOT to pay Rippy Oil various amounts.   (Morris Aff. p. 8, ¶ 25, Ex. R).

k.   **November 8, 2018**: Rippy Oil and attorneys retained by AIG to represent KOT on appeal entered into a Texas Rule of Civil Procedure Rule 11 Agreement filed with the Trial Court in the Underlying Tort Litigation where the parties would await "the appellate courts' mandate to issue" before enforcing the Final Judgment in the Underlying Tort Litigation.  Morris Aff., p. 9, ¶¶ 26 and 27).

l.   **December 30, 2018**: KOT appealed the June 4, 2018 Final Judgment to the Tenth Court of Appeals, at Waco, Texas. The appellate court affirmed the June 4, 2018 Final Judgment twice.  (Morris Aff. p. 9, ¶¶ 28-29, Exs. U and V).

m.   **November 10, 2021**: On rehearing, the Texas , the Tenth Court of Appeals affirmed the

trial court's Judgment once again.  (Morris Aff. p. 9, ¶¶ 28-29, Exs. U and V).

**n.**    **December 7, 2021:** AIG filed a declaratory judgment action against KOT only in the United Stated District Court for the Western District of Louisiana violating the Rule 11 Agreement between the parties.  (Docs. 1, 4).

**o.**    **December 29, 2021**: Rippy Oil filed a breach of contract and declaratory judgment action seeking to determine whether ACE, AIG, and Risk Specialists are required to pay Final Judgment pursuant to the insurance policies produced in the Underlying Tort Litigation and referenced in the Bankruptcy Court's October 24, 2017 Order.   That matter is captioned and docketed "*Rippy Oil Co. v. ACE American Insurance Co., Chartis Specialty Insurance Co. N/K/A AIG Specialty Insurance Co., and Risk Specialists Companies Insurance Agency, Inc.;* No. 21-83799, 133rd District Court, Harris County, Texas and now been removed to the Southern District of Texas Houston Division. (Morris Aff. pp. 9-10, ¶ 31, Ex. W).

**p.**    **January 27, 2022**: The Harris County litigation was removed to the United States District Court for the Southern District of Texas by AIG and Risk Specialists Companies Insurance Agency, Inc. ("Risk Specialists") with the written consent of ACE. See Civil Docket No. 4:22-cv-00276.  (Doc. 1).

q.      **February 25, 2022**:   Attorney's retained by AIG on behalf of KOT filed a Petition for Review in the Texas Supreme Court; No. 21-1115.  (Morris Aff. pp. 1-2).

## VII.    INTERESTED PARTIES AND WITNESSES IN UNDERLYING TORT LITIGATION.

35.      AIG filed a declaratory judgment action in Louisiana against KOT only.  Rippy Oil after a fully adversarial jury trial in Leon County state court obtained a judgment against KOT in the Underlying Tort Litigation which judgment is currently on appeal to the Texas Supreme Court.  KOT is a Reorganized Debtor after emerging from Chapter 11 Bankruptcy, whose assets are protected from the Final Judgment in favor of Rippy Oil by Bankruptcy statute and Orders.  KOT is currently being defended before the Texas Supreme Court by attorneys retained by AIG.  Rippy Oil as Judgment creditor of KOT and third-party beneficiary under the ACE and AIG liability policies, filed the First Filed Coverage Litigation in Houston, Harris County, Texas against ACE, AIG, and Risk Specialist seeking to satisfy the judgment in the

Underlying Tort Litigation from the ACE and AIG liability policies and Risk Specialists who is alleged to be individually liable pursuant to Chapter 981 of the Texas Insurance Code for unpaid claims under the AIG surplus lines policy.

      a.      Plaintiff AIG is a foreign insurance company organized under the laws of the State of Illinois with its principal place of business in New York.  AIG has an office in Houston, Harris County, Texas within the Southern District of Texas, Houston Division.  AIG's surplus lines policy has underwritten, bound, and issued from the AIG offices in Houston, Harris County, Texas.  (Morris Aff. p. 3, ¶ 9, Ex. D 1-4).

      b.      Named defendant "Knight Oil Tools, Inc." merged into Knight Oil Tools, LLC. (Morris Aff. p. 5, ¶ 18, Ex. M).  Post-confirmation "Knight Oil Tools, LLC" has merged with IronGate Energy Services, LLC and changed its legal name to Knight Energy Services, LLC. and is now a Limited Liability Company organized under the laws of Delaware with its principal place of business and principal office in Houston, Harris County, Texas within the Southern District of Texas, Houston Division.  (Morris Aff. p. 10, ¶¶ 33-37, Exs. Y, Z, AA, AB, AC, and AE).

      c.      Plaintiff Rippy Oil Company is a Texas corporation organized under the laws of the State of Texas with its principal place of business in Tyler, Smith County, Texas, within the Eastern District of Texas, Tyler Division.  (Aff. of James R. Rippy, p. 1, ¶¶ 2-5, Ex. 1)

      d.      Working Interest Owner, Rippy Interest LLC ("Rippy Oil"), is a Texas limited liability company with its principal place of business in Tyler, Smith County, Texas.  All of its members reside and are domiciled in Tyler, Smith County, Texas within the Eastern District of Texas, Tyler Division.  (Aff of James R. Rippy, pp. 1-2, ¶¶ 6-8, Ex. 2).

e.      Working Interest Owner, The Genecov Group, Inc. is a Texas corporation organized under the laws of Texas with its principal place of business in Tyler, Smith County, Texas, within the Eastern District of Texas, Tyler Division.  (Aff. of James R. Rippy, pp. 1-2, ¶¶ 9-10, Ex. 3).

f.      Working Interest Owner, John D. Proctor is an individual residing and domiciled in Tyler, Smith County, Texas, within the Eastern District of Texas, Tyler Division.  (Aff. of James R. Rippy, pp. 1-2, ¶ 11).

g.      Defendant, ACE American Insurance Company ("ACE") is a fire and casualty insurance company incorporated in the state of Pennsylvania, with its principal place of business in Pennsylvania, although its policy was underwritten, bound, and issued from ACE Risk Management's (now Chubb) offices in Houston, Harris County, Texas within the Southern District of Texas, Houston Division.  (Morris Aff. pp. 2 and 4, ¶¶ 10-1, Exs. E & F).

h.      Risk Specialists Companies Insurance Agency, Inc. ("Risk Specialists"), is a managing general agent incorporated in the state of Massachusetts with it principal office and place of business in Texas in Houston, Harris County, Texas.   Risk Specialists produced, underwrote, bound and issued the AIG surplus lines policy in Houston, Harris County, Texas, within the Southern District of Texas, Houston Division.  (Morris Aff. pp. 2-3, ¶¶ 5-9, Exs. B, C, D 1-4).

36.      Witnesses called to testify in the Leon County, Texas State Court action (Morris Aff. pp. 5-7, ¶¶ 20-a to 20-I, Ex. N) included:

a.      Charles Glynn Rippy who resides and is domiciled in Tyler, Smith County, Texas, which is located in the Eastern District of Texas, Tyler Division;

b.      Curtis Dale Ignasiak who resides and is domiciled in Bellville, Austin County, Texas, located within the Southern District of Texas, Houston Division;

c.   Dale M. Rogers Rippy who resides and is domiciled in Willis, Montgomery County, Texas which is located in the Southern District of Texas, Houston Division;

d.   Grant Peterson who Rippy who resides and is domiciled in Conroe, Montgomery County, Texas located in the Southern District of Texas, Houston Division;

e.   George Hite who Rippy who resides and is domiciled in Houston, Harris County, Texas located within the Southern District of Texas, Houston Division;

f.   Ted Bruno who resides and is domiciled in Houston, Harris County, Texas located within the Southern District of Texas, Houston Division;

g.   Hilton Prejean (Deceased);

h.   David Watson who resides and is domiciled in Oklahoma City, Oklahoma County, Texas located within the Western District of Oklahoma;

i.   Scott Harding who resides and is domiciled in Houston, Harris County, Texas located within the Southern District of Texas, Houston Division.

37.   Additional witnesses likely to be called in the First Filed Coverage Litigation pending in the Southern District of Texas, Houston Division, (Morris Aff. pp. 7-8, ¶¶ 21(a) & (b), Exs. B and E) include:

j.   Clint Laskoskie, Risk Specialists Companies Insurance Agency, Inc. located at 2929 Allen Parkway, Suite 1300, Houston, Harris County, Texas 77019 in the Southern District of Texas, Houston Division; and

k.   Chris Reichardt, ACE Risk Management, located at 2 Riverway, Suite 900, Houston, Harris County, Texas 77019 in the Southern District of Texas, Houston Division.

38.   The record is undisputed, that no party in interest in the Texas Underlying Tort Litigation or witness called in the Leon County State Court trial or likely to be called in the First Filed Coverage Litigation in the Southern District of Texas, Houston Division, is a resident of, domiciled in, or citizen of Louisiana, and there is no party in interest or witness which maintains its principal place of business in Louisiana, much less in the Western District of Louisiana,

Lafayette Division.  As set forth in the Morris Affidavit, according to Google Maps Houston, Texas, not Lafayette, Louisiana is clearly a more convenient forum or venue to all real parties in interest and witnesses.  (Morris Aff. pp. 2-4, ¶¶ 5-11, pp. 5-18, ¶¶ 20-21; pp. 10-11, ¶¶33-19).

### VIII.   <u>CONCLUSION AND PRAYER</u>

The over-arching question before the Court is whether this breach of contract and declaratory judgment action brought by Judgment Creditor and Third-Party Beneficiary Rippy Oil against Defendants ACE, AIG, and Risk Specialists should be dismissed, or in the alternative, transferred or stayed in favor of a declaratory judgment action against KOT only in the Western District of Louisiana, Lafayette Division which has no connection to the parties, the witnesses, the accident, Texas judgment, Texas appeal, or the facts of this case, when AIG, in anticipation of a coverage suit by Rippy Oil to satisfy the judgment, breached the parties' Texas Rule 11 Agreement in bad faith and raced to an inconvenient venue for all parties and witnesses and pre-emptively filed a declaratory judgment action against an emerged and reorganized Debtor KOT only whose assets are completely protected by Chapter 11 Bankruptcy statutes and orders from collection of Plaintiff Rippy Oil's Judgment in an effort to apply Louisiana law rather than Texas law to collection and satisfaction of a Texas Judgment.  The Court should decline to apply the First-to-File Rule, and deny Defendants AIG, Risk Specialists, and ACE's Motion to Dismiss, or in the alternative, to Transfer or Stay, and grant Plaintiff Rippy Oil such other and further relief to which it shows itself justly entitled.

Respectfully submitted,

**TAYLOR, BOOK, ALLEN & MORRIS, L.L.P.**


By:  /S/ Mike Morris
          Mike Morris

28

State Bar No. 14495800
1221 McKinney, Suite 4300
Houston, Texas 77010
(713) 222-9542
(713) 655-7727 - Fax
mmorris@taylorbook.com

**ATTORNEYS FOR INTERVENOR, RIPPY
OIL COMPANY**

## CERTIFICATE OF SERVICE

I certify that on this 23rd day of March, 2022, a true and correct copy of the foregoing instrument was served via electronic means through transmission facilities from the Court upon those parties authorized to participate and access the Electronic Filing System for the United States District Court, Southern District of Texas.


  /S/ Mike Morris_____
Mike Morris