UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

RIPPY OIL CO.

                                         CIVIL ACTION

v.

                                         NO.: 4:22-CV-00276

ACE AMERICAN INSURANCE CO.,
CHARTIS SPECIALTY INSURANCE CO.,      JUDGE: KENNETH M HOYT
RISK SPECIALISTS COMPANIES
INSURANCE AGENCY, INC.

## AIG SPECIALTY INSURANCE COMPANY AND RISK SPECIALISTS COMPANIES INSURANCE AGENCY, INC.'S REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER OR STAY

      ROBERT I. SIEGEL (#24054171)
      C.J. CHAMBERS (TX#260069)
      GIEGER, LABORDE & LAPEROUSE, LLC
      5151 San Felipe, Suite 750
      Houston, TX 77056
      *Counsel for AIG Specialty Ins. Co. f/k/a Chartis Specialty Ins. Co.* and
      *Risk Specialists Companies Insurance Agency, Inc.*

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ...................................................................................................i

TABLE OF AUTHORITIES ............................................................................................ ii

I.      SUMMARY OF THE ARGUMENT .......................................................................1

II.     LAW AND ARGUMENT .......................................................................................3

        A.  Section 1404(a)'s Threshold Inquiry is Satisfied .........................................3

        B.  Venue is Proper in the Western District of Louisiana .................................4

        C.  As the First-to-File Rule is Applicable, it Governs Related Cases Pending Before Separate Federal Courts ........................................................................................6

            1.  There is Substantial Overlap Between the First-Filed and Second-Filed Declaratory Judgment Actions. ..................................................................7

            2.  No Compelling Circumstances Exist to Preclude this Court from Adhering to the First-to-File Rule. .................................................................................10

        D.  Under a Balance of the *Volkswagon* Transfer Factors, Rippy Cannot Establish that the Instant Matter Should Not be Transferred to the Western District of Louisiana where the First-Filed Declaratory Judgment is Pending .......................................................13

III.    CONCLUSION .......................................................................................................18

APPENDIX .....................................................................................................................20

## TABLE OF AUTHORITIES

**Cases**

*American Motorists Ins. Co. v. Cellstar, Corp.*, 61 Fed. Appx. 119 (5th Cir. 2003) ................4, 5

*Arch Specialty Ins. Co. v. Entertainment Specialty Services, Inc.*, 2005 WL 696897 (S.D.N.Y. 2005)....................................................................................................................................5

*Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) ...........................7, 8

*Constitution Reinsurance Corp. v. Stonewall Ins. Co.*, 872 F.Supp. 1247 (S.D.N.Y. 1995)..........5

*Datamize, Inc. v. Fid. Brokerage Servs., LLC*, No. 2:03-CV-321-DF, 2004 WL 1683171, at *7 (E.D. Tex. Apr. 22, 2004).........................................................................................................15

*Def. Distributed v. Bruck*, 30 F.4th 414 (5th Cir. 2022) ...........................................................18

*Harleysville Ins. Co. of New Jersey v. Clark*, 2006 WL 2135834 (D. N.J. 2006).........................5

*Harris v. Amoco Prod. Co.*, 768 F.2d 669, 674–75 (5th Cir. 1985) ..............................................9

*In re Volkswagon of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008)............................. 2, 14, 15, 18

*In re: Nitro Fluids, LLC*, 978 F.3d 1308, 1311 (5th Cir. 2020) ...........................................14, 18

*In re: SK hynix Inc.*, 847 Fed. Appx. 847, 853–54 (5th Cir. 2021) .............................................14

*Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011)....................8

*JumpSport, Inc. v. Springfree L.P.*, No. 6:13-cv-929-JDL, 2014 WL 12600835, at *2 (E.D. Tex. Nov. 17, 2014) ........................................................................................................................14

*Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971)...................................7, 8, 10

*Manuel v. Convergys Corp.* , 430 F.3d 1132, 1135 (11th Cir. 2005) ..........................................14

*Mobility Elecs., Inc. v. Am. Power Conversion Corp.*, No. 5:07CV83, 2007 WL 9724768, at *3 (E.D. Tex. Oct. 10, 2007) ......................................................................................................14

*Old Republic Ins. Co. v. Admiral Ins. Co.*, 2016 WL 10788990 (S.D. Tex. 8/8/16).....................5

*Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 512 (5th Cir. 2014)................17

*Praetorian Specialty Ins. Co. v. Aguillard Const. Co., Inc.*, 829 F.Supp. 2d 456 (W.D. La. 5/20/10) .................................................................................................................4

*Q Clothier New Orleans LLC v. Twin City Fire Ins. Co.*, 535 F.Supp. 3d 574, 580 (E.D. La. 2021) .................................................................................................17

*Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) ...............................7, 8

*Seariver Mar. Fin. Holdings, Inc. v. Pena*, 952 F. Supp. 455, 459 (S.D. Tex. Sept. 6, 1996) (Atlas, J.).......................................................................................................................6

*Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 397 (5th Cir. 2003) ...............................11

*Starnet Ins. Co. v. Fueltrac, Inc.*, 2009 WL 1210508 (W.D. La. 5/1/09) .....................................5

*Texas Employers' Ins. Assoc. v. Jackson*, 862 F.2d 491, 505 (5th Cir. 1988) ............................11

*Transcontinental Ins. Co. v. Coreslab Structures (OKLA) Inc.*, 2002 WL 570880, *FN 8 (N.D. Tex. 4/12/02)...............................................................................................................6

*W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 731, n. 5 (5th Cir. 1985) .......................................................8

*Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 546 (5th Cir. 1983).........................................9

*Wells Fargo Bank, N.A. v. W. Coast Life Ins. Co.*, 631 F.Supp. 2d 844 (N.D. Tex. 2009) ....11, 13

**Statutes**

28 U.S.C. § 1391.............................................................................................................................4

28 U.S.C. § 1404(a) ................................................................................................. 1, 2, 3, 6

**Other Authorities**

Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3rd § 3806.1, p. 200 (2007 ed.)..................................................................................................................4

**MAY IT PLEASE THE COURT:**

Defendants, AIG Specialty Insurance Company ("ASIC")[1] and Risk Specialists Companies Insurance Agency, Inc. ("Risk Specialists"),[2] through undersigned counsel, respectfully submit this memorandum in support of their Motion to Dismiss, or in the Alternative, to Transfer or Stay (hereinafter, "Motion to Dismiss") [R. Doc. 4] and move this Honorable Court to dismiss the instant suit in the interest of comity and to avoid duplicative proceedings because an action involving substantially similar issues was first filed and is pending in the United States District Court for the Western District of Louisiana. In the alternative, ASIC and Risk Specialists move this Court to stay the instant suit pending rulings in the first-filed lawsuit or to transfer this case to the first-filed jurisdiction.

## I.       SUMMARY OF THE ARGUMENT

Rippy Oil Company's ("Rippy") instant action (hereinafter, "Second-Filed Declaratory Judgment Action") was filed *after* ASIC filed a declaratory judgment action in the United States District Court for the Western District of Louisiana (hereinafter, "First-Filed Declaratory Judgment Action").[3] In Rippy's opposition to the Motion to Dismiss [R. Doc. 23], Rippy argues that the Second-Filed Declaratory Judgment Action could not have been brought in the Western District of Louisiana, and that, accordingly, the first-to-file rule should not apply because 28 U.S.C. § 1404(a)'s "threshold inquiry" cannot be met.[4] However, the First-Filed Declaratory Judgment Action seeks a determination of the same issue as the Second-Filed Declaratory Judgment Action—namely, whether the ASIC policy provides coverage for a judgment against

---

[1] ASIC was formerly known as Chartis Specialty Insurance Company.
[2] In its Notice of Removal, Risk Specialists asserted that the claims against it should be dismissed because Rippy Oil Company has no right of action against Risk Specialists. Risk Specialists reserves, and does not waive, any defenses available to it.
[3] *See* ASIC's Declaratory Judgment Complaint, filed in the United States District Court for the Western District of Louisiana, Civil Action No.: 6:21-cv-04191, R.Doc. 1, attached hereto as Exhibit A.
[4] *See* R. Doc. 23, p. 7.

1

Knight Oil Tools, Inc. ("Knight") in the underlying lawsuit, *Rippy Oil Co., et al. v. Knight Oil Tools, Inc., et al.*, Case No. 0-10-498 (the "Underlying Lawsuit").[5]  Furthermore, as will be shown below, venue in the Western District of Louisiana is proper because the ASIC policy was delivered and issued in Lafayette, Louisiana. As 1404(a)'s threshold condition is met, the first-to-file rule is not displaced and must be applied.

Next, Rippy argues that this Court should refuse to dismiss or transfer the instant suit because the issues raised by the First-Filed and Second-Filed Declaratory Judgment Actions do not substantially overlap.[6] However, as will be shown below, there is substantial overlap between the issues, and there are no compelling circumstances preclude this Court from adhering to the first-to-file rule.

Finally, Rippy argues that, even assuming the instant Second-Filed Declaratory Judgment Action "might have been brought" in the Western District of Louisiana and that both the instant case and the First-Filed Declaratory Judgment Action overlap, the Court should deny ASIC's request to transfer the instant case to Louisiana under an analysis of the *Volkswagon* transfer factors.[7] The *Volkswagon* factors, however, support a finding that the First-Filed Declaratory Judgment should proceed.

As set forth below, because the District Court for the Western District of Louisiana is a proper venue, this Court must apply the first-to-file rule, which establishes that the issues in the

---

[5] *See Id*; R. Doc. 1-2, pp. 19–21, Count IX. It should be brought to this Court's attention that although Rippy asks this Court to determine a coverage issue in this action, Rippy also argues in the Western District of Louisiana that the same issue is not justiciable or ripe for review. *See* Rippy's Motion for Abstention and to Dismiss Complaint for Declaratory Judgment or in the Alternative Stay, filed in the United States District Court for the Western District of Louisiana, Civil Action No.: 6:21-cv-04191, ECF No. 36-1, attached hereto as Exhibit B. It is disingenuous for Rippy to actively oppose the First-Filed Declaratory Judgment when Rippy is seeking adjudication on the same issue in this Court. Like most of Rippy's arguments, this is nothing more than a misleading attempt to circumnavigate the critical fact that ASIC's declaratory judgment action filed in the Western District of Louisiana was the first declaratory judgment filed and addresses the same issue presented by Rippy in this instant, second-filed action.
[6] *See* R. Doc. 23, p. 8.
[7] *See In re Volkswagon of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

instant suit are substantially similar to those in the First-Filed Declaratory Judgment Action. Furthermore, as there are no compelling circumstances that justify overriding the application of that rule, and the *Volkswagon* transfer factors fail to establish that the parallel Second-Filed Declaratory Judgment Action should not be transferred, it is clear that the District Court for the Western District of Louisiana is the appropriate court to exercise jurisdiction over this insurance coverage dispute. Under these circumstances, it is appropriate for this Honorable Court to grant ASIC and Risk Specialists' Motion to Dismiss or, in the alternative, exercise its discretion and transfer this substantially overlapping case to the court in which the parallel action was first-filed—the United States District Court for the Western District of Louisiana.

## II.    LAW AND ARGUMENT

### A.  Section 1404(a)'s Threshold Inquiry is Satisfied.

Rippy argues that the first-to-file rule should not apply because Title 28, Section 1404(a) of the United States Code's "threshold inquiry" is not met. Section 1404(a) provides: "[F]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[8] Despite the fact that the First-Filed Declaratory Judgment Action seeks determination of the same exact issue (i.e., whether the ASIC policy provides coverage for the judgment against Knight in the Underlying Lawsuit) as the instant Second-Filed Declaratory Judgment Action, Rippy puts forth two arguments in support of its argument that § 1404(a) is not satisfied.[9] Specifically, Rippy argues: (1) that the instant Second-Filed Declaratory Judgment Action could not have been brought in the Western District of

---

[8] *See* R. Doc. 23, p. 3; *see also* 28 U.S.C. § 1404(a).
[9] *See id*; R. Doc. 1-2, pp. 19–21, Count IX.

Louisiana because venue is not proper there, and (2) that the Western District of Louisiana is not "clearly more convenient."[10] As set forth below, both of these arguments are meritless.

### B.  Venue is Proper in the Western District of Louisiana.

Rippy argues that for venue to be proper, it must be proper as to each defendant.[11] Rippy explains venue is based on residence, not citizenship, and a defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction.[12] Venue, however, is proper in the Western District of Louisiana because the ASIC policy was issued in Lafayette, Louisiana.

Venue is governed by 28 U.S.C. § 1391, which provides: "A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) if there is not a district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."[13] Section 1391(a)(2), the transactional venue provision, is available as an alternative to Section 1391(a)(1) and provides that venue can be proper in a district if the transactional provision is satisfied.[14] Jurisprudence is now "absolutely clear" that there can be more than one district in which a substantial part of the events giving rise to the claim occurred.[15] Courts have consistently held that the proper venue for a

---

[10] *See* R. Doc. 23, p. 7.

[11] *See* R. Doc. 23, p. 10.

[12] *Id.*

[13] *Id.*

[14] *See* 14D Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3rd § 3806.1, p. 200 (2007 ed.).

[15] *Id.* at p. 201; *see also American Motorists Ins. Co. v. Cellstar, Corp.*, 61 Fed. Appx. 119 (5th Cir. 2003) (court held that district in which formation and execution of policy occurred was proper venue); *Praetorian Specialty Ins. Co. v. Aguillard Const. Co., Inc.*, 829 F.Supp. 2d 456 (W.D. La. 5/20/10) (substantial part of events giving rise to insurance coverage dispute occurred in Western District, and thus it was an appropriate venue for insurer's declaratory judgment action seeking declaration that its policies provided no coverage for underlying accident, where policies were received, rated, underwritten, bound, generated, issued, and administered within Western District); *Starnet Ins. Co. v. Fueltrac,*

4

declaratory judgment action regarding insurance coverage includes the district where the policy was issued.[16] As the Southern District of Texas has acknowledged, even when the insured is not located in a city, the procurement of a policy in a city for a company based elsewhere by its insurance broker is a satisfactorily significant event to establish venue in that city.[17]

Through an affidavit of its counsel, Rippy claims that the policies were underwritten and bound in Texas.[18] However, Tanya E. Kent, Clerk of Risk Specialists Companies Insurance Agency, signed a sworn declaration that renders Rippy's assertion that "policies were underwritten and bound in Texas" factually incorrect.[19] Ms. Kent testified that Knox Insurance Group, LLC ("Knox"), located in Lafayette, Louisiana, was the producing surplus lines broker for Knight on the ASIC policy.[20] Further, Ms. Kent testified that Knox engaged Risk Specialists to secure insurance in the surplus lines market on Knight's behalf.[21] Ms. Kent's declaration made perfectly clear that Risk Specialists does not direct, control, or coordinate its business out of Texas and that Knox was the entity responsible for collecting from the insured the surplus lines premium tax due

---

*Inc.*, 2009 WL 1210508 (W.D. La. 5/1/09) (in insurance coverage declaratory judgment action, venue is proper in district where policy was negotiated and delivered and premiums were paid); *Arch Specialty Ins. Co. v. Entertainment Specialty Services, Inc.*, 2005 WL 696897 (S.D.N.Y. 2005) (New York was a proper venue for declaratory judgment action regarding insurance coverage related to a Texas lawsuit when defendants obtained the policy through an agent from a New York office, negotiation involved correspondence to New York, the policy issued from New York and the claim for coverage was submitted to the New York office); *Constitution Reinsurance Corp. v. Stonewall Ins. Co.*, 872 F.Supp. 1247 (S.D.N.Y. 1995) (New York was proper venue in declaratory action regarding coverage under reinsurance contracts for damages arising from Texas litigation when reinsurance contracts were negotiated by communications between Texas and New York, and contracts were executed and to be performed in New York); and *Harleysville Ins. Co. of New Jersey v. Clark*, 2006 WL 2135834 (D. N.J. 2006) (New Jersey was proper venue for declaratory judgment action regarding insurance coverage for a Maryland car accident because the negotiation, payment, and issuance of the policy to a New Jersey insured occurred in New Jersey).

[16] *See, e.g., American Motorists Ins. Co. v. Cellstar, Corp.*, 61 Fed. Appx. 119 (5th Cir. 2003) (court held that district in which formation and execution of policy occurred was proper venue).

[17] *Am. Motorists Ins.*, 61 Fed. Appx. 119, at *1 (5th Cir. 2003); *see also Old Republic Ins. Co. v. Admiral Ins. Co.*, 2016 WL 10788990 (S.D. Tex. 8/8/16) (the delivery and acceptance of a policy is a satisfactorily substantial event that can establish venue).

[18] *See* R. Doc. 23, p. 11.

[19] *See* R. Doc. 1-6.

[20] *See Id.* at ¶ 10.

[21] *See Id.* at ¶ 11.

on the premium for the ASIC policy and remitting such taxes to the taxing authority in Louisiana.[22] Additionally, Ms. Kent's declaration explained that Risk Specialists had an active Louisiana surplus lines license at the time the ASIC policy was issued on March 31, 2010, to Knight Oil Tools Inc. in Lafayette, Louisiana.[23]

Here, the ASIC policy was unquestionably issued to Knight Oil Tools, Inc. in Lafayette, Louisiana, through the producing broker, Knox Insurance Group, LLC, in Lafayette, Louisiana.[24] The fact that the underlying claim did not occur in the Western District of Louisiana does not render that district an improper venue. Indeed, as the court in *Transcontinental Ins. Co. v. Coreslab Structures (OKLA) Inc*., 2002 WL 570880, *FN 8 (N.D. Tex. 4/12/02), noted, "[i]t is not uncommon for an insurance coverage contract dispute to be located in a different forum from that of the underlying claim." Because the ASIC policy was issued in the Western District of Louisiana, venue is proper there.

Importantly, this Court does not need to determine the "best venue," but only if the Second-Filed Declaratory Judgment Action could have been brought in the Western District of Louisiana, which, as explained above, it could have.[25] Thus, because venue is proper in the Western District of Louisiana, Section 1404(a)'s threshold condition is met, and the first-to-file rule is not displaced.

### C. As the First-to-File Rule is Applicable, it Governs Related Cases Pending Before Separate Federal Courts.

As explained in the Motion to Dismiss, the Fifth Circuit adheres to the "First-to-File Rule," which states that "when related cases are pending before two *federal courts*, the court in which the

---

[22] *See Id.* at ¶¶ 7, 12.
[23] *Id.* at ¶¶ 8–9.
[24] *See Id.*
[25] *Seariver Mar. Fin. Holdings, Inc. v. Pena*, 952 F. Supp. 455, 459 (S.D. Tex. Sept. 6, 1996) (Atlas, J.).

case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."[26] This rule "maximize[s] judicial economy and minimize[s] embarrassing inconsistencies" by permitting a district court to "prophylactically refus[e] to hear a case raising issues that might substantially duplicate those raised by a case pending in another court."[27] Under Fifth Circuit precedent, "the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed."[28] In other words, "[i]n the absence of compelling circumstances the court initially seized of a controversy should be the one to decide whether it will try the case."[29]

### 1. There is Substantial Overlap Between the First-Filed and Second-Filed Declaratory Judgment Actions.

Rippy argues that in the event the Court deems the first-to-file rule applicable, this Court should still refuse to dismiss or transfer the instant suit because the issues raised by the First-Filed and Second-Filed Declaratory Judgment Actions do not substantially overlap.[30] In support of its argument, Rippy alleges that the parties of the suits are not the same, and the instant suit does not involve the duty to defend, but the Louisiana suit does.[31] Specifically, Rippy claims that its "case against ACE, AIG and Risk Specialists involves the duty to pay under the ACE and AIG policies which must be determined based on the facts actually established in the underlying Texas Tort Litigation while the duty to defend dispute, if any, in Louisiana between AIG and [Knight] requires only two documents which are ordinarily relevant to the determination of the duty to defend: the

---

[26] *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (emphasis added).
[27] *Id.* at 604.
[28] *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).
[29] *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971).
[30] *See* R. Doc. 23, p. 12.
[31] *Id.* at pp. 12–17. Despite Rippy's claims to the contrary, there is no duty to defend issue before the court in the First-Filed Declaratory Judgment Action. Rather, ASIC is merely seeking a declaration that the ASIC policy is only potentially triggered, if at all, when the total applicable limits of ACE's underlying insurance have been exhausted by payments of loss. *See* Exhibit A, p. 17, ¶¶ 60–61. The relief ASIC is seeking pertains to exhaustion, not a duty to defend.

policy and the Plaintiff's pleading in the Underlying Tort Litigation."[32] Contrary to Rippy's assertions, however, the duty to defend is not at issue in either the First-Filed or the Second-Filed Declaratory Judgment Actions. As usual, Rippy's arguments attempt to mislead the Court and ignore the fact that its "case" seeks determination of the *same exact issue* as the First-Filed Declaratory Judgment Action—whether coverage is available for the judgment against Knight in the already litigated Underlying Lawsuit

As noted in ASIC and Risk Specialists' Motion to Dismiss, the "crucial inquiry" under the first-to-file rule is whether there is "substantial overlap" between the two actions.[33] The rule does not require that the claims or even the parties be identical.[34] If the two actions are likely to "overlap on the substantive issues," they should be consolidated in "the jurisdiction first seized of the issues."[35] Accordingly, the issue this Court must resolve is whether the First-Filed and Second-Filed Declaratory Judgment Actions involve "substantially similar issues."

Here, ASIC acknowledges that the parties to the two suits are not exactly identical; however, identical parties are not necessary.[36] In the First-Filed Declaratory Judgment Action, the parties are Plaintiff ASIC, Defendant Knight, Intervenor Rippy, and pending Intervenor ACE.[37]

---

[32] *Id.* at p. 17. It should be noted that even if the duty to defend were at issue in one suit and not the other, which is denied, the Court would still need to look at the same evidence—the policy and the Underlying Lawsuit pleadings. As such, Rippy's argument, which is disingenuous at best, is a mere "red herring."

[33] *See Save Power*, 121 F.3d at 950.

[34] *See Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011) ("The rule does not require the cases to be identical"); *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 731, n. 5 (5th Cir. 1985) (noting that incomplete identity of the parties does not require the simultaneous litigation of two essentially identical actions where the parties could obtain complete relief in one forum and any missing parties could probably be joined in that action).

[35] *Mann Mfg.*, 439 F.2d at 408, n. 6; *see also Id.* ("Once the *likelihood* of substantial overlap between the two suits had been demonstrated, it was no longer up to the [court in the second-filed case] to resolve the question of whether both should be allowed to proceed;" that authority belonged to the court in the first-filed case) (emphasis added); *Cadle*, 174 F.3d at 606 ("[O]nce the district court found that the issues *might* substantially overlap, the proper course of action was for the court to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed.") (emphasis added).

[36] *See supra* n. 34.

[37] ACE has filed a Motion for Leave to File Complaint-in-Intervention and Request for Declaratory Relief in the United States District Court for the Western District of Louisiana, Civil Action No.: 6:21-cv-04191, ECF No. 17, which remains pending, and is attached hereto as Exhibit C.

All allegedly necessary parties have been joined in that action through intervention, including Rippy and ACE.[38] In the Second-Filed Declaratory Judgment action, the parties are Rippy, ASIC, and ACE.[39] Thus, with the exception of Knight and improperly joined Risk Specialists, the parties to the two federal declaratory judgment actions are identical.[40]

Additionally, the issues presented and the demands asserted in both the First-Filed and Second-Filed Declaratory Judgment Actions are identical: both seek a declaration regarding the availability of insurance coverage for the judgment against Knight in the Underlying Litigation.[41] Rippy's unsubstantiated assertions to the contrary, neither declaratory judgment action seeks a determination regarding the duty to defend; rather, the Second-Filed Declaratory Judgment Action seeks resolution of the exact issue presented to the Western District of Louisiana in the First-Filed Declaratory Judgment Action, i.e., whether the policies provide coverage for Knight's liability as determined in the already-litigated Underlying Lawsuit. As the Fifth Circuit explained, "[i]n meeting the requirement that the two lawsuits involve 'substantially similar' issues so as to require application of the First-to-File Rule, it is enough that the overall content of each suit is not very

---

[38] Rippy appears to be arguing that it intervened for the limited purpose of filing a motion to dismiss. While intervening for a limited purpose is allowed, Rippy did not do that. *See,* Rippy's Motion for Leave to Intervene in the United States District Court for the Western District of Louisiana, Civil Action No.: 6:21-cv-04191, ECF No. 4 (Exhibit D). *See also, Harris v. Amoco Prod. Co.*, 768 F.2d 669, 674–75 (5th Cir. 1985) (noting an "intervenor is treated as if he were an original party and has equal standing with the original parties"). Additionally, it should be noted that should the United States District Court for the Western District of Louisiana deem Rippy and ACE's intervention to be insufficient and it finds that they are not properly joined parties, ASIC has requested leave of court to name both entities as defendants in the First-Filed Declaratory Judgment Action to cure any defects. Pursuant to Federal Rule of Civil Procedure 15, unless there is substantial reason to deny leave to amend complaint, discretion of federal district court is not broad enough to permit denial. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 546 (5th Cir. 1983) (noting that where plaintiffs pursue amendment of complaint timely, properly and responsibly, denial of motion to amend would be appropriate only if there were no legal basis for amendment).

[39] Although Rippy also named Risk Specialists as a defendant in the instant Second-Filed Declaratory Judgment, the Notice of Removal [R. Doc. 1] asserts that Risk Specialists was fraudulently and/or improperly joined. Rippy has not opposed the removal.

[40] *See* Exhibit A; R. Doc. 1-2, pp. 2–3. Rippy argues in its Opposition that ASIC sued the wrong Knight entity because it did not name the "[r]eorganized" Knight entity. *See,* R. Doc. 23, p. 14. However, ASIC sued Knight Oil Tools, Inc., the named insured under the policy. Moreover, Knight, as it currently exists, has filed a responsive pleading in the Western District of Louisiana, which abolishes Rippy's misplaced concerns that the correct Knight entity was not named in the First-Filed Declaratory Judgment Action, because the current Knight entity is now also joined as a party.

[41] *See* Exhibit A; R. Doc. 1-2, pp. 19–20 ¶¶ 49–50.

capable of independent development, and will be likely to overlap to a substantial degree."[42] The cases need not be identical to be duplicative.[43]

Here, in the First-Filed Declaratory Judgment Action, ASIC seeks a declaration of no coverage under its policy.[44] In addition to its coverage defenses, ASIC also asserts that its policy has not been triggered because the underlying primary policy issued by ACE has not been exhausted.[45] In the instant Second-Filed Declaratory Judgment Action, Rippy alleges breach of contract against ACE and ASIC, and seeks a declaration of coverage under the ACE and ASIC policies.[46] The core issues in the two pending declaratory judgment actions (i.e, insurance coverage to Knight for the Underlying Litigation) are identical.[47] Because it is undisputed that there is "substantial overlap" between the two declaratory judgment actions, ASIC respectfully submits that it is incumbent upon this Court to dismiss the instant action as it was not the first-filed action involving the insurance coverage issues.

### 2. No Compelling Circumstances Exist to Preclude this Court from Adhering to the First-to-File Rule.

Rippy also argues that this Court should make an exception to the first-to-file rule because ASIC engaged in anticipatory forum shopping by filing suit in the Western District of Louisiana.[48] In support of its argument, Rippy alleges that ASIC filed a declaratory judgment action as a "pre-

---

[42] *Mann Mfg.*, 439 F.2d at 407 (internal quotations omitted).
[43] *See id.*
[44] *See* Exhibit A.
[45] *Id.*
[46] *See* R. Doc. 1-2, pp. 14–22.
[47] *See* R. Doc. 1; R. Doc. 1-2, pp. 19–20 ¶¶ 49–50.
[48] *See* R. Doc. 23.

emptory strike in anticipation of another action."[49] However, no compelling circumstances exist in the instant suit that would preclude this Court from adhering to the first-to-file rule.

A proper purpose of a declaratory judgment action is to allow potential defendants to resolve a dispute without waiting to be sued or until the statute of limitations expires.[50] Further, the mere fact that a declaratory judgment action is brought in anticipation of other suits does not require dismissal of the declaratory judgment action by the federal court.[51] The Fifth Circuit has noted that the filing of every lawsuit requires forum selection.[52] Merely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of litigation, is not in itself improper anticipatory litigation or otherwise abusive "forum shopping."[53]

In *Wells Fargo Bank, N.A. v. W. Coast Life Ins. Co.*, 631 F.Supp. 2d 844 (N.D. Tex. 2009), an insurance company filed an action for declaratory judgment in the Southern District of Florida. Two months later, the insured filed a declaratory judgment action in the Northern District of Texas.[54] The insured argued that the court "should make an exception to the first-to-file rule because West Coast was engaging in impermissible 'forum shopping' and was attempting to deprive Texas, the forum with the greatest interest in the litigation, of its ability to resolve the dispute."[55] The court found that "[i]n addition to seeking the same relief, the suits are based on the same life insurance policies, and the same facts surrounding the applications for these policies.

---

[49] R. Doc. 23, p. 19. Rippy also alleges that ASIC violated a Rule 11 agreement, which states that the underlying plaintiffs (i.e., Rippy), "agree not to execute on the judgment against Defendant or its insurers until the appellate courts' issuance of the mandate. As part of this agreement, Plaintiffs agree not to file or assert a judgment lien, abstract judgment, writ of garnishment, or any other post-judgment enforcement mechanism in any court or elsewhere against Defendant prior to the issuance of the mandate. This agreement is not intended to prejudice any rights Plaintiffs may have to enforce the judgment once the appellate courts' mandate issues." *See,* R. Doc. 23-5, p. 5. Importantly, neither defendant Knight nor its insurers, who were not parties to the Underlying Lawsuit, agreed to abstain from having their rights under the policy declared, which is the purpose of the present action. *See, Id.*

[50] *See Texas Employers' Ins. Assoc. v. Jackson*, 862 F.2d 491, 505 (5th Cir. 1988).

[51] *See Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 397 (5th Cir. 2003).

[52] *See id.* at 391–92.

[53] *Id.* at 391.

[54] *Wells Fargo Bank*, 631 F.Supp. 2d at 847.

[55] *Id.*

The suits also involve many of the same parties . . . [and] the suits involve the same legal issues—the validity of the life insurance policies."[56] Given these similarities, the court found that it was clear that the suits substantially overlapped and no compelling circumstances existed to prevent transfer of the Texas case to Florida.[57]

Here, ASIC brought the First-Filed Declaratory Judgment Action against its insured, Knight, on December 7, 2021.[58] Rippy filed the instant declaratory judgment against ASIC, ACE, and improperly joined Risk Specialists on December 29, 2021, *after* ASIC had already filed suit in the Western District of Louisiana.[59] It was eminently reasonable of ASIC to conclude that coverage under its policy for Knight's liability established in the Underlying Lawsuit would become an issue following the judgment (which is in excess of $5 million), particularly since ACE's underlying policy is subject to a $1 million limit of liability. Even though the final judgment was rendered in the Underlying Lawsuit on June 4, 2018, ASIC did not file its declaratory judgment action in the Western District of Louisiana until *after* the judgment against Knight had been appealed and affirmed not once, but twice.[60] Furthermore, ASIC warned Knight of the significant coverage issues related to Rippy's claims through several coverage position letters.[61] In the latest letter issued to Knight on February 26, 2020, ASIC advised Knight that if the judgment was affirmed on appeal, there would be no coverage under the ASIC policy for the judgment in favor of Rippy and against Knight.[62] Thus, even though ASIC filed the First-Filed Declaratory Judgment Action with knowledge that Rippy *might* eventually seek enforcement of the judgment

---

[56] *Id.*

[57] *Id.*

[58] *See* Exhibit A.

[59] *See* R. Doc. 1-2, p. 19.

[60] Tenth Circuit Court of Appeals, at Waco, Texas, affirmed the June 4, 2018 judgment on December 30, 2020. On rehearing, the Texas Tenth Circuit Court of Appeals reaffirmed the trial court's judgment once again on November 10, 2021. *See* Exhibit B, p. 7 ¶¶ f–h.

[61] *See* R. Doc. 4-1; R. Doc. 4-2; R. Doc. 4-3.

[62] *See* R. Doc. 4-3.

against Knight from ASIC, that action was not the product of ASIC attempting to gain access to a federal forum on improper or unfair grounds.

Furthermore, the ASIC policy was issued by ASIC, an eligible surplus lines insurer, to the Named Insured, Knight Oil Tools, Inc., in Lafayette, Louisiana, through Knight's surplus lines producing broker, Knox Insurance Group, LLC, also located in Lafayette, Louisiana.[63] Because the ASIC policy was issued to Knight in Louisiana through a Louisiana producing broker, ASIC filed its declaratory judgment action in the Western District of Louisiana, a court of proper venue, asking that court to make a determination of coverage under a policy that was issued in Louisiana and that is therefore governed by Louisiana's laws, statutes, and regulations.[64] Accordingly, contrary to Rippy's self-serving arguments, ASIC did not engage in impermissible forum shopping by filing a declaratory judgment action in the Western District of Louisiana, which has jurisdiction over this coverage dispute. Therefore, just like in *Wells Fargo Bank*, no compelling circumstances exist to prevent this Court from adhering to the first-to-file rule. Accordingly, ASIC respectfully requests that this Court grant the instant motion filed by ASIC and Risk Specialists and dismiss this Second-Filed Declaratory Judgment Action or transfer the instant suit to the Western District of Louisiana where the First-Filed Declaratory Judgment Action is pending.

   **D. Under a Balance of the *Volkswagon* Transfer Factors, Rippy Cannot Establish that the Instant Matter Should Not be Transferred to the Western District of Louisiana where the First-Filed Declaratory Judgment Action is Pending.**

Rippy next argues that, even assuming the instant Second-Filed Declaratory Judgment Action "might have been brought" in the Western District of Louisiana and that both the instant case and the First-Filed Declaratory Judgment Action overlap, under an analysis of the *Volkswagon* transfer factors, the Court should deny ASIC's request to transfer the instant case to

---

[63] *See* R. Doc. 1-6.
[64] *See infra* n. 85.

Louisiana. The *Volkswagon* transfer factors, however, do not weigh in favor of maintaining the instant suit in this Court.

As explained above, venue is proper in the Western District of Louisiana and, as such, § 1404(a)'s threshold conditions are met. Where § 1404(a)'s threshold conditions are met, the first-to-file rule has not been displaced as a tool affecting the customary multi-factor analysis of convenience and interests of justice.[65] Therefore, it is not necessary for this Court to consider the several public and private interest factors to determine if a transfer of venue best serves the convenience of the parties and witnesses and the interest of justice because the first-to-file rule governs; accordingly, the instant case should be transferred to the Western District of Louisiana, where the First-Filed Declaratory Judgment Action was brought.

Nevertheless, in some circumstances, courts have looked to a balance of the *Volkswagon* transfer factors to determine whether compelling circumstances exist to prevent transfer under the first-to-file rule.[66] The Fifth Circuit has determined that adhering to the first-to-file rule is appropriate unless compelling circumstances exist to support an exception to the rule.[67] Moreover, the Fifth Circuit has explained that "unless the balance of transfer factors favors keeping the case in the second-filed court, there are no compelling circumstances to justify such an exception."[68] "Decisions from both within and outside the Fifth Circuit are to a similar effect in placing the burden on the party that is seeking to establish a compelling circumstances exception to the rule."[69]

---

[65] *See In re: SK hynix Inc.*, 847 Fed. Appx. 847, 853–54 (5th Cir. 2021) (citing *In re: Nitro Fluids, LLC*, 978 F.3d 1308, 1311 (5th Cir. 2020)).

[66] *In re Nitro Fluids L.L.C.*, 978 F.3d at 1311.

[67] *Id.*

[68] *Id.*

[69] *Id.* (citing *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) (requiring "that the party objecting to jurisdiction in the first-filed forum carry the burden of proving 'compelling circumstances' to warrant an exception"); *JumpSport, Inc. v. Springfree L.P.*, No. 6:13-cv-929-JDL, 2014 WL 12600835, at *2 (E.D. Tex. Nov. 17, 2014); *Mobility Elecs., Inc. v. Am. Power Conversion Corp.*, No. 5:07CV83, 2007 WL 9724768, at *3 (E.D. Tex. Oct. 10, 2007) ("[T]he burden is on [the filer of the second-filed suit] to show that compelling reasons exist to avoid the

Further, the Fifth Circuit has reasoned that while the usual transfer analysis gives deference to the plaintiff's choice of forum, that deference is not owed when a party is insisting on having two substantially overlapping proceedings continue at the same time before two different courts.[70] Moreover, unlike in an ordinary transfer analysis, the focus of the first-to-file rule is to avoid potential interference in the affairs of another court.[71] When the first-to-file rule is in play, the Fifth Circuit has made clear that the balance of the transfer factors must show that "more compelling circumstances" exist to support favoring the second-filed court and justify overlooking the first-to-file rule.[72]

Here, Rippy has failed to establish that the transfer factors[73] present circumstances that are compelling enough to support keeping the Second-Filed Declaratory Judgment Action in this Court. The transfer factors analyzed to determine if the convenience of the parties and witnesses and the interest of justice is best served by a transfer of venue include four private interest factors and four public interest factors.[74] The private interest factors include: (1) the ease of access to the relative sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make the trial of a case easy, expeditious, and inexpensive.[75] The public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having disputes regarding activities occurring principally within a particular district decided in that forum;

---

application of the first-to-file rule."); *Datamize, Inc. v. Fid. Brokerage Servs., LLC*, No. 2:03-CV-321-DF, 2004 WL 1683171, at *7 (E.D. Tex. Apr. 22, 2004)).
[70] *In re Nitro Fluids L.L.C.*, 978 F.3d at 1311–12.
[71] *Id.*
[72] *Id.*
[73] *See In re Volkswagon*, 545 F.3d at 315.
[74] *Id.*
[75] *Id.*

(3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary conflict of laws, or in the application of foreign law.[76]

The First-Filed Declaratory Judgment Action and the instant action both seek a declaration related to coverage under the ASIC policy for Knight's liability, which has already been established through a trial and judgment in the Underlying Lawsuit.[77]  Thus, factor one, the ease of access to the relative sources of proof, is a nonissue because ASIC has the transcript from the Underlying Lawsuit, the policy, and the judgment, which is everything the Court needs to render a determination on the issue of coverage. Regarding factors two and three, the availability of compulsory process to secure the attendance of witnesses and the cost of attendance for willing witnesses, Rippy argues that many of the Underlying Lawsuit fact witnesses are located in Texas, which is outside the subpoena power of the Western District of Louisiana, and it would be costly for them to travel.[78] However, these two factors are also immaterial. The underlying factual record is already established, and the underlying judgment has been rendered. The Court is only being asked to apply the policy terms to the already-established underlying facts. Therefore, it is unnecessary for any fact witnesses from the Underlying Lawsuit to appear. Regarding the last private factor, which addresses all other practical problems that make the trial of a case easy, expeditious, and inexpensive, Rippy argues that the Underlying Lawsuit was litigated in Texas, that the policy at issue was underwritten, bound, and issued in Texas, and, again, that none of the Underlying Lawsuits' witnesses live in the Western District of Louisiana.[79] As previously explained, and despite Rippy's claims to the contrary, the ASIC policy was issued to Knight in

---

[76] *Id.*
[77] *See* Exhibit A; R. Doc. 12, pp. 19–20 ¶¶49–50.
[78] *See* R. Doc. 23, pp. 22–23.
[79] *Id.* at p. 24. Additionally, Rippy continues to wrongfully allege that Risk Specialists is a citizen of Texas. As asserted in the Notice of Removal, Risk Specialists is *not* a citizen of Texas. *See* R. Doc. 1; R. Doc. 1-6.

Louisiana through a Louisiana broker.[80] Further, both declaratory judgment actions, which address purely legal questions of contract interpretation, likely will be resolved via the summary judgment process, and the "ease" of trial will be of no merit here. Accordingly, none of the private *Volkswagon* transfer factors weigh in favor of keeping the instant Second-Filed Declaratory Judgment Action in this Court.

As to the public interest transfer factors, Rippy admits that factor one, the administrative difficulties flowing from court congestion, are neutral as to both this Court and the Western District of Louisiana.[81] Regarding factor two, the local interest in having disputes regarding activities occurring principally within a particular district decided in that forum, Rippy argues that this Court has an interest in resolving a judgment arising out of Texas litigation from policies of liability insurance that were underwritten, bound, and issued in Houston, Texas.[82] Again, as previously mentioned, the ASIC policy was a Louisiana policy, issued to a then-Louisiana entity, Knight Oil Tools, Inc., in Lafayette, Louisiana, through a Louisiana broker, Knox.[83] Louisiana has an interest in adjudicating disputes over Louisiana contracts entered into in Louisiana. With regard to factor three, the familiarity of the forum with the law that will govern the case, as the policy at issue is a Louisiana contract, Louisiana law will apply to the interpretation of the ASIC policy.[84] The District Court for the Western District of Louisiana is indisputably familiar with the Louisiana law that will govern the policy. As such, allowing the Western District of Louisiana to hear coverage issues under the policy would ease any concerns relating to factor four by avoiding any unnecessary

---

[80] *See* R. Doc. 1-6.
[81] *See* R. Doc. 23, p. 24.
[82] *Id.*
[83] *See* R. Doc. 1-6.
[84] *See Q Clothier New Orleans LLC v. Twin City Fire Ins. Co.*, 535 F.Supp. 3d 574, 580 (E.D. La. 2021), *aff'd sub nom. Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins. Co.*, 29 F.4th 252 (5th Cir. 2022) (noting that Louisiana's choice of law rules provide that "the law of the state where the insurance contract was issued and executed generally governs the interpretation of that contract" (citing *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 512 (5th Cir. 2014) (applying Louisiana law) (quoting *Woodfield v. Bowman*, 193 F.3d 354, 360 (5th Cir. 1999)).

problems with the application of Louisiana law. Admittedly, this Court can also apply Louisiana law to the policy at issue. Factor three, therefore, either favors the Western District of Louisiana, or is, at a minimum, neutral. Accordingly, the public interest factors do not support keeping the instant Second-Filed Declaratory Judgment Action in this Court.

When a defendant is hauled into court, some inconvenience is expected and acceptable.[85] Assuming that jurisdiction exists and venue is proper, the fact that litigating would be more convenient for the defendant elsewhere is not enough to justify transfer when the first-to-file rule is in play.[86] In other words, the standard is not met by showing one forum is more likely than not to be more convenient; instead, the party must adduce evidence and arguments that clearly establish good cause for transfer based on convenience and justice.[87] Rippy has utterly failed to demonstrate that the Southern District of Texas is a *clearly* more convenient forum than the Western District of Louisiana. Further, as it was Rippy's burden to establish that the balance of the transfer factors favors the second-filed court (i.e., this Court), Rippy has failed to establish "that more compelling concerns exist to justify overlooking the First-to-File Rule."[88]

Therefore, ASIC and Risk Specialists respectfully submit that this Court should either dismiss this instant Second-Filed Declaratory Judgment Action or transfer venue of the instant action to the Western District of Louisiana, where the First-Filed Declaratory Judgment Action is pending.

## III.   CONCLUSION

Because the First-Filed Declaratory Judgment Action, which presents an actual controversy and is ripe for adjudication, addresses the same issue as the Second-Filed Declaratory

---

[85] *See Def. Distributed v. Bruck*, 30 F.4th 414 (5th Cir. 2022).
[86] *See id.*; *In re Nitro Fluids L.L.C.*, 978 F.3d at 1311–12.
[87] *See id.*; *In re Volkswagon*, 545 F.3d at 314–315.
[88] *See In re Nitro Fluids L.L.C.*, 978 F.3d at 1311–12.

Judgment Action, i.e., whether or not the ASIC policy provides coverage for Knight's liabilities arising out of the Underlying Lawsuit filed by Rippy, ASIC respectfully requests that this Honorable Court dismiss this case, or in the alternative that this Court stay this case or transfer it to the United States District Court for the Western District of Louisiana.

Respectfully Submitted,

*/s/ Robert I. Siegel*
ROBERT I. SIEGEL (#24054171)
C.J. CHAMBERS (TX#260069)
**GIEGER, LABORDE & LAPEROUSE, LLC**
5151 San Felipe, Suite 750
Houston, TX 77056
Telephone: (823) 255-6000
Facsimile:     (823) 255-6001
Email:         rsiegel@glllaw.com
E-mail:        cchambers@glllaw.com

and

One Shell Square, Suite 4800
701 Poydras Street
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile:     (504) 561-1011

*Counsel for:*
*AIG Specialty Ins. Co. f/k/a Chartis Specialty Ins. Co.* and
*Risk Specialists Companies Insurance Agency, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel for all parties to this proceeding**.**

*/s/ Robert I. Siegel*
ROBERT I. SIEGEL

19

**<u>APPENDEIX</u>**

Case 4:22-cv-00276   Document 30-1   Filed on 04/29/22 in TXSD   Page 25 of 34

§ 3806.1 Section 1391(b)(3)—The Fallback Provision, 14D Fed. Prac. & Proc. Juris. §...

**14D Fed. Prac. & Proc. Juris. § 3806.1 (4th ed.)**

Federal Practice and Procedure (Wright & Miller)  |  April 2022 Update

Jurisdiction and Related Matters

Chapter 8. Venue in the District Courts
Richard D. Freer

A. Venue—In General

# § 3806.1 Section 1391(b)(3)—The Fallback Provision

Historically, the general venue statute, 28 U.S.C.A. § 1391, [1] featured separate subsections to prescribe venue: Section 1391(a) applied in cases invoking diversity of citizenship jurisdiction and Section 1391(b) applied in federal question cases. The Federal Courts Jurisdiction and Venue Clarification Act of 2011 (FCJVCA) [2] replaced that structure with a unitary provision —Section 1391(b)—which prescribes permissible venue for any "civil action," regardless of the basis of federal subject matter jurisdiction. The preceding two sections of this chapter discussed "residential" venue under Section 1391(b)(1) and (2) "transactional" venue under Section 1391(b)(2). Those two are alternatives—the plaintiff may choose to lay venue in either one that is satisfied. [3]

The focus here is on "fallback" venue under Section 1391(b)(3), which provides:

> if there is no district in which an action may otherwise be brought as provided in this section, [venue may be laid in] any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Many plaintiffs have seized on this broad provision of venue—requiring only that "any defendant" be subject to the forum district's personal jurisdiction—and attempted to use Section 1391(b)(3) as an alternative to Sections 1391(b)(1) and (b) (2). These plaintiffs make a fundamental error. Section 1391(b)(3) is not an alternative to the other two. Section 1391(b) (3) applies *only* if there is no federal district that will satisfy either the residential venue or transaction venue provisions. It is not enough that the *forum district* does not satisfy residential or transaction venue. There must be no federal district *anywhere in the United States* that satisfies either Section 1391(b)(1) or Section 1391(b)(2). [4]

Such cases are rare. If Section 1391(b)(3) were an alternative to residential and transactional venue, it would render those two superfluous. There would be no need to inquire into where the defendant resides or where the claim arose if venue were proper in any district in which any defendant is subject to personal jurisdiction. The grant of fallback venue is so broad precisely because the class of cases to which it applies is so narrow. [5] For example, fallback venue is never available if any substantial part of the claim being asserted arose anywhere in the United States. In such a case there will be a federal district in which

Case 4:22-cv-00276  Document 30-1  Filed on 04/29/22 in TXSD  Page 26 of 34

§ 3806.1 Section 1391(b)(3)—The Fallback Provision, 14D Fed. Prac. & Proc. Juris. §...

venue is proper under 🔖 Section 1391(b)(2). And, again, if there is any federal district anywhere in the country that will satisfy either 🔖 Section 1391(b)(1) or Section 1391(b)(2), the fallback venue provision is absolutely irrelevant.

Surprisingly, some courts have missed this point, and have treated 🔖 Section 1391(b)(3) as an alternative to 🔖 Sections 1391(b)(1) and (b)(2). [6] The mistake is usually made, however, in cases in which the court uses the fallback provision as an extra reason to dismiss. Still, the error is mystifying in view of the clarity of the statutory provision.

In those rare cases in which it does apply—for instance, when the claim arose overseas and when there is no district in the United States that will satisfy residential venue— 🔖 Section 1391(b)(3) is indeed broad. It is intended to avoid a possible gap in cases in which there is subject matter jurisdiction and personal jurisdiction, but, absent 🔖 Section 1391(b)(3), would be no venue. All it requires is that "any defendant"—not all defendants—be subject to personal jurisdiction in the forum district "with respect to [the] action."

🔖 Section 1391(b)(3) does not constitute a grant personal of jurisdiction. Personal jurisdiction over each defendant must be assessed separately and satisfied, as in any case. If there is personal jurisdiction over the defendant, venue should present no problem, because the fallback venue provision will be satisfied. On the other hand, if there are two defendants, only one of whom is subject to personal jurisdiction in the forum district, there will be a problem. Though venue against both will be proper under 🔖 Section 1391(b)(3)—because it requires only personal jurisdiction over "any" defendant (not all defendants)—the other defendant will be able to challenge the forum district on personal jurisdiction (though not venue) grounds. It is possible that personal jurisdiction may be provided in certain federal question cases by a statute for nationwide or even worldwide service of process or, [7] in general federal question cases, by Civil Rule 4(k)(2). [8]

It is important that 🔖 Section 1391(b)(3) requires personal jurisdiction in the "judicial district," and not in the state in which the federal court sits. Accordingly, when the forum is a state with multiple federal districts, the personal jurisdiction assessment is based upon contacts with the district, and not with the state as a whole.

Venue is a waivable defense, so defendant may consent to venue by failing to make a timely and appropriate response. [9] Assuming the defendant raises the issue, it appears that most courts then place on the plaintiff the burden of showing that 🔖 Section 1391(b)(3) applies. That is, the plaintiff must show that no district satisfied either 🔖 Section 1391(b)(1) or Section 1391(b)(2) before undertaking to show that venue is proper under 🔖 Section 1391(b)(3). [10] There is some support, however, for the view that the defendant must show that there is another district in which the action could be brought under 🔖 Section 1391(b)(1) or Section 1391(b)(2). Under this view, the defendant's failure to make this showing means that the fallback venue provision applies. [11]

As noted at the outset of this section, historically 🔖 Section 1391 had separate provisions for venue in diversity of citizenship cases ( 🔖 Section 1391(a)) and for federal question cases ( 🔖 Section 1391(b)). One of the reasons the FCJVCA changed to a unitary system for all civil actions was that the two provisions were identical concerning residential and transactional venue. Oddly, however, they differed slightly with regard to fallback venue. 🔖 Section 1391(a)(3) allowed fallback venue in diversity cases in a district in which any defendant "is subject to personal jurisdiction at the time the action is commenced." 🔖 Section 1391(b)(3) allowed fallback venue in federal question cases in a district in which any defendant "may be found." The different language was the unfortunate remnant of a string of absurd mistakes Congress made in trying to amend the venue statute. [12] In reality, the different provisions had very little impact because (1) fallback venue applies to few cases and (2) courts generally equated "may be found" with "subject to personal jurisdiction." [13] Nonetheless, Congress acted wisely in choosing to make the provision unitary for all cases and in choosing the "personal jurisdiction" language.

Nonetheless, the FCJVCA did change the time at which personal jurisdiction is to be assessed. As noted, the earlier provision spoke of "personal jurisdiction at the time the action is commenced." The new provision speaks of "personal jurisdiction

with respect to [the] action." The legislative history indicates that the new phrase "is intended to avoid the possibility of an overly broad assertion of venue." [14] Oddly, however, the new language seems broader. For instance, a defendant who waives personal jurisdiction by failing to make a timely objection was not subject to personal jurisdiction "at the time the action [was] commenced." But such a defendant would be subject to personal jurisdiction "with respect to [the] action." The issue is discussed in detail in another section of this chapter. [15]

Finally, it may be argued that, in two particulars, personal jurisdiction as incorporated through a venue statute, as in Section 1391(b)(3), should not be assessed in the same way as personal jurisdiction would be assessed in a motion to dismiss under Civil Rule 12(b)(2). First is whether the assessment is made pursuant to any relevant state statute as well as the constitutional test for minimum contacts. This question is discussed in another section. [16] Second, personal jurisdiction and venue protect different interests and therefore may be interpreted differently. "[T]he considerations underlying personal jurisdiction are not the same as those underlying venue." [17] The issue is discussed in another section as well. [18]

Westlaw. © 2022 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

## Footnotes

1    **Section 1391**
For an overview of the general venue statute, see § 3804. For discussion of the historical development of general federal statutes, see § 3802.

2    **FCJVCA**
Act of Dec. 7, 2011, Pub. L. No. 112-63, 125 Stat. 758. The FCJVCA applies to federal civil cases filed on or after January 6, 2012 and to cases removed from state court that were "commenced" under state law in the state court on or after January 6, 2012. The older version of Section 1391, discussed in § 3802, applies to cases filed before the effective date.

3    **First two choices are alternatives**
See § 3804, text accompanying notes 22 and 23.

4    **Does not apply**
Venue could not be based upon § 1391(a)(3) [now § 1391(b)(3)] because venue was proper in the District of Utah under another section of the statute. Section 1391(a)(3) is implicated only when §§ 1391(a)(1) and (2) [now §§ 1391(b)(1) and (2)] are not satisfied. Employers Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1166 (10th Cir. 2010).
Allen v. American Federation Of Government Employees AFL-CIO, 198 Fed. Appx. 16, 17 (1st Cir. 2006).
Venue in a civil action based on diversity jurisdiction may be predicated on the fallback subdivision of the venue statute only when no other subdivision is satisfied. The fallback subdivision does not dictate that venue is improper in diversity cases any time the case could be brought in another district. Algodonera De Las Cabezas, S.A. v. American Suisse Capital, Inc., 432 F.3d 1343, 1345 (11th Cir. 2005).
Farmer v. Levenson, 79 Fed. Appx. 918, 920 (7th Cir. 2003).
The language of § 1391(a)(3) [now § 1391(b)(3)] "does not mean that venue is improper in one district merely because there is another equally appropriate district in which the defendants are subject to personal jurisdiction at the time the action is commenced." Doctor's Associates, Inc. v. Stuart, 85 F.3d 975, 983 (2d Cir. 1996).
Venue provision of 28 U.S.C.A. § 1391(b)(3) is not an alternative to the other two sections of § 1391. Rather, § 1391(b)(3) applies only if there is no federal district anywhere in the United States

Case 4:22-cv-00276  Document 30-1  Filed on 04/29/22 in TXSD  Page 28 of 34

§ 3806.1 Section 1391(b)(3)—The Fallback Provision, 14D Fed. Prac. & Proc. Juris. §...

that satisfies either § 1391(b)(1) or § 1391(b)(2). Because a substantial part of the events underlying the claim occurred in the Central District of California, venue was proper there, which rendered § 1391(b)(3) inapplicable. Zorikova v. Gish, 2021 WL 4555799 at *1 (W.D. Tex. 2021), **quoting Wright, Miller, Cooper & Freer**.

Because venue was proper in federal district in Florida, 28 U.S.C.A. § 1391(b)(3) did not apply. It applies only when no district in the country will satisfy either venue choice under § 1391(b)(1) or § 1391(b)(2). Laios v. MTM Builder/Developer, Inc., 2021 WL 4478712 at *6 (D. Md. 2021), **citing Wright, Miller, Cooper & Freer**.

Because venue was proper in districts in Florida, New York, and Massachusetts, 28 U.S.C.A. § 1391(b)(3) does not apply. DeBarros v. Frank, 2020 WL 5570005, *9 (D.R.I. 2020), report and recommendation adopted, 2021 WL 165096 (D.R.I. 2021).

Because venue was proper in the Southern District of Texas, 28 U.S.C.A. § 1391(b)(3) did not apply. Montrose Environmental Group, Inc. v. Yeddula, 2020 WL 4335522, *5 n.5 (D. Del. 2020), report and recommendation adopted, 2021 WL 355155 (D. Del. 2021).

Because venue would be proper in the District of Maryland under 28 U.S.C.A. § 1391(b)(1) and (2), § 1391(b)(3) did not apply. Roberts v. Bishop, 2020 WL 2735669, *1 (D. Mass. 2020).

Because residential venue was proper in the Northern District of California, 28 U.S.C.A. § 1391(b)(3) could not validate venue in the present district. Doshier v. Twitter, Inc., 2019 WL 4857636, *5 (E.D. Ark. 2019).

Fallback venue provision of 28 U.S.C.A. § 1391(b)(3) did not apply where another district would be proper under residential venue. In re Nissan North America, Inc. Litigation, 2019 WL 4601557, *6 (N.D. Cal. 2019).

Because residential venue was available in another federal district, 28 U.S.C.A. § 1391(b)(3) did not apply. Moreland v. Raytheon Company, 2019 WL 3080795, *3 (E.D. Cal. 2019).

If venue is proper in any district under 28 U.S.C.A. § 1391(b)(1) or under § 1391(b)(2), then § 1391(b)(3) cannot apply. "Plaintiff cannot establish venue under this section since there is a district in which this action could have been brought under Section 1391: the Western District of Texas." Rex Real Estate I, L.P. v. Rex Real Estate Exchange, Inc., 2019 WL 2524830, *5-6 (E.D. Tex. 2019), **quoting Wright, Miller, Cooper & Freer**.

Because venue was available in another federal district, 28 U.S.C.A. § 1391(b)(3) did not apply. Nelson v. Wells Fargo Bank, N.A., 2019 WL 2514229, *10 (S.D. N.Y. 2019).

"And finally, the catch-all provision of § 1391(b)(3) does not apply, because the Eastern District of Virginia is clearly a proper venue: uncontested facts provided by ECI indicate that the allegedly retaliatory decisions leading to Moland's claims were made from Explosive Countermeasure's headquarters, which are located in that district. The Eastern District of Virginia is therefore a district where a substantial part of the events giving rise to Moland's claims occurred, satisfying § 1391(b)(2)." Moland v. Explosive Countermeasures International, Inc., 2019 WL 2184824, *6 (D.D.C. 2019).

Venue was not proper in the District of Columbia. Defendants resided in New Jersey and it appeared that all events giving rise to the claim occurred in that state as well. "Plaintiff cannot resort to the residual opportunity to lay venue in simply any district court where personal jurisdiction may lie, for there is a federal district in which venue would be proper." Gage v. Somerset County, 322 F. Supp. 3d 53, 57 (D.D.C. 2018).

28 U.S.C.A. § 1391(b)(3) did not apply because an alternative venue existed under § 1391(b)(2). Yerramsetty v. Dunkin' Donuts Northeast, Inc., 2018 WL 4932890 at *3 (D.N.J. 2018).

"Plaintiff attempts to counter Defendant's suggestion of improper venue by addressing law and facts that, while relevant to a Court's determination about personal jurisdiction, are not relevant to venue. Because a federal judicial district in California would be a proper venue under Section 1391(b)(2), the catch-all

Case 4:22-cv-00276 Document 30-1 Filed on 04/29/22 in TXSD Page 29 of 34

§ 3806.1 Section 1391(b)(3)—The Fallback Provision, 14D Fed. Prac. & Proc. Juris. §...

provision in Section 1391(b)(3) does not apply." *Silver v. Hamrick & Evans, LLP*, 2018 WL 3801249 at *6 (D.N.M. 2018).

Venue was not proper in the District of Maryland under 28 U.S.C.A. § 1391(b)(3) because the action may have been brought in the Eastern District of Virginia. Moreover, the court lacked personal jurisdiction over the defendants. *Cranford v. Tennessee Steel Haulers, Inc.*, 2018 WL 3496428 at *10 (D. Md. 2018), **quoting Wright, Miller, Cooper & Freer**.

"Because venue would be proper in a different district, 28 U.S.C. § 1391(b)(3) does not apply." *Mitchell v. Brennan*, 2018 WL 3214755 at *2 n.1 (W.D. Tenn. 2018), report and recommendation adopted, 2018 WL 3214228 (W.D. Tenn. 2018).

28 U.S.C.A. § 1391(b)(3) did not apply because venue was proper in another district under § 1391(b)(1). *Pictures Words, Inc. v. CM Services Sales and Marketing Group, Inc.*, 2018 WL 3208088 at *2 (N.D. Cal. 2018).

Because the Southern District of Texas was a proper venue under 28 U.S.C.A. § 1391(b)(2), the fallback provision of 28 U.S.C.A. § 1391(b)(3) did not apply. *Buc-ee's, Ltd. v. Bucks, Inc.*, 262 F. Supp. 3d 453 (S.D. Tex. 2017), **citing Wright, Miller, Cooper & Freer**.

Section 1391(b)(3) could not apply because residential venue could properly be lodged in a district in Florida. *April Ademiluyi v. National Bar Association*, 2016 WL 4705536, at *3 (D. Md. 2016), **citing Wright & Miller**.

"And because § 1391(b)(2) would be satisfied in the District of Connecticut, § 1391(b)(3) does not apply." *Lopez v. Ocwen Loan Servicing, LLC*, 2016 WL 4530902, at *1 (S.D. N.Y. 2016).

Fallback venue provision did not apply because another district satisfied § 1391(b)(2). Fallback provision "only applies when no other federal district in the United States is an appropriate venue under § 1391(b)(1) or § 1391(b)(2)." *Adhikari v. KBR, Inc.*, 2016 WL 4162012, at *9 (E.D. Va. 2016), **citing Wright & Miller**.

Because venue would be proper in the Western District of Washington, 28 U.S.C.A. § 1391(b)(3) did not apply. *Everest Indemnity Insurance Co. v. Ro*, 2016 WL 4007578, at *6 (D. Minn. 2016).

"Finally, § 1391(b)(3) does not apply because this case could have been brought in the Eastern District of Arkansas." *Dalton v. Atchison*, 2016 WL 3440106, at *2 (D. Ariz. 2016).

28 U.S.C.A. § 1391(b)(3) did not apply because there was another judicial district in which venue would be proper. *Picone v. Northeast Ohio Correctional Center*, 2015 WL 5782074, *2 n.2 (W.D. Pa. 2015).

Venue would not be considered under 28 U.S.C.A. § 1391(b)(3) because there were districts that satisfied other basis for venue. *Bell v. Rosen*, 2015 WL 5595806, *3 (S.D. Ga. 2015).

"The catchall provision does not apply where § 1391(b)(1) or (2) supplies an available venue so that argument is without merit." *Flores v. TDCJ Transitorial Planning Depart. Southern Region Inst. Div.*, 2015 WL 5554630, *4 (S.D. Tex. 2015).

Plaintiff erroneously relied upon venue under 28 U.S.C.A. § 1391(b)(3) in case in which venue was proper under § 1391(b)(2). *Hirsch v. Johnson*, 2014 WL 2916748, *7 n.3 (E.D. Va. 2014), **citing Wright, Miller, Cooper & Freer**.

Venue could not be based in the Eastern District of New York under 28 U.S.C.A. § 1391(b)(3) because transactional venue could be laid in the Northern District of Georgia. *Gonsalves-Carvalhal v. Aurora Bank, FSB*, 2014 WL 201502, *7 (E.D. N.Y. 2014), **citing Wright & Miller**.
"Both parties agree that this action could have been brought in the Eastern District, and the court agrees. As there is a district in which this action could have been brought, section 1391(b)(3) does not apply."

*Holdridge v. TricorBraun Inc.*, 2013 WL 3213318, *3 (N.D. Tex. 2013).

Case 4:22-cv-00276 Document 30-1 Filed on 04/29/22 in TXSD Page 30 of 34

§ 3806.1 Section 1391(b)(3)—The Fallback Provision, 14D Fed. Prac. & Proc. Juris. §...

"There is no need for the Court to analyze this claim under 📙 § 1391(b)(3) because it finds that venue is proper under both 📙 § 1391(b)(1) and § 1391(b)(2)." MacDermid Printing Solutions, LLC. v. Clear Stamp, Inc., 2013 WL 3176887, *5 (N.D. Ind. 2013).

Because venue was proper in another district, 📙 § 1391(b)(3) did not apply. Vision Wine & Spirits, LLC v. Winery Exchange, Inc., 2013 WL 1737015, *2 (D.N.J. 2013).

📙 Section 1391(b)(3) was "inapplicable for the simple reason that venue is proper in the District of Arizona." Haigler v. Grand Canyon Educ., Inc., 2013 WL 3147328, *4 (W.D. Mich. 2013).

"Plaintiff advances only one argument as to why venue is proper in this court; namely, that 📙 section 1391(b)(3) provides a basis for venue. But subparagraph 3 only applies when venue could not be proper in any district under subparagraphs 1 or 2." Pfister v. Selling Source, LLC, 2013 WL 1150014, *7 (D. Nev. 2013).

"If, and only if, there is no other district in which venue is proper as to both NPS and Orion, Niagara can establish venue in this district if the Court has personal jurisdiction over either NPS or Orion. Niagara makes no argument as to this prong; hence the Court assumes its inapplicability. As Niagara fails to establish that this district is the proper venue, under 28 U.S.C. §§ 1291(b)(1), (2), or (3), for its claim against Orion, the Court must either dismiss those claims or transfer them elsewhere." Niagra Bottling, LLC v. Orion Packaging Systems, LLC, 2012 WL 1747398, *6 (C.D. Cal. 2012).

Because venue could be laid in the District of Connecticut, 📙 § 1391(b)(3) did not apply. "By the plain language of the statute, * * * that hook applies only if there is no other district in which the action may be brought. That is not the case." Safety Software Ltd. v. Rivo Software, Inc., 2012 WL 1267889, *5 (S.D. N.Y. 2012).

"Both subsection 1391(b)(1) and subsection 1391(b)(2) suggest venue in this case would be proper in the Southern District of New York. All of the defendants reside in New York, and the plaintiff does not allege any part of the events giving rise to the claim took place outside of New York. Because venue would be proper in New York, subsection 1391(b)(3) is inapplicable and venue is therefore not proper in Maryland—even in AHM Management is subject to personal jurisdiction in Maryland, as plaintiff appears to allege." Fitzpatrick v. Allyn, 2012 WL 346634, *3 (D. Md. 2012).

Although defendant may have been subject to personal jurisdiction in the District of New Jersey, 📙 § 1391(a)(3) [now 📙 § 1391(b)(3)] did not apply because action could have been brought in district in Ohio where defendant resides. Community Surgical Supply of Toms River, Inc. v. Medline DiaMed, LLC, 2011 WL 3235706, *2 (D.N.J. 2011).

Because all defendants resided in Central District of California, venue was proper there under 📙 § 1391(a)(1) [now 📙 § 1391(b)(1)], and 📙 § 1391(a)(3) [now 📙 § 1391(b)(3)] did not apply. Richmond Technologies, Inc. v. Aumtech Business Solutions, 2011 WL 2607158, *8–9 (N.D. Cal. 2011), **quoting Wright, Miller & Cooper**.

"📙 Section 1391(b)(3) does not apply because that provision is only applicable when there is no district in which the action may otherwise be brought." McDowell v. Ham, 2011 WL 2560342, *2 (N.D. Fla. 2011), report and recommendation adopted, 2011 WL 2560328 (N.D. Fla. 2011), **citing Wright & Miller**.

Plaintiff could not rely on 📙 § 1391(b)(3) to establish venue in the District of Columbia, because that section "is only applicable if there is no district in which venue is proper under one of the venue statute's first two provisions." Ciralsky v. C.I.A., 689 F. Supp. 2d 141, 162 (D.D.C. 2010) (citation omitted). Though defendants did not reside in the forum district, and thus residential venue was not satisfied, transactional venue was proper because a substantial part of events giving rise to plaintiff's claim arose in district. EnviroGLAS Products, Inc. v. EnviroGLAS Products, LLC, 705 F. Supp. 2d 560, 569 (N.D. Tex. 2010).

"Finally, 📙 § 1391(b)(3) does not provide a basis for venue. It applies only when venue will not lie in any district under 📙 § 1391(b)(1) or (2), and proper venue can be established in this case under 📙 § 1391(b)(1) or (2)." Shay v. Sight & Sound Systems, Inc., 668 F. Supp. 2d 80, 85 (D.D.C. 2009).

Section 1391(a)(3) [now § 1391(b)(3)] did not apply because there was a district in which the action might be brought. Alltech, Inc. v. Carter, 2010 WL 988987, *2 (E.D. Ky. 2010), **citing Wright, Miller & Cooper**.

Because transactional venue was proper in the Eastern District of North Carolina, § 1391(b)(3) did not apply. Thornberry v. Federal Bureau of Prisons, 535 F. Supp. 2d 154, 157 (D.D.C. 2008).

"Because the second option is available in this case to determine the proper venue, subsection (3) is also inapposite. The last proviso of § 1391 is 'a fallback provision that can only be used when, and only when, there is no district in which a case otherwise could be brought in accordance with the venue statutes.'" U.S. v. Great American Ins. Co., 2007 WL 3034363, *3 n.7 (D.P.R. 2007), **citing Wright, Miller, & Cooper.**

The court noted that "the third circumstance [of Section 1391] does not apply because it is intended only as a fallback provision to be used only when venue does not lie under the previous two provisions." Masterson v. Swan Range Log Homes, LLC, 2007 WL 625387, *2 (D. Idaho 2007).

Venue was improper under the fallback provision even when the defendant consents to suit in that venue. Although a defendant can waive venue by not raising an objection, the court could find no authority for the proposition that an agreement is sufficient to confer affirmatively venue in a forum in which venue otherwise would not lie, especially when the plaintiff resists transfer and has filed suit in a statutorily prescribed district. Books Are Fun, Ltd. v. Bullard, 2006 WL 726291, *2 n.1 (D. Colo. 2006).

Venue could not be proper in Iowa under Section 1391(a)(3) [now § 1391(b)(3)] when venue would have been proper in Wisconsin under Section 1391(a)(2). Despite clear impropriety of venue, the defendant waived the right to object by failing to do so in the original Rule 12(b) motion. Rick ex rel. Rick, Estate of v. Stevens, 145 F. Supp. 2d 1026, 1035 (N.D. Iowa 2001).

Fact that sole defendant resided in Maryland meant venue could have been placed there, rendering § 1391(b)(3) inapplicable. Colonial Bank v. Culp, 2001 WL 505712, *1 (M.D. Ala. 2001).

"* * * I interpret this language to mean that Section 1391(b)(3) may only be utilized if there is no other district which would have personal jurisdiction and venue as to all defendants." One defendant could be found in Delaware, because it was incorporated there, but the action could have been brought in the Eastern District of Virginia, as that court had personal jurisdiction over all the defendants and the events giving rise to the transaction occurred there. Therefore Section 1391(b)(3) did not apply and suit could not be brought in Delaware. FS Photo, Inc. v. PictureVision, Inc., 48 F. Supp. 2d 442, 448 (D. Del. 1999).

5  **Intent**

"Venue premised on § 1391(b)(3) is relatively broad, presumably owing to a desire to provide some forum for relief of claims, when no forum would otherwise be available. This subsection is only applicable if there is no district in which venue is proper under one of the venue statute's first two provisions."

Fraserside IP L.L.C. v. Gamma Entertainment, Inc., 2012 WL 1155682, *14 (N.D. Iowa 2012), opinion clarified on other grounds, 2012 WL 2196101 (N.D. Iowa 2012).

6  **Some courts have missed**

After noting that residential venue would be proper in New York, court nonetheless appeared to assess whether venue was proper under 28 U.S.C.A. § 1391(b)(3): "Plaintiff has not provided any facts to support any basis for personal jurisdiction in Maryland as to Dobbs or the corporate defendants. Therefore, this provision is not applicable here." Corporate Universe, Inc. v. Emry Capital Group, Inc., 2021 WL 3603040 at *3 (D. Md. 2021).

After finding venue to be proper as to Georgia defendants, evidently because they resided in the Northern District of Georgia, the court purported to find venue proper for all defendants under 28 U.S.C.A. § 1391(b)(3) without assessing whether there was a district somewhere in the United States that would have been proper. RMS Titanic, Inc. v. Zaller, 978 F. Supp. 2d 1275, 1303 (N.D. Ga. 2013).

In a dispute between a New York corporation with its principal place of business in Massachusetts and an Iowa corporation doing business in Iowa regarding alleged trademark and other violations in the domestic context, the court considered venue under Section 1391(b)(3) after saying "Section 1391(b)(2) is

WESTLAW  © 2022 Thomson Reuters. No claim to original U.S. Government Works.

inapplicable, because Foreign Candy does not argue, and I cannot find, that a substantial part of the events or omissions giving rise to Foreign Candy's claims occurred in this judicial district." Foreign Candy Co., Inc. v. Tropical Paradise, Inc., 2013 WL 3155960, *17 (N.D. Iowa 2013). The proper inquiry would have been whether a substantial part of the claim arose in any district in the United States. If so, as must have been the case in this domestic dispute between domestic businesses, Section 1391(b)(3) could not apply. The court rejected venue under the fallback provision because the defendant was not subject to personal jurisdiction in the forum district. 2013 WL 3155960 at *57.

"Pomeroy was found in this district and was personally served here, and venue therefore is proper under § 1391(b)(3)." Court was discussing a Bivens claim for alleged deprivation of constitutional rights occurring either in North Carolina or Pennsylvania. Because transactional venue would have been proper in at least one of those districts, § 1391(b)(3) would appear to be inapplicable. Patel v. Phillips, 2013 WL 1248380, *10 (D.D.C. 2013). The court listed the three subsections of § 1391(b) as alternatives. 2013 WL 1248380 at *10.

Although defendant resided in Alabama, which is where the claim arose as well, court discussed and rejected venue under § 1391(b)(3). Lietzke v. County of Montgomery, 2013 WL 1033037, *4 (D. Utah 2013).

The court first determined that venue could not be established under Section 1391(b)(3), because none of the defendants could be found within the district, then proceeded to find venue proper under Section 1391(b)(2). Wojtunik v. Kealy, 2003 WL 22006240 (E.D. Pa. 2003).

Although all the defendants could be "found" in the district, the case was dismissed for improper venue in Louisiana under Section 1391(b)(3), because venue was proper in Georgia under Section 1391(b)(2). Little Drummer Boy Productions, Inc. v. Our Loving Loving Mother's Children, Inc., 2001 WL 766963 (E.D. La. 2001).

The court upheld venue under § 1391(a)(3) [now § 1391(b)(3)] because defendant was subject to personal jurisdiction in district, but failing to consider propriety of venue either under § 1391(a)(2) or in other districts. Peyman v. Johns Hopkins University, 2001 WL 674160 (E.D. La. 2001).

Court applied § 1391(a)(3) [now § 1391(b)(3)] without first determining whether § 1391(a)(1) or (a)(2) [now § 1391(b)(1) or (b)(2)] permitted venue in another district. Hawkins v. Jones, 2001 WL 304042 (E.D. La. 2001).

The last two cases involved § 1391(a), which, at the time the cases were decided, prescribed venue choices for diversity of citizenship cases. As noted in the text, the FCVJCA has substituted a unitary provision for all civil actions. Thus, today, the relevant provisions would be found in § 1391(b).

**7**  **Nationwide or worldwide service of process**

Defendants were subject to personal jurisdiction in the Southern District of New York because that district would have personal jurisdiction over defendants under nationwide service of process provision for securities cases, 15 U.S.C.A. § 78aa(a). Thus venue was proper in that district under § 1391(b)(3). Szulik v. TAG Virgin Islands, Inc., 858 F. Supp. 2d 532, 537 (E.D. N.C. 2012).

**See**

An example is a provision of the Clayton Act allowing service of process throughout the world. 15 U.S.C.A. § 22. There is a significant question as to whether this statute may be applied, however, when using a venue provision other than one provided in the antitrust laws. See § 3818. Another example is ERISA, which has a provision for nationwide service of process. 29 U.S.C.A. § 1132(e)(2). See § 3825, notes 34 through 44.

**8**  **Civil Rule 4(k)(2)**

This Rule provides that "[f]or a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: * * * (B) exercising jurisdiction is consistent with the United States Constitution and laws."

**9**  **Waivable**

028

Case 4:22-cv-00276 Document 30-1 Filed on 04/29/22 in TXSD Page 33 of 34

§ 3806.1 Section 1391(b)(3)—The Fallback Provision, 14D Fed. Prac. & Proc. Juris. §...

See Civil Rule 12(g) & (h).

**Burden on plaintiff**

"Although Kusha argues that this District is proper under the 'general' provision of 🔖 § 1391(b)(3), that provision comes into play only when there are no other districts where venue would be proper. Here, there is at least one district (and possibly more) where venue is proper, i.e., the Eastern District of Michigan, where Liberty is located and where Liberty's uncontroverted evidence shows its sales of the products bearing the allegedly infringing products occurred. It is also possible venue is proper in the Central District of California, where Kusha is located. Kusha therefore has not met its burden of showing that venue is proper in this District." Kusha, Inc. v. International Modern Investment, 2013 WL 1191193, *4 (S.D. Cal. 2013).

"[V]enue is not proper pursuant to 🔖 § 1391(b)(3) because Plaintiffs have neither established that there is no other judicial district in which the action may be brought nor that Li or any other of the Defendants is subject to this Court's personal jurisdiction. It is Plaintiffs' burden to establish that personal jurisdiction is person. Plaintiffs have not alleged any facts showing that personal jurisdiction over Li or any of the Defendants is proper, so they have not established that venue is proper pursuant to 🔖 § 1391(b)(3)." Vanleeuwen v. Keyuan Petrochemicals, Inc., 2013 WL 2247394, *22 (C.D. Cal. 2013).
Plaintiff's response to a motion challenging venue, in which it attempted to demonstrate that the court had personal jurisdiction over the defendant, was not relevant. "Plaintiffs do not argue, or more importantly demonstrate, that there is no other district in which an action may be brought against the Defendants. Accordingly, 🔖 Section 1391(b)(3) [is] not applicable here." DSSDR LLC v. Zenith Infotech Ltd., 2013 WL 57863, *2 n.2 (N.D. Cal. 2013).

"[V]enue is not proper under 🔖 § 1391(b)(3) because Murdoch 'has not shown that there is no other district in which the action could have been brought.' As is discussed below, the District of Maryland is a proper district where this federal question action could have been brought." Murdoch v. Rosenberg & Associates, LLC, 875 F. Supp. 2d 6, 9–10 (D.D.C. 2012), quoting Atwal v. Lawrence Livermore Nat. Sec., LLC, 786 F. Supp. 2d 323, 327 (D.D.C. 2011).
Because residential venue would be proper in the Northern District of Georgia under fallback provision was irrelevant. Long John Silver's, Inc. v. DIWA III, Inc., 650 F. Supp. 2d 612, 632–633 (E.D. Ky. 2009), **quoting Wright, Miller & Cooper**. Parties erred in addressing fallback venue without first addressing whether venue could be laid in a district under residential or transactional venue provisions. 650 F.Supp.2d at 629–633.

" 🔖 Section 1391(b)(3) is not met because plaintiff cannot show that there is no district in which this lawsuit could otherwise be brought under the law. Based upon the allegations in the amended complaint (including the allegations that all defendants reside in the Southern District of Florida), venue would clearly be proper in the United States District Court for the Southern District of Florida." Pisani v. Diener, 2009 WL 749893, *7 (E.D. N.Y. 2009).

**Defendant's burden**

To demonstrate that fallback venue is improper, defendant must show that the entire action, including all claims made against all defendants, could have been brought in another district. Plaintiff is not required to negate the propriety of venue in every other potential forum. 🔖 McCaskey v. Continental Airlines, Inc., 133 F. Supp. 2d 514, 526 (S.D. Tex. 2001).

**Absurd mistakes**

The historical evolution of the general venue statute is recounted at § 3802. As to this point, it shows that the different language was introduced inadvertently when Congress amended 🔖 § 1391 in 1990, when the main point was to abolish residential venue based upon the residence of the plaintiff. Somehow, Congress also removed the language making the fallback provision in diversity cases applicable only if there were no district in which residential or transactional venue could be based. As a result, literally, the fallback provision became an alternative to residential and transactional venue, at least in diversity cases. Congress fixed that problem later but did nothing about the different formulations for fallback venue until passing the FCJVCA in 2011. See § 3802, text accompanying notes 81 through 89.

**Courts equated**

Case 4:22-cv-00276   Document 30-1   Filed on 04/29/22 in TXSD   Page 34 of 34

§ 3806.1 Section 1391(b)(3)—The Fallback Provision, 14D Fed. Prac. & Proc. Juris. §...

Doing so was consistent with courts had generally done with regard to other statutes. For example, a provision allowing for venue in copyright cases prescribes venue where the defendant "may be found." 28 U.S.C.A. § 1400(a). See § 3819.

**See**

"The parties agree that venue is proper in the Eastern District only if Fjeld may be found there. They also agree that section 1400(a)'s 'may be found' clause has been interpreted to mean that a defendant is amenable to personal jurisdiction in a particular forum." Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co., Inc., 8 F.3d 441, 445 (7th Cir. 1993).

14      **Legislative history**

H.R. 394, 112th Cong., 1st Sess., p. 20 (2011).

15      **Another section**

See § 3811.1, text accompanying notes 11 to 14.

16      **State statute in addition to constitutional test**

See § 3811.1, text accompanying notes 24 to 26.

17      **Not the same**

Johnson Creative Arts, Inc. v. Wool Masters, Inc., 743 F.2d 947, 949 (1st Cir. 1984).

18      **Another section**

See § 3805, text accompanying notes 34 to 37.

---

**End of Document**                              © 2022 Thomson Reuters. No claim to original U.S. Government Works.