UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AIG SPECIALTY INSURANCE COMPANY (f/k/a CHARTIS SPECIALTY INSURANCE COMPANY) | § § § § § § § § § § § | CIVIL ACTION NO. 6:21-CV-04191-RRS -CBW |
| | | JUDGE ROBERT R SUMMERHAYS |
| VS. | | |
| KNIGHT OIL TOOLS, INC. | | MAGISTRATE CAROL B WHITEHURST |
| | | (ORAL ARGUMENT REQUESTED) |
| | | (JURY REQUESTED) |

**RIPPY OIL COMPANY'S MOTION FOR ABSTENTION AND TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT OR IN THE ALTERNATIVE STAY OR TRANSFER**

NOW INTO COURT, through undersigned counsel, comes Intervenor, Rippy Oil Company ("Rippy Oil"), with leave of Court granted to intervene (R. Doc. 12), files this Motion for Abstention and to Dismiss AIG Specialty Insurance Company formerly known as Chartis Specialty Insurance Company's ("AIG"), Complaint for Declaratory Judgment against Defendant Knight Oil Tools, Inc. (Doc. 1) pursuant to Federal Rule of Civil Procedure 12(b)(1), (3 ), (6), and (7) and Federal Rule of Civil Procedure 19(a), (b), and (c); 28 U.S.C. § 1406(a), (b); the Declaratory Judgment Act, 28 U.S.C. §2201(a); the Anti-Injunction Act, 28 U.S.C. §2283; and principles of comity, federalism, and abstention, or in the alternative, stay or transfer, and in support thereof would show the Court as follows:

A. **THIS COURT SHOULD DISMISS AIG'S COMPLAINT FOR DECLARATORY JUDGMENT AS THERE IS NO CASE OR CONTROVERSY BETWEEN AIG AND KOT**

1. AIG filed this declaratory judgment action seeking a judicial declaration against Knight Oil Tools, Inc. ("KOT") that "[c]overage under the ASIC policy (Chartis Specialty Insurance Company policy No. BE 1374599) is not triggered unless and until the limits of liability of the Scheduled Underlying Insurance and any other applicable Other Insurance (ACE

1

**EXHIBIT B**

American Insurance Company policy no. HDO G24940214) are exhausted by payment of Loss" and "[t]here is no coverage under the ASIC policy for Knight's liability." (R. Doc. 1, pp. 17-18).

2. AIG did not name the Reorganized Debtor Knight Energy Services, LLC, a necessary party to any declaratory judgment action seeking a finding of no coverage following the December 1, 2017 Order confirming the Debtor KOT's Joint Chapter 11 Plan of Reorganization effective December 12, 2017, wherein the ACE and AIG liability policies were expressly vested in the Reorganized Debtors now doing business in Houston, Harris County, Texas as Knight Energy Services, LLC. AIG did not name the Scheduled Underlying Insurance carrier ACE American Insurance Company ("ACE") as a necessary party to the declaratory judgment action.[1] Nor did AIG sue another necessary party: Intervenor Rippy Oil, third-party beneficiary under the ACE and AIG policies and a judgment creditor of ACE and AIG named insured KOT. (R. Doc. 1, p.1). Intervenor Rippy Oil has intervened with leave of Court (R. Doc. 12) to assert this Motion for Abstention and to Dismiss AIG's Complaint for Declaratory Judgment, or in the Alternative Stay or Transfer.

3. AIG makes no unequivocal allegation whether ACE has or has not exhausted its "Scheduled Underlying" primary policy, or otherwise refused to exhaust same.[2] Accordingly, if ACE has not tendered its policy limits to AIG, under the express terms of the AIG policy, AIG is alleging its contractual obligation and duty to defend KOT has not arisen and is therefore not ripe for determination. (R. Doc. 1 pp. 17-18). Absent tender and acceptance, that duty to defend KOT on appeal remains with ACE. The Declaratory Judgment Act provides that "[i]n a case of

---

[1] In an attempt to avoid the First Filed Coverage Litigation filed by Rippy Oil Company against ACE, AIG, and Risk Specialists Companies Insurance Agency, Inc. ("Risk Specialists") currently pending in the Southern District, Houston Division, and ACE recently filed a Motion to Intervene in this case on February 10, 2022. (R. Doc. 17).
[2] Based on settlement negotiations during trial before verdict in the Underlying Tort Litigation, Rippy Oil believes that ACE has previously tendered its policy limit of One Million dollars ($1,000,000.00) to

2

actual controversy within its jurisdiction, ...any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C § 2201(a). "As a general rule, an actual controversy exists where 'a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests." *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891. 896 (5th Cir. 2000).

4. There is no adverse dispute between AIG and KOT, as ACE and/or AIG defended KOT in the underlying Texas lawsuit brought by Intervenor Rippy Oil against KOT, and ACE and/or AIG continue to prosecute appeal of a final judgment in favor of Intervenor Rippy Oil against KOT to the Texas Supreme Court through attorneys retained by ACE and/or AIG to represent KOT.[3] AIG's Complaint contains no factual allegations of misconduct of KOT as a basis to deny coverage nor does it remotely suggest ACE or AIG intend to withdraw from KOT's defense. (R. Doc. 1, pp. 1-18). In short, AIG fails to set forth any factual allegations to support "an actual controversy" among and between Plaintiff AIG and Defendant KOT. AIG addresses the critical threshold issue of justiciability with the single conclusory allegation "[t]his complaint is brought pursuant to the Declaratory Judgment Act …, because there is an actual controversy among the parties." (R. Doc. 1, ¶ 3). Frankly, this conclusory allegation does not meet the pleading standard of Federal Rule 8(a)(1) which requires in the case of a declaratory judgment action, some factual statement regarding justiciability and ripeness to invoke the Court's remedial power. Indeed, just the opposite is true as AIG alleges that its coverage (including a

---

AIG and that AIG has accepted same. (Morris Aff. p. 5, ¶ 20).
[3] On February 25, 2022, attorneys retained by AIG filed a Petition for Review appealing the November 10, 2021 judgment of the Tenth Court of Appeals in Waco, Texas affirming the Final Judgment in favor of Rippy Oil against KOT entered in the Underlying Tort Litigation.

duty to defend is not triggered until the underlying ACE policy is "exhausted by payment of loss." (R. Doc. 1, p. 17, ¶ 60-61).

5. If ACE has not tendered its policy limits or AIG has not accepted same, it therefore follows that ACE has not yet exhausted its primary policy limits and AIG's hypothetical coverage dispute is not justiciable or ripe for determination by this Court.

6. Moreover, there is no injury to KOT who has emerged from Chapter 11 Bankruptcy Case as a Reorganized Debtor and would not be seeking any indemnification from AIG or ACE as a result of the Final Judgment in favor of Rippy Oil against KOT in the Underlying Tort Litigation due to the protection of the Bankruptcy Court's Orders. KOT's Joint Chapter Plan of Reorganization was confirmed December 1, 2017 and the bankruptcy proceeding terminated on June 17, 2019. The Order lifting stay in the bankruptcy court specifically allowed Intervenor Rippy Oil to seek recovery on the claims asserted in the Underlying Tort Litigation solely from applicable insurance policies of Defendant KOT and the other non-debtor defendants. The Order Lifting Stay further set forth that Defendant KOT's liability in the Underlying Tort Litigation and for any claims or causes of action that were or could have been raised in that lawsuit, shall be limited to the extent of any coverage provided by Defendant KOT's applicable insurance policies. (Morris Aff. p. 5, ¶ 16). AIG did not seek permission from the bankruptcy court to pursue this Declaratory Judgement Action against KOT, a Reorganized Debtor protected by the Order confirming the Joint Chapter 11 Plan of Reorganization and staying and enjoining the very action brought by Plaintiff AIG against Defendant KOT. AIG did file proof of claims to which KOT objected and the Bankruptcy Court granted KOT's objections to AIG's proofs of claim. (Morris Aff. p. 4, ¶ 16; p. 5, ¶19; p. 8, ¶ 23).

7. Declaratory relief is available only when there is an actual, substantial case or controversy between the parties Plaintiff AIG and Defendant KOT who have adverse legal interests of sufficient immediacy and reality to warrant the exercise of this court's remedial power under the Declaratory Judgement Act. Plaintiff AIG does not factually allege the existence of an actual case or controversy between AIG and KOT which is a condition precedent for this declaratory judgment action.

8. Accordingly, Intervenor Rippy Oil respectfully submits that a declaratory judgement action is not available between AIG and KOT, and declaratory judgment relief is not appropriate in this case, where there is no substantial case or controversy between AIG and KOT and no possible injury to KOT. AIG's Complaint for Declaratory Judgment should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) or this Court should decline to exercise its remedial power under the Declaratory Judgment Act under the circumstances of this case.

**B.** **THIS COURT SHOULD EXERCISE ITS DISCRETION TO DISMISS AS PARALLEL LITIGATION IS PENDING IN TEXAS STATE COURT (ONE OF WHICH PRESENTLY IS REMOVED TO THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION) BETWEEN ALL NECESSARY PARTIES**

9. A district court may choose to dismiss a declaratory judgment action brought pursuant to 28 U.S.C. § 2201(a) by not exercising its remedial power over it when parallel litigation is pending in state court, especially when this court does not have authority to grant declaratory relief under the Anti-Injunction Act, 28 U.S.C. § 2283 against the parallel state court action.

10. In making a decision whether to dismiss, the Fifth Circuit in *Orix Credit Alliance, Inc. v. Wolfe*, 212 F. 3d 891 (5th Cir. 2000) has outlined three issues, a federal district court must determine:

5

  a.  whether the declaratory judgment action is justiciable;

  b.  whether the court has authority to grant declaratory relief; and

  c.  whether the court should exercise its discretion to decide or dismiss the action.

*See also Sherwin- Williams Co. v. Holmes Country, 343 F. 3d 383, 387 (5th Cir. 2003)*

  11. At the time AIG filed this declaratory judgment action on December 7, 2021, Intervenor Rippy Oil had a pending Texas state court action against KOT wherein a final judgement in favor of Intervenor Rippy Oil against KOT had been affirmed by the Waco Court of Appeals. As part of post-judgement proceedings in that case, Intervenor Rippy Oil intends to file the attached Application for Turnover Order to satisfy the final judgement from the policy proceeds of the ACE American Insurance Company (ACE) and Chartis Specialty Insurance Company (AIG) policies issued to named insured KOT and now vested in Knight Energy Services, LLC if permitted by the Order lifting bankruptcy stay. (See Exhibit 1 Rippy Oil Application for Turnover Order). Intervenor Rippy Oil has retained a bankruptcy law specialist, attorney H. Kent Aguillard from Eunice, Louisiana to determine whether it is necessary to reopen the KOT Chapter 11 proceedings to file the Application for Turnover Order in the Leon County State Court that entered the Final Judgment in favor of Intervenor Rippy Oil. Additionally, Intervenor Rippy Oil intends to seek relief from the Leon County Texas State Court and/or the Texas Supreme Court for AIG's violation of the parties Texas Rule of Civil Procedure Rule 11 Agreement and agreement pursuant to Texas Rule of Appellate Procedure 24.1(a)(1) filed in the Leon County State Court, which Rule 11 Agreement attempted to set forth Intervenor's and AIG's agreement to wait for the Texas appellate courts' mandate to issue before enforcing the Final Judgment in the Underlying Tort Litigation. After AIG breached the Rule 11 Agreement by racing to an inconvenient forum and filing this declaratory judgment in an

improper venue against a Reorganized Debtor KOT with no stake in the outcome[4], Intervenor Rippy Oil filed a breach of contract and declaratory judgment action against ACE and AIG and Risk Specialist in the 133rd Judicial District Court in Houston, Harris County, Texas seeking to satisfy the final judgement from the ACE and AIG policies. (See Exhibit 2, Plaintiff's Original Petition). AIG, with consent of ACE, has now removed this Texas State Court Action to the Southern District of Texas Houston Division where it is currently pending under Case No. 4:22-CV-00276, U.S. District Judge Kenneth Hoyt presiding.

C.   **NO AUTHORITY TO GRANT DECLARATORY RELIEF**

12. If the Court concludes, that this declaratory action between AIG and KOT is justiciable, the Court must still determine whether it has the authority to grant declaratory relief. Under the second element of the analysis, a district court does not have authority to consider the merits of a declaratory judgment action when:

   a.   the declaratory action Defendant was previously a party in a related in state court action;

   b.   the state case involved the same issues as those in the federal court; and

   c.   the district court is prohibited from enjoining the state proceeding under the Anti-Injunction Act, 28 U.S.C. §2283.

13. Here, all three factors are met. The Underlying Tort Litigation in the 278th Judicial District Court of Leon County, Texas had been through a fully adversarial jury trial, verdict, final judgment, and appeal to the Waco Court of Appeals when AIG filed this declaratory judgment action. Pursuant to the order lifting the KOT bankruptcy stay, Rippy Oil is seeking satisfaction of its Final Judgment against the policy proceeds of the ACE and AIG policies, not the assets of KOT. Additionally, the First Filed Coverage Litigation between

---

[4] KOT has yet to file a responsive pleading to AIG's Declaratory Judgment action and it remains to be seen what position KOT will take. (R. Doc. 35).

7

Rippy Oil and ACE, AIG, and Risk Specialists filed in the 133rd Judicial District Court of Harris County, Texas and now removed to the Southern District of Texas, Houston Division, seeks a declaration that ACE and AIG have coverage to pay Rippy Oil the Final Judgment under the same policies AIG seeks to bring before this court. Because the Anti-Injunction Act would prohibit this court from enjoining Texas state court proceedings currently pending before the Texas Supreme Court, and any Motion for Turnover Order and Motion for Sanctions filed in the Underlying Tort Litigation in the 278th Judicial District Court of Leon County, Plaintiff AIG's request for declaratory judgment against KOT should be dismissed.

**D.      THE COURT SHOULD EXERCISE ITS DISCRETION TO DISMISS BASED ON PRINCIPLES OF COMITY, FEDERALISM, AND ABSTENTION**

14.     Even if the court had the authority to grant relief requested by AIG, it should exercise its discretion to dismiss this federal court declaratory judgment action pursuant to the discretionary standard articulated in *Winton v. Seven Falls Company*, 515 U.S. 277, 287, 115 S. Ct. 2137, 2143, 132 L. Ed.2d 214 (1995) and *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942).. The Fifth Circuit in *St. Paul Ins. Co. v. Trejo*, 39 F. 3d 585, 590-591 (5th Cir. 1994), identified seven non-exclusive, non-mandatory, and non-exhaustive factors for this court to consider when determining whether to exercise discretion to assert its jurisdiction and remedial power in a declaratory judgment action:

    a.    whether there is a pending state action in which all of the matters in controversy may be fully litigated;

    b.    whether the Plaintiff filed suit in anticipation of a lawsuit filed by the Defendant;

    c.    whether the Plaintiff engaged in forum shopping in bringing the suit;
    d.    whether possible inequities in allowing the declaratory Plaintiff to gain precedence in time or to change forums exists;

    e.    whether the federal court is a convenient forum for the parties and witnesses;

8

  f.  whether retaining the lawsuit would serve the purposes of judicial economy; and

  g.  whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

15. As observed by the Fifth Circuit, the "*Trejo* factors" enumerated above address all three aspects of the overriding analysis outlined by the Supreme Court in *Brillhart v. Excess Insurance Company of America*: federalism, fairness, and efficiency.

16. All three aspects of the *Trejo* test weigh against this court exercising its jurisdiction over this declaratory judgment case:

  a. federalism - the proper allocation of the decision - making between state and federal court;

  b. fairness - distinguishing between legitimate and improper reasons for forums selection; and

  c. efficiency - avoidance of duplicative or piecemeal litigation where possible.

17. Accordingly, even if the declaratory action between AIG and KOT is justiciable and this Court has authority to grant declaratory relief, this Court should exercise its discretion to decline to exercise its remedial power and dismiss this declaratory action.

E. **<u>ALTERNATIVE BASIS FOR ABSTENTION: 28 U.S.C. § 1334(C)(1).</u>**

17. The second ground for abstention is based on the authority found at 28 U.S.C. § 1334(c)(1), which sets forth three general criteria for a federal court to use when deciding whether to abstain from hearing a proceeding. A court may exercise its discretion to abstain: 1) in the interest of justice; 2) comity with state courts; or 3) in respect for state law.  See *Matter of Gober*, 100 F.3d 1195, 1206 (5th Cir. 1996) and *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987) (noting that § 1334(c)(1) "demonstrate[s] the intent of Congress that concerns of comity and judicial convenience should be met, not by rigid limitations on the jurisdiction of

9

federal courts, but by the discretionary exercise of abstention when appropriate in a particular case").

18. Consideration of justice and the equities in this case justify abstention pursuant to § 1334(c)(1) (permissive abstention). It should be noted at the outset that this matter is "related to" Knight's Ch. 11 bankruptcy proceeding in the Lafayette Division of the United States Bankruptcy Court for the Western District of Louisiana. The underlying property damage litigation in Texas which underpins this matter was sanctioned in the Bankruptcy Court Order dated October 24, 2017. On October 24, 2017, the Bankruptcy Court ruled in pertinent part that "…the automatic stay be and is hereby modified as to Knight Tools, LLC … for the limited purpose of allowing the prosecution of the case captioned as *Rippy Oil Company, et al. v. Knight Oil Tools, Inc., et al.,* No. 0-10-498, pending in the 369th Judicial District Court in Leon County, Texas" and that "… Rippy Oil shall seek recovery on the claims asserted in the Proceeding solely from the applicable insurance policies of the Subject Debtor and the other non-Debtor defendants". This Court is now being called upon, to a certain extent, to tread where the Bankruptcy Court has already traveled. Such perspective allows the Court to understand why Intervenor Rippy Oil now asks the Court in Louisiana to abstain – it permitted the underlying property damage litigation to proceed in Texas almost five (5) years ago, and is now being asked to take the case (or a portion thereof) back.

**F. <u>MOTION TO DISMISS FOR IMPROPER VENUE</u>**

19. Intervenor Rippy Oil files this Motion to Dismiss Plaintiff AIG's suit for improper venue as authorized by Federal Rule of Civil Procedure 12(b)(3). On December 7, 2021, Plaintiff AIG sued Defendant KOT for declaratory relief in the U. S. District Court Western District of Louisiana, Lafayette Division. Venue is improper and therefore the Court

should dismiss the suit, or in the alternative, transfer the suit to the U. S. Southern District of Texas, Houston Division, where the real party in interest Intervenor Rippy Oil is seeking to satisfy its judgment against KOT, as a judgment creditor and third-party beneficiary of the ACE and AIG liability insurance policies. Because AIG has filed this suit in an improper judicial district, this Court may dismiss the suit or, in the interest of justice, may transfer the case to a district where could have been brought. 28 U.S.C. § 1406(a), (b).

20. This Court should dismiss this case because the reorganized debtor KOT does not reside in the Western District of Louisiana, Lafayette Division. Since emerging from Chapter 11 bankruptcy, KOT is now organized under the laws of Delaware with its principal place of business in Houston, Harris County, Texas in the Southern District of Texas, Houston Division.

21. This Court should also dismiss this case for improper venue because all, if not a substantial part of the property that is the subject of the action is not situated in the Western District of Louisiana, Lafayette Division. Indeed, the Easterling No. IH oil well that was physically destroyed is located in Leon County, Texas and both the ACE and AIG liability insurance policies were assumed by the reorganized debtor KOT whose principal place of business is now Houston, Harris County, Texas in the Southern District of Texas, Houston Division.

22. Plaintiff AIG alleges that "venue is proper in this Court under 28 U.S.C. § 1391(a)(2) because the policy at issue was issued in the State of Louisiana." Intervenor Rippy Oil would respectfully submit that this allegation is incorrect in that both the ACE and AIG liability insurance policies were underwritten, produced, bound, and issued in Houston, Harris County in the Southern District of Texas, Houston Division.

23. In summary, Plaintiff AIG cannot establish proper venue in the Western District

of Louisiana, Lafayette Division against Defendant KOT, Intervenor Rippy Oil, or ACE.

## G.    TRANSFER IN THE INTEREST OF JUSTICE

24.    In addition, Louisiana would constitute an inconvenient forum for Intervenor Rippy Oil, which was organized under the laws of Texas and whose principal place of business is in Texas. Texas is where the property damages were sustained, all of the evidence is located where Rippy Oil, KOT, and all witnesses reside, are domiciled, office, and all the Underlying Tort Litigation is complete, but for appeal before the Texas Supreme Court. Moreover, the Underlying Tort Litigation has been pending in Texas for more than 11 years and the issue of coverage has a Texas Judgment in favor of a Texas Judgment Creditor is now pending before a Texas court. To maintain jurisdiction in Louisiana will result in bifurcation of the case between two states, foreseeably creating potential choice-of-law problems in the future. Further, Intervenor's claims arise under Texas tort law and the enforcement of a judgment based on that law is an issue which is more properly addressed by Texas courts. Comity here dictates that the Western District of Louisiana respectfully abstain.

25.    In the alternative to dismissal, the Court may transfer this case to the First Filed Coverage Litigation between the real parties in interest pending in the Southern District of Texas, Houston Division as the parties are subject to the jurisdiction of the proposed forum, (2) venue is proper in the proposed forum, and (3) the transfer is in the interest of justice. 28 U.S.C. § 1406(a).

26.    ACE, AIG, Risk Specialists, and KOT are subject to the jurisdiction of the Southern District of Texas, Houston Division.

27.    Venue is proper in Harris County, Texas. Venue is proper in Harris County, Texas pursuant to the provisions of Section 15.002(a)(3) of the Texas Civil Practice & Remedies

Code as Defendant Risk Specialist has a principal office in Texas in Houston, Harris County, Texas as defined by Section 15.001(a). Venue is also proper in Harris County, Texas or in the alternative Leon County, Texas pursuant to the provisions of Section 15.002(a)(1) of the Texas Civil Practice & Remedies Code because all or a substantial part of the events giving rise to this insurance dispute occurred in Harris or Leon County, Texas. The surplus lines policy No. BE 13074559, issued on behalf of AIG, was underwritten, bound, and issued by Defendant Risk Specialists in Houston, Harris County Texas. The ACE primary policy was underwritten, bound, and issued by ACE USA, ACE Risk Management now Chubb in Houston, Harris County, Texas. The occurrence of property damage sustained by Intervenor Rippy Oil occurred in Leon County, Texas. The Underlying Tort Litigation asserting the claims of Intervenor Rippy Oil against Defendants ACE and AIG's named insured KOT, was filed and tried in the 278th Judicial District Court of Leon County, Texas. Defendants ACE and AIG retained defense attorneys located in Houston, Harris County Texas and directed the defense of KOT in Leon County, Texas. A final judgment was entered in favor of Intervenor Rippy Oil against KOT, in the 278th Judicial District Court of Leon County, Texas after a fully adversarial trial and jury verdict in favor of Intervenor Rippy Oil. Subsequent to discharge from bankruptcy, KOT moved its principal office and principal place of business from Lafayette Louisiana to Houston, Harris County Texas. Intervenor Rippy Oil, as judgment creditor and third-party beneficiary of the Defendants ACE and AIG liability insurance policies in question, seek to recover the full amount of the final judgment entered in the 278th Judicial District Court of Leon County, Texas from Defendants ACE and AIG. Venue is also proper in Harris or Leon County, Texas pursuant to 15.005 of the Texas Civil Practice Remedies Code because Intervenor Rippy Oil has established proper venue against one or more of the Defendants in Harris or Leon County, and

therefore Intervenor has venue over all of the Defendants and all claims or actions arising out of the same transaction, occurrence, or series of transactions or occurrences. Finally, under IV "Conditions" Paragraph O, headed "Service of Suit," Defendant AIG agreed "in the event of our failure to pay any amount claimed to be due hereunder, we, at the insured's request, will submit to the jurisdiction of a Court of competent jurisdiction within the United States. Harris County or in the alternative Leon County, Texas District Courts qualify as courts of competent jurisdiction to which AIG has submitted to the jurisdiction. AIG, with the consent of ACE, recently removed the state court coverage action to the Southern District of Texas, Houston Division, which is proper venue in this case as it is the one located in the federal district and division where the state court action was pending pursuant to 28 U.S.C. § 1446(a).

### H. CONCLUSION AND PRAYER

28. This matter is not justiciable as to AIG and KOT, as there is no case or controversy between them and the Declaratory Judgment Action filed by AIG is not ripe. Moreover, the Anti-Injunction Act prohibits this Court from enjoining the Texas State Court proceeding and Plaintiff AIG's request for Declaratory Judgment against KOT should be dismissed. Additionally, concerns of federalism, fairness, and efficiency weigh heavily against exercising the remedial power of jurisdiction of this Court under the Declaratory Judgment Act. Indeed, the case involves purely Texas State Law issues that will be decided in the previously filed, parallel and pending, Texas State Court actions. Conduct in which AIG has engaged certainly constitutes a litigation practice that should be discouraged. Accordingly, Intervenor Rippy Oil respectfully requests that the Court dismiss this case, or in the alternative, abate or stay this case until resolution of the previously filed, parallel and pending Texas actions are concluded, or in the alternative, dismiss or transfer this case to the Southern District of Texas,

Houston Division because Plaintiff AIG filed this Declaratory Judgment Action in an improper district. Intervenor Rippy Oil would finally request such other and further relief to which it shows itself justly entitled.

    Respectfully submitted,

    **GIBSON LAW PARTNERS, LLC**
    **Attorneys at Law**

By: */s/ James H. Gibson*
    JAMES H. GIBSON (LA. No. 14285)
    ALAN W. STEWART (LA. No. 34107)
    2448 Johnston St. (70503)
    P.O. Box 52124
    Lafayette, LA 70505
    Direct Dial: 337-761-6025
    Main: 337-761-6023
    Fax: 337-761-6061
    Email: jimgibson@gibsonlawpartners.com
    Email : alanstewart@gibsonlawpartners.com

    **LAW OFFICE OF KENNETH TEKELL, SR. PLLC**

By: /S/ Kenneth Tekell
    Kenneth Tekell, Sr. – Signed by Permission
    State Bar No. 19764000
    ktekell@balagiatekell.com
    6 Broad Oaks Lane
    Houston, Texas 77056
    Telephone: 713-823-6558
    *Admitted Pro Hac Vice*

**TAYLOR, BOOK, ALLEN & MORRIS, L.L.P.**

By: /S/ Mike Morris
    Mike Morris
    State Bar No. 14495800
    1221 McKinney, Suite 4300
    Houston, Texas 77010
    (713) 222-9542
    (713) 655-7727 - Fax
    mmorris@taylorbook.com
    *Admitted Pro Hac Vice*

**ATTORNEYS FOR INTERVENOR,
RIPPY OIL COMPANY**

**CERTIFICATE OF SERVICE**

    I certify that on this 15th day of March, 2022, a true and correct copy of the foregoing instrument was served via electronic means through transmission facilities from the Court upon those parties authorized to participate and access the Electronic Filing System for the United States District Court, Western District of Louisiana.

    */S/ James H. Gibson*
    JAMES H. GIBSON

16