UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AIG SPECIALTY INSURANCE COMPANY (f/k/a CHARTIS SPECIALTY INSURANCE COMPANY) | § § § § § | CIVIL ACTION NO. 6:21-CV-04191-RRS CBW<br><br>JUDGE ROBERT R SUMMERHAYS |
| VS. | § § | MAGISTRATE CAROL B WHITEHURST |
| KNIGHT OIL TOOLS, INC. | § § § | (ORAL ARGUMENT REQUESTED) |

## PROPOSED INTERVENOR RIPPY OIL COMPANY'S MOTION FOR LEAVE TO INTERVENE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to Federal Rule of Civil Procedure 24, Proposed Intervenor Rippy Oil Company ("Rippy Oil") moves for leave to intervene in this case to file a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1)(2)(3)(6) and (7) Federal Rule of Civil Procedure 19(a), (b) and (c); the Declaratory Judgment Act 28 U.S.C. § 2201(a); the Anti-Injunction Act, 28 U.S.C. § 2283; and Principles of Comity, Federalism, and Abstention. This Motion for Leave incorporates by reference the proposed Motion to Dismiss and supporting Exhibits 1 and 2 collectively filed with this Motion as Exhibit A. As grounds for intervention, Rippy Oil respectfully shows the Court as follows:

### I.

### INTRODUCTION AND BASIS FOR MOTION

1.  Federal Rule of Civil Procedure 24 permits a party to voluntarily join a pending lawsuit by filing a Motion to Intervene. The Rule is intended to prevent multiple lawsuits when common questions of law or fact are involved. *Deus v. Allstate Ins.*, 15 F.3d. 506, 525 (5th Cir. 1994).

1

**EXHIBIT D**

2.      Proposed Intervenor Rippy Oil is a judgment creditor of Defendant Knight Oil Tools, Inc. ("KOT"), named insured of Plaintiff AIG Specialty Insurance Company formerly known as Chartis Specialty Insurance Company ("AIG").  After a fully adversarial jury trial defended by AIG, verdict, final Texas judgment that was affirmed on appeal by the Waco, Texas Court of Appeals, AIG filed this Declaratory Judgment Action seeking a judicial declaration against KOT that "[c]overage under the ASIC policy (Chartis Specialty Insurance Company policy No. BE 1374599) is not triggered unless and until the limits of liability of the Scheduled Underlying Insurance and any other applicable Other Insurance (ACE American Insurance Company policy no. HDO G24940214) are exhausted by payment of Loss" and "[t]here is no coverage under the ASIC policy for Knight's liability." (DOC. #1, pp. 17-18).

3.      AIG did not name  the Scheduled Underlying Insurance carrier ACE American Insurance Company ("ACE") as a necessary party to the declaratory judgment action. Nor did AIG sue another necessary party: proposed Intervenor Rippy Oil, third-party beneficiary under the ACE policy and  a judgment creditor of ACE and AIG named insured  Knight Oil Tools Inc. now known as Knight Oil Tools LLC, ( "Knight" or "KOT"). (DOC.#1, p.1).

4.      Although in Texas a declaratory judgment does not prejudice the rights of persons who are not parties to the proceeding, a judgment creditor, like proposed Intervenor Rippy Oil injured by an insured like KOT, is viewed as a third-party beneficiary of the liability insurance policy issued by ACE and AIG to KOT.  *See State Farm County Mut. Ins. Co. v. Ollis*, 768 S.W.2d 722, 723 (Tex. 1989).  On the other hand, under Texas law, a declaratory judgment action brought by an insurer like AIG will not be binding upon a third-party beneficiary to a liability insurance policy like proposed Intervenor Rippy Oil until that third-party beneficiary is properly joined as a party

2

to such action. Tex. Civ. Prac. & Rem. Code § 37.006(a); *See also State Farm Fire & Cas. Co. v. Fullerton*, 118 F.3d. 374, 384 (5th Cir. 1997).

5.  Currently, there is no adverse dispute between AIG and KOT, as ACE and AIG defended KOT in the underlying Texas lawsuit brought by Rippy Oil against KOT, and AIG continues to prosecute appeal of a final judgment in favor of Rippy Oil against KOT to the Texas Supreme Court through attorneys retained by AIG to represent KOT. AIG's Complaint contains no factual allegations of misconduct of KOT as a basis to deny coverage nor does it remotely suggest AIG intends to withdraw from KOT's defense. (Doc #1, pp. 1-18). Indeed, just the opposite is true as AIG directed the filing of a Petition for Review in the Texas Supreme Court after filing this Declaratory Judgement Action. (See Unopposed Motion for Extension of time to file Petition for Review in Supreme Court of Texas, No 21-1115, styled Knight Oil Tools Inc. v. Rippy Oil Company, et al).

6.  Moreover, there is no possible injury to KOT who has emerged from Chapter 11 Bankruptcy. KOT's Joint Chapter Plan of Reorganization of November 29, 2017 was confirmed December 1, 2017 and the bankruptcy proceeding terminated on June 17, 2019. The Order lifting stay in the bankruptcy court specifically allowed Plaintiff Rippy Oil to seek recovery on the claims asserted in the underlying lawsuit solely from applicable insurance policies of Defendant KOT and the other non-debtor defendants. The Order further set forth that Defendant KOT's liability in the underlying lawsuit and for any claims or causes of action that were or could have been raised in that lawsuit, shall be limited to the extent of any coverage provided by Defendant KOT's applicable insurance policies. (Doc #1, Exhibit C). On information and belief, AIG did not file a claim for relief in the KOT bankruptcy proceeding or otherwise seek permission from the bankruptcy court to pursue this Declaratory Judgement action against KOT.

7. Accordingly, proposed Intervenor Rippy Oil as judgment creditor of KOT and third-party beneficiary under the policies issued by ACE and AIG, seeks to intervene to assert a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (2)(3)(6) and (7) and Federal Rule of Civil Procedure 19(a), (b)and (c); the Declaratory Judgment Act, 28 U.S.C. §2201(a); the Anti-Injunction Act, 28 U.S.C. §2283; and principles of comity, federalism, and abstention in favor of prior pending parallel Texas litigation that will determine the coverage dispute between the real party in interest proposed Intervenor Rippy Oil and ACE and AIG.

## II.

## ARGUMENT AND AUTHORITIES

8. Rippy Oil seeks to intervene in this lawsuit permissively pursuant to Federal Rule of Civil Procedure 24(b). As established below, intervention is proper.

9. Rule 24(b) states in pertinent part that "on timely motion, the court may permit anyone to intervene who … (b) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1).

10. Permissive intervenors must show: (1) an independent ground for subject matter jurisdiction, (2) a timely motion, and (3) a claim or defense that has a question of law or fact in common with the main action. *In re Enron Corp. Sec.*, Derivative & "ERISA" litig., 229 F.R.D. 126, 130 (S.D.—Tex. 2005). These requirements are met in this case.

11. First, Rippy Oil has an independent ground for subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). Rippy Oil is a Texas Corporation with its principal place of business in Tyler, Smith County, Texas. Defendant Knight Oil Tools, Inc. now known as Knight Oil Tools, LLC ("KOT") filed Chapter 11 bankruptcy during the pendency of Rippy Oil's Texas state court litigation against KOT. KOT's Joint Chapter 11 of Reorganization as of November 29, 2017 was confirmed

4

December 1, 2015. KOT was discharged from bankruptcy and the bankruptcy proceeding terminated on June 17, 2019. Since emerging from bankruptcy, KOT, which is organized under the laws of Louisiana merged with Irongate Energy Services, LLC and now does business as Knight Energy Service, LLC, a limited liability company organized under the laws of Delaware with its principal place of business in Houston, Harris County, Texas. AIG is incorporated in the state of Illinois with its principal place of business in the state of New York. Accordingly, this Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because KOT and Intervenor Rippy Oil are citizens of different states than AIG and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

12. Second, Rippy Oil's Motion is timely in no party will suffer prejudice as the result of Rippy Oil's intervention in the instant lawsuit. The timeliness of a Motion to Intervene requires consideration of four factors:

> 1) The length of time during which the would-be intervenor actually knew, or reasonably should have known of its interest in the case before it petitioned for leave to intervene;
>
> 2) The extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to reply for intervention as soon as it knew or reasonably should have known of its interest in the case;
>
> 3) The extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and
>
> 4) The existence of unusual circumstances militating either for or against a determination that the application is timely.

*Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

13. The timeliness analysis is contextual and absolute measures of timeliness should be ignored. *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) ("the requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against

5

prejudicing the original parties by the failure to apply sooner.") Here, AIG filed its complaint on December 7, 2021. Defendant KOT has not been served with citation and has not otherwise made an appearance.

14. Therefore, under the Fifth Circuit's timeliness standard for intervening, AIG will not suffer any prejudice as a result of Rippy Oil's intervention, as the timeliness factor is concerned only with the prejudice caused by proposed intervenor's delay, not the prejudice which may result if intervention is allowed. *Ross v. Marshall*, 426 F.3d. 745, 755 (5th Cir. 2005).

15. On the other hand, the prejudice to proposed Intervenor Rippy Oil could be high if Rippy Oil is not allowed to intervene. Proposed Intervenor Rippy Oil has an economic stake in the outcome of any coverage determination involving the ACE and AIG policies of insurance, not only as a third-party beneficiary under those policies, but also as a judgment creditor of KOT who, according to the Order lifting the bankruptcy stay, is entitled to satisfy its final judgment against the proceeds of those policies. Thus, to protect its economic stake in the outcome of any coverage determination regarding the ACE and AIG policies, proposed Intervenor Rippy Oil should be a party to that action.

16. The next step in the permissive intervention analysis is whether proposed Intervenor Rippy Oil possesses "a claim … that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In its capacity as a judgment creditor of KOT and third-party beneficiary under the ACE and AIG policies, proposed Intervenor Rippy Oil's claim for coverage under the ACE and AIG policies issued to KOT, share identical questions of both law and fact to the instant action brought by AIG against KOT seeking a declaration of no coverage for the judgment in favor of proposed Intervenor against Rippy Oil.

17. As set forth in Exhibits 1 and 2 to proposed Intervenor's Motion to Dismiss Complaint for Declaratory Judgment, the same facts in the underlying lawsuit by Rippy Oil against KOT that resulted in the Final Judgment and proposed Intervenor Rippy Oil's judgment creditor status against KOT will determine ACE and AIG's coverage obligations to pay that final judgment. Likewise, the exact same Texas legal standard and Texas law will be employed in determining ACE and AIG's coverage obligations to KOT and to pay the Texas final judgment in favor of proposed Intervenor Rippy Oil. There is no difference whatsoever. By allowing Rippy Oil's intervention, the purpose of Rule 24 will be fulfilled in that it will allow proposed Intervenor Rippy Oil to prosecute appropriate Federal Rule of Civil Procedure 12(b) Motions to Dismiss the incident action in favor of previously filed parallel Texas State Court actions seeking post-judgment turnover of KOT's claims and causes of action against ACE and AIG as null as coverage for the Texas final judgment in favor of Rippy Oil from the ACE and AIG policy records and thereby avoiding multiple suits that involve common questions of law or fact involving ACE and AIG's policies' coverage for payment of the final judgment.

18. Importantly, judicial efficiency requires allowing proposed Intervenor Rippy Oil to intervene in the instant suit. It only makes logical sense to allow the third-party beneficiary of the ACE and AIG policies and judgment creditor of KOT who pursuant to the Order Lifting Bankruptcy Stay is entitled to satisfy its final judgment against the ACE and AIG policies to intervene to assert the Rule 12(b) Motions. Otherwise, contesting AIG's attempt to deny coverage under the policies will be left entirely to Defendant KOT, who after emerging from bankruptcy, has absolutely no apparent incentive to vigorously contest AIG's wrongful attempts to deny of coverage.

19. Indeed, it is unknown at this point whether KOT intends to vigorously defend AIG's allegations as KOT has not been served in the AIG initiated Declaratory Judgment Action pending before this Court. Likewise, it is further unknown at this time, but will be the subject of discovery, whether KOT has entered into a fraudulent and collusive agreement or understanding with AIG to buy back the policy or otherwise, to lay down and not vigorously defend the AIG Declaratory Judgment Action in an effort to prevent proposed Intervenor Rippy Oil from satisfying the final judgment from the ACE and AIG policies' proceeds. To prevent any fraudulent or collusive agreement between KOT and AIG, proposed Intervenor Rippy Oil intends to pursue a post-judgment Application for Turnover Order pursuant to Section 32.001 of the Texas Civil Practice and Remedies Code in the 278th Judicial District Court of Leon County, Texas where the final judgment was entered. (See Exhibit 1 to Intervenor Rippy Oil Company's Motion to Dismiss Complaint for Declaratory Judgment).

### III.

### CONCLUSION AND PRAYER

20. In short, proposed Intervenor Rippy Oil seeks to intervene in this case because failure to allow their intervention will potentially prejudice Rippy Oil in its ability to satisfy its Texas final judgment against KOT following Texas litigation from the proceeds of the ACE and AIG policies covering KOT risks in Texas. Proposed Intervenor Rippy Oil's intervention is timely and will not cause prejudice to AIG. For these reasons, proposed Intervenor Rippy Oil respectfully requests that its Motion to Intervene pursuant to Federal Rule of Civil Procedure 24(b) be granted and that proposed Intervenor Rippy Oil be granted such other and further relief to which proposed Intervenor Rippy Oil may be entitled.

Respectfully submitted,

**GIBSON LAW PARTNERS, LLC**
**Attorneys at Law**

By: */s/ James H. Gibson*
    JAMES H. GIBSON (LA Bar No. 14285)
    ALAN W. STEWART (LA Bar No. 34107)
    2448 Johnston St. (70503)
    P.O. Box 52124
    Lafayette, LA 70505
    Direct Dial: 337-761-6025
    Main: 337-761-6023
    Fax: 337-761-6061
    Email: jimgibson@gibsonlawpartners.com
    Email: alanstewart@gibsonlawpartners.com

**LAW OFFICE OF KENNETH TEKELL, SR. PLLC**

By: *Kenneth Tekell, Sr.*
    Kenneth Tekell, Sr. (signed by permission)
    Texas State Bar No. 19764000
    *(Application for* pro hac vice *being filed*)
    ktekell@balagiatekell.com
    6 Broad Oaks Lane
    Houston, Texas 77056
    Telephone: 713-823-6558
    *(Application for* pro hac vice *being filed*)

**TAYLOR, BOOK, ALLEN & MORRIS, L.L.P.**

By: *Mike Morris*
    Mike Morris
    Texas State Bar No. 14495800
    1221 McKinney, Suite 4300
    Houston, Texas 77010
    (713) 222-9542
    (713) 655-7727 - Fax
    mmorris@taylorbook.com
    *(Application for* pro hac vice *being filed*)

**ATTORNEYS FOR PROPOSED INTERVENOR, RIPPY OIL COMPANY**

**CERTIFICATE OF CONFERENCE**

On December 30, 2021, the undersigned contacted Robert Siegel, the attorney in charge for Plaintiff AIG Specialty Insurance Company formerly known as Chartis Specialty Insurance Company (Plaintiff AIG) and discussed Rippy Oil Company's desire to intervene in the above-captioned Declaratory Judgment action pursuant to Federal Rule of Civil Procedure 24. Thereafter, the undersigned exchanged emails on December 30, 2021, January 1, 2022, and January 6, 2022 regarding whether Plaintiff AIG was opposed or unopposed to Rippy Oil Company intervening. Accordingly, at the time this Motion is being filed, Plaintiff AIG has not responded whether it is opposed or unopposed to Rippy Oil Company intervening under the Federal Rule of Civil Procedure 24.

*/s/ Mike Morris*
Mike Morris

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record via the Court's electronic filing system.

Lafayette, Louisiana, this 7th day of January, 2022.

*/s/ James H. Gibson*
JAMES H. GIBSON