# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| RIPPY OIL CO. | § § § § § § § § § § § § |
| v. | |
| ACE AMERICAN INSURANCE CO., CHARTIS SPECIALTY INSURANCE CO., RISK SPECIALISTS COMPANIES INS. AGENCY, INC. | |

Civil Case Number: 4:22-CV-00276

---

## ACE AMERICAN INSURANCE COMPANY'S REPLY IN SUPPORT OF PARTIAL JOINDER AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER OR STAY [R. Doc. 8]

---

By: */s/ Thear J. Lemoine*
    Thear J. Lemoine (# 26383)
    Gregory M. Burts (#39133)
    365 Canal Street, Suite 2900
    New Orleans, LA 70163
    P: (504) 569-1007
    F: (504) 569-9255
    E: tlemoine@brownsims.com
    E: gburts@brownsims.com

    **Attorneys for ACE American Insurance Company**

# TABLE OF CONTENTS

TABLE OF CONTENTS ……………………………………………………………… i

INDEX OF AUTHORITIES ……………………………………………………………ii

I.    FACTS AND PROCEDURAL HISTORY…………………………………………….. 1

II.   LAW AND ARGUMENT……………………………………………....…3

    A.    This Court is Not the Proper Court to Decide the Propriety of Transfer Under 28 U.S.C. § 1404(a), Nor is it the Proper Court to Decide Which Case Should Proceed in the "Interest of Sound Judicial Administration and Judicial Economy." ……………………………………………………………………… 3

    B.    Substantial Overlap Exists Between the First and Second Filed Declaratory Judgment Actions………………………………………………………………5

CONCLUSION AND PRAYER ……………………………………………………….7

CERTIFICATE OF SERVICE……………………………………………………….. 8

# TABLE OF AUTHORITIES

**CASES**

*BBC Chartering Gmbh v. Fluence Energy, LLC*, 2021 U.S. Dist. LEXIS 229756, at *8 (S.D. Tex. Dec. 1, 2021) ................................................................................................ 5,7
*Cadle Co. v. Whataburger of Alice*, 174 F.3d 599, 603 (5th Cir. 1999) .................................. 3,4,5
*Datamize, Inc. v. Fidelity Brokerage Services, LLC*, 2004 U.S. Dist. LEXIS 29100, at *3 (E.D. Tex. 2004) ……………………………………………………………………………..3
*Gateway Mortg. Grp, LLC v. Lehman Bros. Holdings, Inc.*, 694 Fed. Appx. 225, 227 (5th Cir. 2017) ................................................................................................................................... 5
*Good Sportsman Mkg. LLC v. Testa Assocs., LLC*, 2005 U.S. Dist. LEXIS 29182, at *3 (E.D. Tex. 2005)……………………………………………………………………………….4
*Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011) ...................... 5
*Lear Siegler Servs. v. Ensil Int'l Corp.*, 2005 U.S. Dist. LEXIS 32050 (W.D. Tex. Sept. 20, 2005) ................................................................................................................... 5,6,7
*Mann Mfg. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971) ................................................ 3,5,7
*Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 2000) .......................... 3,5
*Street v. Smith*, 456 F. Supp. 2d 761, 768 (S.D. Miss. Aug. 15, 2006) ......................................... 3
*Texas Instruments v. Micron Semiconductor*, 815 F. Supp. 994, 997 (E.D. Tex. 1993 ................. 3
*West Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985) .............. 3,5,7

**STATUTES**

28 U.S.C. § 1404(A)

Defendant ACE American Insurance Company ("ACE") respectfully submits this Reply in Support of its Partial Joinder and Motion to Dismiss or, in the Alternative, Motion to Transfer or Stay.[1] Rippy Oil Company ("Rippy") asserts that ACE's Partial Joinder and Motion should be denied, but its arguments are factually and/or legally meritless, because: (1) AIG Specialty Insurance Company's Complaint for Declaratory Judgment filed in the Western District of Louisiana on December 7, 2021, is the first-filed action in this proceeding;[2] (2) the Western District of Louisiana is the proper court to determine which case should proceed because it is the "first-filed" court; and (3) substantial overlap exists between this action and the one filed in the Louisiana Western District.

I.  **FACTS AND PROCEDURAL HISTORY**

This is a coverage dispute arising out of a May 11, 2010, well blowout allegedly caused by defective drill pipe Knight Oil Tools ("KOT") supplied to Rippy for use in its well.[3] Claiming a catastrophic failure of the drill pipe and a resulting loss of well production, Rippy and associated parties filed suit against KOT and a drilling company in the 12th Judicial District Court in Leon County Texas on December 23, 2010 (the "Underlying Liability Suit").[4] After a full trial on the merits, the court in the Underlying Liability Suit entered a final judgment ("Underlying Liability Judgment") on June 4, 2018. The Underlying Liability Judgment awarded Rippy "$5,900,000.00

---

[1] AIG Specialty Insurance Company ("ASIC") filed a Motion to Dismiss, or in the Alternative, to Transfer or Stay, R. Doc. 4, on February 1, 2022, and ACE filed a Partial Joinder and Motion to Dismiss or, in the Alternative, Motion to Transfer or Stay, on February 10, 2022, R. Doc. 8.
[2] *See* ASIC's Complaint for Declaratory Judgment, *AIG Specialty Ins. Co. (f/k/a Chartis Specialty Ins. Co.) v. Knight Oil Tools, Inc.*, 6:21-cv-04191, R. Doc. 30-2.
[3] *See* ASIC's Complaint for Declaratory Judgment, p. 3, R. Doc. 30-2.
[4] The Underlying Liability Suit, *Rippy Oil Company, Rippy Interest, LLC, The Genecov Group, Inc., and John D. Proctor v. Knight Oil Tools, Inc., and Pioneer Drilling Company*, was later transferred to the 369th Judicial District Court and then transferred again to the 278th Judicial District Court, R. Doc. 8-1.

1

in past damages from [KOT], less the amount of [KOT's] counterclaim of $361,356.87, for a net recovery of $5,538,643.13," pre-judgment interest of $2,355,335.38, post-judgment interest of 5%, compounded annually, and court costs.[5] KOT appealed the Underlying Liability Judgment to the Court of Appeals, Tenth District of Texas, Case No. 10-18-00284-cv, which affirmed the trial court on December 30, 2020, and denied rehearing on November 10, 2021. A writ application is currently pending before the Texas Supreme Court.

ASIC filed a declaratory judgment action ("First-Filed Declaratory Judgment Action") in the Western District of Louisiana on December 7, 2021, seeking a declaration that ASIC's policy is not triggered until the limits of liability of underlying insurance policies are exhausted, and that no coverage exists under the ASIC policy for KOT's liability.[6] On December 29, 2022, Rippy Oil filed a separate declaratory judgment action ("Second-Filed Declaratory Judgment Action") in the District Court for Harris County, Texas, asserting a breach of contract coverage claim against ASIC and ACE, and also seeking a declaration of coverage under both insurance policies.[7] Roughly one week later, on January 7, 2022, Rippy filed a Motion for Leave to Intervene in the First-Filed Declaratory Judgment Action, which was granted by the Western District of Louisiana on January 18, 2022.[8] That same day, Rippy also filed a Motion to Dismiss Complaint for Declaratory Judgment or in the Alternative Intervention Pursuant to Federal Rule of Civil Procedure 24 in that same court.[9] The Second-Filed Declaratory Judgment action was removed by

---

[5] *See* Underlying Liability Suit Judgment, R. Doc. 8-1.
[6] *See* ASIC's Complaint for Declaratory Judgment, R. Doc. 30-2.
[7] *See* ASIC's Notice of Removal, R. Doc. 1-2.
[8] *See* Order Granting Rippy's Motion for Leave to Intervene, R. Doc. 12, *AIG Specialty Ins. Co. f/k/a Chartis Specialty Ins. Co. v. Knight Oil Tools, Inc.*, 6:21-cv-04191.
[9] *See* Rippy's Intervention, R. Doc. 13, *AIG Specialty Ins. Co. f/k/a Chartis Specialty Ins. Co. v. Knight Oil Tools, Inc.*, 6:21-cv-04191.

ASIC to this Court on January 27, 2022.[10]

II.   **LAW AND ARGUMENT**

   A.   **This Court is Not the Proper Court to Decide the Propriety of Transfer Under 28 U.S.C. § 1404(a), Nor is it the Proper Court to Decide Which Case Should Proceed in the "Interest of Sound Judicial Administration and Judicial Economy."**

The Fifth Circuit "adheres to" the first-to-file rule. *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 2000). According to this rule, "the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice*, 174 F.3d 599, 603 (5th Cir. 1999); *see West Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985). This doctrine is based on "principles of comity and sound judicial administration" and is used by courts to "maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case *pending* in another court." *Cadle Co.*, 174 F.3d at 604 (emphasis in original). "In deciding whether to apply the first-to-file rule, the Court must resolve two questions: (1) are the two pending cases so duplicative or do they involve such substantially similar issues that one court should decide the subject matter of both actions, and if so, (2) which of the two courts should take the case." *Street v. Smith*, 456 F. Supp. 2d 761, 768 (S.D. Miss. Aug. 15, 2006) (quoting *Datamize, Inc. v. Fidelity Brokerage Services, LLC*, 2004 U.S. Dist. LEXIS 29100, at *3 (E.D. Tex. 2004) (citing *Texas Instruments v. Micron Semiconductor*, 815 F. Supp. 994, 997 (E.D. Tex. 1993). In the Fifth Circuit, **"[o]nly the first issue is for the second-filed court to decide**," because **"[o]nce the likelihood of a substantial overlap between the two suits ha[s] been demonstrated, it [is] no longer up to the [second-**

---

[10] *See* ASIC's Notice of Removal, R. Doc. 1.

filed court] to resolve the question of whether both should be allowed to proceed." *Id.* (citing *Cadle Co.*, 143 F.3d at 605-606) (quoting *Mann Mfg. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971)); *see also Save Power Ltd.*, 121 F.3d at 948 ("The Fifth Circuit adheres to the general rule, that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed."). **Thus, once the second-filed court "finds that the issues in the two suits *might* substantially overlap, the proper course of action [is] for the [second-filed] court to transfer the case to the [first-filed] court to determine which case should, in the interest of sound judicial administration and judicial economy, proceed."** *Id.* (quoting *Cadle Co.*, 173 F.3d at 606) (bold added); *see also Good Sportsman Mkg. LLC v. Testa Assocs., LLC*, 2005 U.S. Dist. LEXIS 29182, at *3 (E.D. Tex. 2005) ("Once it has been proven that the two actions might substantially overlap, the court with the second-filed action transfers the case to the court where the first-filed action is pending, and the court where the action was first-filed decides if the cases actually do substantially overlap and require consolidation.").

      This Court is presiding over the second-filed action. The First-Filed Declaratory Judgment action was filed by ASIC in the Western District of Louisiana on December 7, 2021.[11] The Second-Filed Declaratory Judgment action was not filed by Rippy until December 29, 2021, more than twenty days after the commencement of the First-Filed Declaratory Judgment action.[12] Consequently, this Court is not the proper court to decide which case should ultimately proceed; that question is more properly within the domain of the First-Filed Court. <u>The question for this Court to decide is simply whether the issues in the First and Second-Filed Declaratory Judgment</u>

---

[11] *See* ASIC's Complaint for Declaratory Judgment, R. Doc. 30-2.
[12] *See* ASIC's Notice of Removal, R. Doc. 1-2.

Actions *might* substantially overlap. If this Court finds that there is a possibility of substantial overlap of the issues in these two actions, then "the proper course of action is for [this] [C]ourt to transfer" this case to the first-filed court, and the first-filed court will then determine which case should proceed "in the interest of sound judicial administration and judicial economy." *Cadle Co.*, 173 F.3d at 606 (underline added); *see also Mann Mfg.*, 439 F.2d at 408 (Since the possibility of substantial overlap existed, "it was no longer up to the court in Texas to resolve the question of whether both [cases] should be allowed to proceed."). As discussed below, the substantive issues between these two pending declaratory judgment actions most certainly will overlap.

**B.     Substantial Overlap Exists Between the First and Second Filed Declaratory Judgment Actions.**

When the first-to-file rule is implicated, the only inquiry for the second-filed court to decide is whether "the likelihood of substantial overlap between the two suits ha[s] been demonstrated." *Save Power*, 121 F.3d at 950. If the two suits are likely to "overlap on the substantive issues," they should be consolidated in "in the jurisdiction first seized of the issues." *Mann Mfg.*, 438 F.2d at 408, n.6. Substantial overlap exists when the "core issue" is the same in both cases, or "if much of the proof to be adduced . . . would likely be identical." *BBC Chartering Gmbh v. Fluence Energy, LLC*, 2021 U.S. Dist. LEXIS 229756, at *8 (S.D. Tex. Dec. 1, 2021) (citing *Mann Mfg.*, 439 F.2d at 407); *see Gateway Mortg. Grp, LLC v. Lehman Bros. Holdings, Inc.*, 694 Fed. Appx. 225, 227 (5th Cir. 2017); *see also Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011). However, "this rule does not require the two cases to be identical." *Int'l Fid. Ins. Co.*, 665 F.3d at 678 (citing *Save Power*, 121 F.3d at 950) (underline added); *see Lear Siegler Servs. v. Ensil Int'l Corp.*, 2005 U.S. Dist. LEXIS 32050 (W.D. Tex. Sept. 20, 2005); *see also West Gulf*, 751 F.2d at 731, n. 5 (noting that the first-filed action can be amended if the two cases do not contain complete identity of the parties).

5

In *Lear Siegler Servs. v. Ensil Int'l Corp.*, the Western District of Texas found that substantial overlap of the issues existed in two lawsuits involving breaches of a number of repair order contracts entered into between the parties. 2005 U.S. Dist. LEXIS 32050 (W.D. Tex. Sept. 20, 2005). Ensil filed a declaratory judgment in the Western District of New York seeking a declaration that it was not liable for eight of the disputed repair order contracts on May 31, 2005. *Id*. at *3. On June 7, 2005, Lear filed suit against Ensil in the 166th District Court, Bexar County, Texas, for "breach of contract, breach of warranty, and conversion of" sixty-one repair order contracts, which included the "eight repair order contracts at issue in the New York Action." *Id*. at *4. "Subsequent to the filing of the Texas state action, Lear [also] filed a motion to dismiss the New York Action on June 22, 2005." *Id*. On July 21, 2005, "Ensil removed the Texas state action to" the Western District of Texas based on diversity jurisdiction. *Id*. Following removal, Lear filed a motion "to transfer the New York Action" to the Western District on July 26, 2005. *Id*. <u>The Western District of Texas concluded that substantial overlap existed because the repair contracts at issue in both cases "were governed by the same terms and conditions" and the "core issues" of both cases arose "from the same operative facts."</u> *Id*. at *6 (underline added).

Substantial overlap also exists here. **In the First-Filed Declaratory Judgment Action, ASIC seeks a declaration of no coverage under its policy.**[13] **ACE subsequently intervened in the First-Filed Declaratory Judgment Action, and also seeks a declaration of no coverage under its policy.**[14] **In the Second-Filed Declaratory Judgment Action, Rippy seeks a declaration of coverage under the ACE and ASIC policies**, and asserts a related breach of

---

[13] *See* ASIC's Complaint for Declaratory Judgment, R. Doc. 30-2.
[14] *See* ACE's Motion for Leave to File Intervention, [R. Doc. 17], *AIG Specialty Ins. Co. f/k/a Chartis Specialty Ins. Co. v. Knight Oil Tools, Inc.*, 6:21-cv-04191, R. Doc. 8-1.

6

insurance contract claim against ASIC and ACE.[15] Thus, these two pending declaratory actions present the same "core issue," that is, <u>whether there is insurance coverage for the damages awarded in the Underlying Liability Judgment.</u>

Like the two declaratory actions at issue in *Lear Siegler Servs.*, coverage in either of the pending declaratory actions will be determined by the "same terms and conditions" of the applicable insurance policies and the core issue in both pending actions, whether there is coverage, arise from the "same operative facts," i.e., the facts determined by the jury verdict in the Underlying Liability Suit. *See Lear Siegler Servs.*, 2005 U.S. Dist. LEXIS at *6. Consequently, the "proof to be adduced" in the First and Second-Filed Declaratory Judgment Actions is "likely to be identical." *See BBC Chartering Gmbh*, 2021 U.S. Dist. LEXIS at *8. Furthermore, to the extent that Rippy claims that complete identity of the parties does not exist between the First and Second-Filed Declaratory Judgment Actions, not only is complete identity not required in order to find substantial overlap of the issues, all of the necessary parties have since been joined through intervention in the First-Filed Declaratory Judgment Action.[16] *See West Gulf*, 751 F.2d at 731, n. 5. For all of these reasons, this Court should find that the "substantive issues" between the two pending declaratory judgments are likely to "overlap," and that the Second-Filed Declaratory Judgment Action should be consolidated with the First-Filed Declaratory Judgment Action in the Western District of Louisiana, which was the "court first seized of the issues." *See Mann Mfg.*, 438 F.2d at 408, n.6.

**Considering the forgoing,** ACE American Insurance Company prays that Defendants' Motion to Dismiss, or in the Alternative, To Transfer or Stay, be granted, and for all other

---

[15] *See* R. Doc. 1; R. Doc. 1-2.
[16] *See* Rippy Oil's Response in Opposition to Defendants' Motion to Dismiss, or in the Alternative, to Transfer or Stay, R. Doc. 23, p.13.

appropriate legal and equitable relief.

Respectfully submitted,

**BROWN SIMS, PC**

BY: */s/ Thear J. Lemoine*
Thear J. Lemoine (# 26383)
Gregory M. Burts (#39133)
365 Canal Street, Suite 2900
New Orleans, LA 70163
P: (504) 569-1007
F: (504) 569-9255
E: *tlemoine@brownsims.com*
E: *gburts@brownsims.com*

**Attorneys for ACE American Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on this Friday, May 6, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Thear J. Lemoine*
Thear J. Lemoine
