IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISON

| | | |
|---|---|---|
| RIPPY OIL COMPANY<br>*Plaintiff,*<br><br>v.<br><br>ACE AMERICAN INSURANCE COMPANY,<br>CHARTIS SPECIALTY INSURANCE<br>COMPANY N/K/A AIG SPECIALTY<br>INSURANCE COMPANY, AND RISK<br>SPECIALISTS COMPANIES INSURANCE<br>AGENCY, INC.<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CA No. 4:22-cv-00276<br><br><br><br><br><br><br><br><br>(JURY DEMANDED) |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f)**
**FEDERAL RULES OF CIVIL PROCEDURE**

TO THE UNITED STATES DISTRICT COURT:

COMES NOW, Plaintiff, Rippy Oil Company, (hereinafter "Rippy Oil"),

Defendants ACE American Insurance Company ("ACE"), AIG Specialty Insurance

Company formerly known as Chartis Specialty Insurance Company ("AIG") and files the

following Joint Discovery/Case Management Plan pursuant to the Court's Order for

Conference and Disclosure of Interested Parties (DOC. 5).

1. **State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

    The Initial Rule 26(f) meeting of the parties occurred by telephone on May 6, 2022. Mike Morris with Taylor, Book, Allen & Morris, LLC represented Plaintiff Rippy Oil Company. Thear Jules Lemoine with Brown Sims PC represented Defendant ACE American Insurance Company. Robert Irwin Siegel with Gieger, Laborde & Laperouse, LLC represented Defendants AIG Specialty Insurance Company and Risk Specialists Companies Insurance Agency, Inc.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

1

The underlying lawsuit made the basis of this liability insurance coverage dispute is Cause No. 0-10-498; styled *Rippy Oil Company, et al. v. Knight Oil Tools, et al.*; In the 278th Judicial District Court for Leon County, Texas (hereinafter "Underlying Lawsuit").

Civil Action No. 6:21-CV-0419-RRS CBW; *AIG Specialty Insurance Company (f/k/a Chartis Specialty Insurance Company) v. Knight Oil Tools, Inc.*; In the United States District Court, Western District of Louisiana, Lafayette Division.

3. **Briefly describe what this case is about.**

   The judgment creditor and alleged third-party beneficiary, Plaintiff Rippy Oil brings a breach of contract and declaratory judgment action against Defendants ACE, AIG and Risk Specialists seeking to satisfy a Final Judgment in the Underlying Tort Lawsuit.

4. **Specify the allegation of federal jurisdiction.**

   On January 27, 2022 Defendants AIG and Risk Specialists removed the state court breach of contract and declaratory judgment lawsuit filed by Plaintiff Rippy Oil on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332 (DOC. 1). Defendant ACE filed a Notice of Consent to Removal on January 27, 2022 (DOC. 3).

5. **Identify the parties who disagree and the reasons.**

   Not applicable.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None at this time.

7. **List anticipated interventions.**

   None at this time.

8. **Describe class-action or collective-action issues.**

   Not applicable.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Initial disclosures pursuant to Rule 26(a)(1)(C) will be made by the parties 14 days after the May 6, 2022 Rule 26(f) meeting of the parties or on or before May 20, 2022.

**10.    Describe the proposed agreed discovery plan, including:**

**A.    Responses to all the matters raised in Rule 26(f), including any agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery.**

The parties have discussed entering into a Stipulation regarding the factual record and pleadings, verdict, and judgment in the Underlying Tort Lawsuit that might enable the Court to resolve the coverage dispute on cross-motions for summary judgment.

**B.    When and to whom the plaintiff anticipates it may send interrogatories.**

If the parties are unable to agree on the stipulation of the records from the Underlying Tort Lawsuit or other necessary stipulation of facts, Plaintiff Rippy Oil will send interrogatories and requests for production to Defendants by July 15, 2022.

**C.    When and to whom the defendant anticipates it may send interrogatories.**

If the parties are unable to agree on a stipulation of the record in the Underlying Tort Lawsuit or a stipulation of facts, Defendants will send interrogatories and requests for production to Plaintiff Rippy Oil by July 15, 2022.

**D.    Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff Rippy Oil anticipates taking the following oral depositions:
1. Defendants' Adjusters who issued any denial of coverage or reservation of rights letters, or otherwise are currently attempting to deny coverage for the final judgment entered in the Underlying Tort Lawsuit;
2. Defendants underwriters who issued the policies in question.
3. Defendants' Corporate Representatives regarding coverage for the judgment in the Underlying Tort Lawsuit; and
4. Any expert designated by Defendants ACE, AIG and Risk Specialists.

3

    Plaintiff Rippy Oil Company anticipates it can complete all depositions by November 2, 2022.

**E.**     **Of whom and by when the defendant anticipates taking oral depositions.** AIG and Risk Specialists believes that no discovery is warranted by any party. The competing DJs filed in In the United States District Court, Western District of Louisiana, Lafayette Division and here both involve whether a verdict and judgment awarded in the Underlying Lawsuit are covered by the AIG policy. The only evidence needed for this determination is the AIG Policy and the record from the Underlying Lawsuit.

    ACE does not anticipate the need for and reserves the right to object to the taking of depositions.

**F.**     **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

    Plaintiff Rippy Oil can designate experts and provide the reports required by Rule 26(a)(2)(B) on September 1, 2022.

    Defendants AIG, ACE, and Risk Specialists can designate experts and provide the reports required by Rule 26(a)(2)(B) on October 1, 2022.

**G.**     **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

    Plaintiff Rippy Oil anticipates taking the deposition of any expert designated by Defendants ACE, AIG and Risk Specialists on or before November 2, 2022.

**H.**     **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

    Defendants anticipate taking the deposition of any expert designated by Plaintiff Rippy Oil on or before November 2, 2022. AIG and Risk Specialists believe that experts are inappropriate in a case that purely involves a legal interpretation of insurance policies.

I.  In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.

> See Affidavit of James R. Rippy regarding Plaintiff Rippy Oil Company and its working interest owners including Rippy Interest LLC, whose members are citizens of the State of Texas. (DOC. 23-1)

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    Not applicable

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    None at this time.

13. State the date the planned discovery can reasonably be completed.

    December 2, 2022

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    The parties discussed the fact that the parties in the Underlying Tort Lawsuit have attended non-binding mediation twice without resolution of the case. The parties are continuing to discuss settlement by and through their attorneys.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    The parties have attended non-binding mediation twice in the current coverage lawsuit in the Underlying Tort Lawsuit without resolution but continue to conduct informal conversations through their attorneys regarding resolution of the case. Settlement has not been reached at this time.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    Plaintiff Rippy Oil is agreeable to attending non-binding mediation of the coverage litigation with representatives of Defendants ACE, AIG and Risk Specialists.

**17.    Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not consent to trial before a Magistrate Judge.

**18.    State whether a jury demand has been made and if it was made on time.**

Plaintiff Rippy Oil demanded a jury and paid the jury fee in Texas State District Court upon the filing of its Original Petition in state court and continues to demand trial by jury after Defendants ACE, AIG and Risk Specialists removed this case to Federal Court.

**19.    Specify the number of hours it will take to present the evidence in this case.**

Defendants ACE, AIG and Risk Specialists believe that the trial court can resolve the coverage dispute by cross-motions for summary judgment based on the record in the Underlying Tort Lawsuit. Plaintiff Rippy Oil believes the Court may consider coverage evidence beyond the factual record on pleadings in the Underlying Tort Lawsuit. If it is necessary to try any fact disputes, the parties estimate that the jury trial will take 36 hours.

**20.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Defendants AIG and Risk Specialists have filed a Motion to Dismiss Or, In the Alternative, to Transfer or Stay (DOC. 4 );

Defendant ACE has filed a Joinder in AIG's Motion to Dismiss Or, In the Alternative, to Transfer or Stay (DOC. 8);

Plaintiff Rippy Oil has filed a Response in Opposition to Defendants' Motion to Dismiss Or, In the Alternative, Motion to Transfer or Stay (DOC. 13);

Defendants AIG and Risk Specialists have filed a Reply Memorandum in Support of their Motion to Dismiss, Or, In the Alternative, to Transfer or Stay (DOC. 30); and

Defendant ACE American Insurance Company has filed a Reply in support of its Joinder (DOC. 32).

**21.    List other motions pending.**

None at this time.

**22. List issues or matters, including discovery that should be addressed at the conference.**

None at this time.

**23. Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

All parties have filed Certificates of Interested Parties and Corporate Disclosures Statements as follows:

1. Plaintiff Rippy Oil
    a. Certificate of Interested Parties filed on February 18, 2022 (DOC. 11);
    b. Amended Certificate of Interested Parties filed on February 25, 2022 (DOC. 16);
    c. Corporate Disclosure Statement filed on February 25, 2022 (DOC. 15).

2. Defendant ACE American Insurance Company:
    a. Certificate of Interested Parties filed on February 18, 2022 (DOC. 12);
    b. Corporate Disclosure Statement filed on February 18, 2022 (DOC. 13).

3. Defendant AIG Specialty Insurance Company, formerly known as Chartis Specialty Insurance Company:
    a. Certificate of Interested Parties filed on February 16, 2022 (DOC. 10);
    b. Corporate Disclosure Statement filed on January 27, 2022 (DOC. 2).

4. Defendant Risk Specialists Companies Insurance Agency, Inc.:
    a. Certificate of Interested Parties filed on February 16, 2022 (DOC. 10);
    b. Corporate Disclosure Statement filed on February 7, 2022 (DOC. 7).

**24. List the names, bar numbers, addresses, and telephone numbers, and emails of all counsel and unrepresented parties.**

Mike Morris
Taylor, Book, Allen & Morris, L.L.P
1221 McKinney, Suite 4300
Houston, Texas 77010
Phone:  (713) 222-9542
Facsimile: (713) 655-7727
mmorris@taylorbook.com
*Attorney for Plaintiff, Rippy Oil Company*

Kenneth Tekell, Sr.
Law Office of Kenneth Tekell, Sr., PLLC
6 Broad Oaks Lane
Houston, Texas 77056
Telephone:  713-823-6558
ktekell@balagiatekell.com
***Attorney for Plaintiff, Rippy Oil Company***

Robert I. Siegel
C. J. Chambers
Gieger, Laborde & Laperouse, LLC
5151 San Felipe, Suite 750
Houston, Texas 77056
Phone: 832-255-6000
Facsimile: 823-255-6001
rsiegel@glllaw.com
cchambers@glllaw.com
***Attorneys for Defendants***
***AIG Specialty Insurance Company and***
***Risk Specialists Companies Insurance Agency, Inc.***

Thear J. Lemoine
Gregory M. Burts
Brown Sims
1100 Poydras Street, 39th Floor
New Orleans, LA 70163
Phone 504-569-1007
Facsimile: 504-569-9255
tlemoine@brownsims.com
gburts@brownsims.com
***Attorneys for Defendant***
***ACE American Insurance Company***

Respectfully submitted,

**Taylor, Book, Allen & Morris, L.L.P**

  /s/ Mike Morris
Mike Morris (#14495800)                                    Date
1221 McKinney, Suite 4300
Houston, Texas 77010
(713) 222-9542
(713) 655-7727 - Fax
mmorris@taylorbook.com
*Attorney for Plaintiff*
*Rippy Oil Company*


**Gieger, Laborde & Laperouse, LLC**

 /S/ Robert I. Siegel *_____
Robert I. Siegel * By Permission (#24054171)               Date
C. J. Chambers (#260069)
5151 San Felipe, Suite 750
Houston, Texas 77056
Phone: 832-255-6000
Facsimile: 823-255-6001
rsiegel@glllaw.com
cchambers@glllaw.com
*Attorneys for Defendants*
*AIG Specialty Insurance Company and*
*Risk Specialists Companies Insurance Agency, Inc.*


**Brown Sims**

 /S/ Thear J. Lemoine *_____
Thear J. Lemoine By Permission (#2861041)                  Date
Gregory M. Burts (#39133)
1100 Poydras Street, 39th Floor
New Orleans, LA 70163
Phone 504-569-1007
Facsimile: 504-569-9255
tlemoine@brownsims.com
gburts@brownsims.com
*Attorneys for Defendant*
*ACE American Insurance Company*