UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RIPPY OIL CO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-00276 |
| | § | |
| AIG SPECIALTY INSURANCE COMPANY, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

**I.    INTRODUCTION**

Before the Court are the defendants', AIG Specialty Insurance Company (fka Chartis Specialty Insurance Company ("AIG"); Risk Specialists Companies Insurance Agency, Inc. ("Risk"); and Ace American Insurance Co., ("ACE") joint motion to dismiss,[1] or alternatively transfer or stay the plaintiff's, Rippy Oil Co. ("Rippy") case that was removed from a Texas state court and is currently pending in this Court [DE 4]. Rippy filed a response [DE 23], followed by replies from AIG, Risk [DE 30] and ACE [DE 32]. After a careful review of the tendered documents, authorities and exhibits and the applicable law the Court determines that the defendants' should be denied.

**II.    PROCEDURAL HISTORY**

The current disputes between the parties originate out of a trial and final judgment between Rippy and Knight Oil Tools, Inc. ("Knight"). Rippy purchased drill pipes from Knight for well(s) that driller, Pioneer Drilling, intended to use to "bring-in" the Easterling No. 1-H Well in Leon

---

[1] ACE filed a motion for leave to file a complaint in intervention after the case was removed [DE 8].

County, Texas. The pipe failed causing substantial damages to the well(s) and, thereby, gave rise to a lawsuit between Rippy and Knight, and perhaps others, in a Leon County Court. During the cause of the litigation, Knight filed for Chapter 11 bankruptcy, in August 2017, and the lawsuit was stayed by a bankruptcy court in the Western District of Louisiana for a time. When the stay was lifted, the lawsuit proceeded under orders from the bankruptcy court that Rippy could continue its suit against Knight, but only to the extent that Knight's insurance coverage for Rippy's losses were covered by the policies. Thus any recovery by Rippy would be limited to Knight's insurance. Knight had insurance coverage for such losses at the time with ACE (policy no. HD)GZ4940214) and with AIG (Chartis policy no. BE 13074559).

Rippy proceeded to trial and obtained a final judgment against Knight in 2018 that it is barred from executing except against AIG and ACE, pursuant to Orders of the bankruptcy court. In the meantime, Knight entered into a Reorganization Plan with its creditors in its bankruptcy case on December 1, 2017, and was absolved from liability to Rippy under the judgment. The bankruptcy was terminated on June 17, 2019. Coming out of bankruptcy, Knight Oil Tools, Inc., was dissolved or abandon. Apparently, the assets of Knight were acquired by Knight Oil Tools, LLC.[2] The record also shows, and is not disputed, that the Texas state court trial between Rippy and Knight was handled by attorneys employed by AIG and ACE in Knight's behalf.[3]

A final judgment favoring Rippy was entered against Knight and was appealed by AIG, Risk and ACE to a Texas court of appeals. Currently, there is an appeal from a state appellate court to the Texas Supreme Court pending. On December 7, 2021, while AIG, Risk and ACE's

---

[2] It should be noted that the defendant's complaint for declaratory judgment, pending in the Western District of Louisiana, names Knight Oil Tools, Inc., a defunct or non-existent entity, as the defendant.

[3] AIG issued coverage position letters on March 26, 2018, August 9, 2018 and February 26, 2020, to Knight, concerning coverage issues and reserved the right to disclaim coverage. It is noteworthy that these letters were issued after Knight's Reorganization Plan was approved and after Rippy was permitted to proceed against Knight.

2 / 6

appeal has been pending in the Texas Supreme Court, AIG, Risk and ACE commenced a declaratory judgment action against Knight in the Western District of Louisiana. Rippy filed a separate suit in a Harris County, Texas court on December 29, 2021, seeking to enforce its judgment against the defendants under the two policies and for violation of certain state insurance statutes.

### III. CONTENTIONS OF THE PARTIES

AIG, Risk and Ace assert that Rippy's suit should be dismissed, transferred or stayed, because their suit in Louisiana was filed before Rippy filed its suit in Texas. Therefore, they argue, the "first-to-file" rule dictates that their cause proceed over Rippy's. Further, and in support, AIG, Risk and ACE assert that there is a substantial overlap between the issues raised in their complaint for a declaratory judgment and those raised in Rippy's Texas lawsuit.

The defendants' cite to *Cradle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599, 603 (5th Cir. 1999); *International Fidelity Ins., Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011); and *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1991), among other authorities for the propositions that: "When related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear [the case] if the issues raised . . . substantially overlap." *Cradle*, 174 F.3d at 603 (citing to *Save Power*, 121 F.3d at 950). *See also International Fidelity*, 665 F.3d at 678.

Rippy relies on the same case authorities and other cases while arguing that: (a) it cannot be compelled to litigate its claims against the defendants in Louisiana because 28 U.S.C. § 1404(a), requires that the threshold consideration must be addressed; and (b) even if there is some overlap, which Rippy disputes, there are "compelling circumstances" that dictate against application of the first-to-file rule. With regard to both arguments, Rippy points to *In Volkswagon of Am., Inc.,* 545

F.3d 304, 315 (5th Cir. 2000) (en banc) (Volkswagon II) as authority for the proposition that the first-to-file rule does not override § 1404(a), and that this court enjoys broad discretion when determining whether to transfer a case. *See In re Juniper Networks, Inc.,* 14 F.4th 1313, 1318 (5th Cir. 2021), *see also Cradle*, 174 F.3d at 603. In *Cradle,* the court uses the term "may" when addressing the issue of dismissal or transfer.

## IV.   ANALYSIS AND DISCUSSION

The first-to-file rule presents well-founded reason, based in court administrative policies, to dismiss, transfer or stay a case that is a second filed lawsuit. The rule is grounded in principles of comity and sound judicial administration. *Save Power*, 121 F.3d at 950. Hence, the Court in which the first case is filed is generally the appropriate court for determining whether the subsequently filed lawsuit involves substantially similar issues as the first and whether there are "compelling circumstances that dictate otherwise. *Id.*, citing to *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24,* 751 F.2d 721, 729 (5th Cir. 1985).

After considering relevant authorities and the particulars of this case, the Court concludes that while there may be overlap in the fact and issues to be decided, there are "compelling circumstances" that dictate against granting the defendants' motion. Hence, the Court is of the opinion that these circumstances dictate that the Court exercise its discretion against dismissal, transfer or stay of the second lawsuit. *Save Power*, 121 F.3d at 951, citing to *TPM Holdings, Inc. v. Intra-Gold Indus., Inc.,* 91 F.3d 1, 4 (1st Cir. 1996). "Where the overlap between two suits is less than complete, the judgment is made case by case, based on such factors as to the extent of overlap, the likelihood of conflict, the comparative advantage [or disadvantages] and the interest of each forum in resolving the dispute." *Id.* (citation omitted). *TPM Holdings*, therefore, points the Court to § 1404(a) for guidance in this evaluation.

In the Court's view, there are causes of action between Rippy and the defendants that constitute independent claims apart from the cause of action addressed against Knight. Moreover, Rippy's causes of action against the defendants arise out of the Leon County suit and the bankruptcy court rulings. Issues such as collateral estoppel and issue preclusion -- claims that may arise in the second suit -- are not the type of claims that are generally addressed in a declaratory judgment suit. Moreover, there are also separate and independent state insurance claims raised by Rippy that arises as a result of AIG and Risk alleged conduct, apart from Rippy's claims in the Leon County suit.

The Court finds it unnecessary and unwise to presume the outcome of either suit, but in observing any potential overlap when compared to the compelling circumstances, the Court determines that it is proper to exercise its discretion in light of the following facts:

    a)    the defendants' suit for a declaratory judgment has been brought against a non-existent entity. Knight, was sued by Rippy in Leon County and has been discharged from liability by the bankruptcy court and is no longer a viable entity. At or about the time that Knight was discharged in bankruptcy, it disposed of, or sold its asserts to Knight Oil Tool, LLC, a new entity. Knight LLC was not the insured under the policies and was not the defendant in Leon County lawsuit. Therefore, AIG, Risk and ACE's suit for a declaratory judgment against Knight, in the Western District of Louisiana is farcical at best and will not necessarily resolve all of Rippy's claims against them;

    (b)    a jury in the Leon County suit returned a verdict against Knight in favor of Rippy, making Rippy the third-party beneficiary of the policy proceeds based on Knight's debt. In that suit, the jury found that the pipe supplied by Knight was the cause of the damages suffered by Rippy. It may be that failure of the drill pipe constitutes an occurrence under the policies;

    (c)    AIG, Risk and ACE may be in violation of an agreement that the parties entered into whereby the parties agreed to await completion of the appellate courts' review and issues its mandate before Rippy would proceed to enforce its final judgment;

    (d)    Rippy is a Texas corporation and all of the witnesses and the parties necessary to resolve Rippy's claims against the defendants are in Texas, and over 200 miles from the courthouse in Lafayette, Louisiana. Risks' principal office is located is also located in Texas;

(e)     the "real party" in interest in the defendants' Louisiana suit is Rippy. Had the defendants sued Rippy in Louisiana, there is a strong likelihood that the suit would have been transferred to Southern District of Texas because the suit could have been brought in this district, venue would be move convenient for the parties and witness, including Risk, and the courts of Texas have a greater and continuing interest in the resolution of the disputes than the State of Louisiana. Moreover, Texas' insurance law is at issue. *See In re Nitro Fluids, LLC*, 978 F.3d 1308, 1311 (5th Cir. 2020); and,

(f)     a declaratory judgment action is not an appropriate tool for addressing this controversy; hence ruling on the defendants' claim is academic and perhaps moot. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937). Moreover, there is no adversary proceeding that currently exists between AIG and Knight. In fact, AIG, Risk, ACE and Knight have not taken adverse positions with respect to Rippy's current claims. Accordingly, there is no justiciable claim presented in the defendants' declaratory judgment suit. Therefore, it is an improper vehicle to resolve disputes between AIG, Risk and ACE, and a third-party beneficiary such as Rippy, that has not been named as a party of interest in the declaratory judgment suit. Consequently, the defendant suit does not present a justiciable controversy between the defendants and Knight, and any decision rendered would be, at best, advisory. *Id.* at 242.

Based on the foregoing analysis, the Court determines that the defendants' motion to dismiss, transfers or stay should be and it is hereby DENIED in its entirety.

It is so ORDERED.

SIGNED on August 31, 2022, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge