UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

RIPPY OIL CO.

v.

ACE AMERICAN INSURANCE CO.,
CHARTIS SPECIALTY INSURANCE CO.,
RISK SPECIALISTS COMPANIES
INSURANCE AGENCY, INC.

CIVIL ACTION

NO.: 4:22-CV-00276

JUDGE: KENNETH M HOYT

## ANSWER AND AFFIRMATIVE DEFENSES
## OF AIG SPECIALTY INSURANCE COMPANY

NOW INTO COURT, through undersigned counsel, comes Defendant AIG Specialty Insurance Company ("ASIC"), formerly known as Chartis Specialty Insurance Company, which generally denies that Plaintiff, Rippy Oil Co. ("Rippy"), is entitled to the relief requested, files its Rule 12 Defenses and Original Answer to Plaintiff's Original Petition.

## RULE 12

ASIC raises and preserves defenses under F.R.C.P. 12(b)(6) and 12(e). The Original Petition fails to state a cause of action against ASIC or, in the alternative, any stated cause of action is so vague or ambiguous that ASIC cannot reasonably prepare a response. ASIC also raises and preserves defenses under F.R.C.P. 12(b)(7) to the extent parties have not been joined pursuant to Rule 19.

## ANSWER

### I.

1.      The allegations of Paragraph 1 are legal conclusions to which no answer is required. To the extent a response is required, ASIC denies the allegations due to lack of information sufficient to justify a belief therein.

2.      The allegations of Paragraph 2 are legal conclusions to which no answer is required. To the extent a response is required, ASIC denies the allegations due to lack of information sufficient to justify a belief therein.

II.

3.      ASIC denies the allegations of Paragraph 3 due to lack of information sufficient to justify a belief therein.

4.      ASIC denies the allegations of Paragraph 4 due to lack of information sufficient to justify a belief therein.

5.      ASIC denies the allegations of Paragraph 5 due to lack of information sufficient to justify a belief therein.

6.      ASIC denies the allegations of Paragraph 6 due to lack of information sufficient to justify a belief therein.

7.      ASIC denies the allegations of Paragraph 7 due to lack of information sufficient to justify a belief therein.

8.      ASIC denies the allegations of Paragraph 8, except to admit that ASIC is incorporated in Illinois with its principal place of business in New York; that ASIC is an admitted, authorized, and licensed foreign insurance company; and that ASIC issued Policy No. BE 13074559 to Knight Oil Tools, Inc. ("Knight") in effect from March 31, 2010 to March 31, 2011 ("the ASIC Policy"). ASIC further avers that the ASIC Policy is subject to the terms, conditions, limitations, definitions, and exclusions contained therein. ASIC affirmatively pleads that the ASIC Policy is a written document that speaks for itself.

9.      ASIC denies the allegations of Paragraph 9, except to admit that ASIC has been properly served.

10.      ASIC denies the allegations of Paragraph 10. ASIC further avers that it removed this matter to federal court based on the fraudulent joinder of Risk Specialists Companies Insurance Agency, Inc. and Rippy has not moved to remand.

III.

11.      Paragraph 11 contains legal conclusions as well as allegations directed at other parties to which no response is required. To the extent a response is required, ASIC denies the legal conclusions and allegations directed at other parties in Paragraph 11 due to lack of information sufficient to justify a belief in the truth thereof. To the extent that the allegations of Paragraph 11 are directed at ASIC, denies the allegations except to admit that ASIC is an admitted, authorized, and licensed foreign insurance company; and that ASIC issued the ASIC Policy.

12.      Paragraph 12 contains legal conclusions as well as allegations directed at other parties to which no response is required. To the extent a response is required, ASIC denies the legal conclusions and allegations directed at other parties in Paragraph 12.  The allegations and legal conclusions in Paragraph 12 directed at ASIC are denied, except to admit that ASIC issued the ASIC Policy. ASIC further avers that the ASIC Policy is subject to the terms, conditions, limitations, definitions, and exclusions contained therein. ASIC affirmatively pleads that the ASIC Policy is a written document that speaks for itself.

IV.

13.      Paragraph 13 contains legal conclusions and allegations directed at other parties to which no response is required. To the extent a response is required, ASIC denies the legal conclusions and allegations pertaining to other parties due to lack of information sufficient to justify a belief therein. To the extent the allegations of Paragraph 13 are directed at ASIC, ASIC denies those allegations, except to admit that ASIC issued the ASIC Policy. The ASIC Policy is subject to the

terms, conditions, and exclusions therein. ASIC affirmatively alleges that the ASIC Policy is a written document that speaks for itself.

14.     Paragraph 14 contains legal conclusions and allegations against other parties to which no response is required. To the extent a response is required, ASIC denies the legal conclusions and allegations directed at other parties due to lack of information sufficient to justify a belief therein. The allegations and legal conclusions of Paragraph 14 pertaining to ASIC are denied, except to admit that ASIC issued the ASIC Policy. ASIC further avers that the ASIC Policy is subject to the terms, conditions, limitations, definitions, and exclusions contained therein. ASIC affirmatively pleads that the ASIC Policy is a written document that speaks for itself.

15.     Paragraph 15 consists of legal conclusions to which no response is required. To the extent that a response is required, ASIC denies the allegations and legal conclusions of Paragraph 15 due to lack of information sufficient to justify a belief therein.

16.     ASIC denies the allegations of Paragraph 16.

17.     Paragraph 17 consists of legal conclusions to which no response is required. To the extent that a response is required, ASIC denies the allegations of Paragraph 17.

V.

18.     ASIC objects to Paragraph 18 to the extent the trial record in the underlying proceeding is the best evidence of its own contents. To the extent a response is required, the allegations of Paragraph 18 are denied due to lack of information sufficient to justify a belief therein.

19.     ASIC objects to Paragraph 19 to the extent the trial record in the underlying proceeding is the best evidence of its own contents. To the extent a response is required, the allegations of Paragraph 19 are denied due to lack of information sufficient to justify a belief therein.

20.     Paragraph 20 contains legal conclusions to which no response is required. To the extent a response is required, ASIC denies the legal conclusions in Paragraph 20 due to lack of information sufficient to justify a belief therein.

21.     ASIC objects to Paragraph 21 to the extent the trial record in the underlying proceeding is the best evidence of its own contents. Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is required, ASIC denies the allegations of Paragraph 21 due to lack of information sufficient to justify a belief therein.

22.     ASIC objects to Paragraph 22 to the extent the trial record in the underlying proceeding is the best evidence of its own contents. To the extent a response is required, the allegations of Paragraph 22 are denied due to lack of information sufficient to justify a belief therein.

23.     ASIC objects to Paragraph 23 to the extent the record in the bankruptcy proceeding is the best evidence of its own contents. To the extent a response is required, the allegations of Paragraph 23 are denied due to lack of information sufficient to justify a belief therein.

24.     ASIC denies the allegations of Paragraph 24, except to admit that ASIC issued the ASIC Policy.

25.     ASIC objects to Paragraph 25 to the extent the appeal record in the underlying proceeding is the best evidence of its own contents. To the extent a response is required, ASIC denies the allegations due to lack of information sufficient to justify a belief therein.

26.     ASIC denies the allegations of Paragraph 26, except to admit that ASIC filed a declaratory judgment action in the United States District Court for the Western District of Louisiana, Case No.21-cv-04191.

27.     ASIC denies the allegations of Paragraph 27.

28.     ASIC denies the allegations of Paragraph 28 due to lack of information sufficient to justify a belief therein.

VI.

29.     In response to Paragraph 29, ASIC hereby adopts and reasserts its corresponding objections and answers.

30.     Paragraph 30 contains legal conclusions to which no response is required. To the extent a response is required, ASIC denies the allegations of Paragraph 30. To the extent there are factual allegations directed at ASIC, ASIC denies those allegations. To the extent there are factual allegations not directed at ASIC, ASIC denies those allegations due to a lack of information sufficient to justify a belief therein.

31.     Paragraph 31 contains legal conclusions to which no response is required. To the extent a response is required, ASIC denies the allegations of Paragraph 31. To the extent there are factual allegations directed at ASIC, ASIC denies those allegations. To the extent there are factual allegations not directed at ASIC, ASIC denies those allegations due to a lack of information sufficient to justify a belief therein.

32.     Paragraph 32 contains legal conclusions to which no response is required. To the extent a response is required, ASIC denies the allegations of Paragraph 32. To the extent there are factual allegations directed at ASIC, ASIC denies those allegations. To the extent there are factual allegations not directed at ASIC, ASIC denies those allegations due to a lack of information sufficient to justify a belief therein.

33.     Paragraph 33 contains legal conclusions to which no response is required. To the extent a response is required, ASIC denies the allegations of Paragraph 33. To the extent there are factual allegations directed at ASIC, ASIC denies those allegations. To the extent there are factual

allegations not directed at ASIC, ASIC denies those allegations due to a lack of information sufficient to justify a belief therein. ASIC further avers that the ASIC Policy is subject to the terms, conditions, limitations, definitions, and exclusions contained therein. ASIC affirmatively refers to and pleads that the ASIC Policy is a written document that speaks for itself.

34.     Paragraph 34 contains legal conclusions to which no response is required. To the extent a response is required, ASIC denies the allegations of Paragraph 34. To the extent there are factual allegations directed at ASIC, ASIC denies those allegations. To the extent there are factual allegations not directed at ASIC, ASIC denies those allegations due to a lack of information sufficient to justify a belief therein. ASIC further avers that the ASIC Policy is subject to the terms, conditions, limitations, definitions, and exclusions contained therein. ASIC affirmatively refers to and pleads that the ASIC Policy is a written document that speaks for itself.

35.     Paragraph 35 contains legal conclusions to which no response is required. To the extent a response is required, ASIC denies the allegations of Paragraph 35. To the extent there are factual allegations directed at ASIC, ASIC denies those allegations. To the extent there are factual allegations not directed at ASIC, ASIC denies those allegations due to a lack of information sufficient to justify a belief therein. ASIC further avers that the ASIC Policy is subject to the terms, conditions, limitations, definitions, and exclusions contained therein. ASIC affirmatively refers to and pleads that the ASIC Policy is a written document that speaks for itself.

36.     Paragraph 36 contains legal conclusions to which no response is required. To the extent a response is required, ASIC denies the allegations of Paragraph 36. To the extent there are factual allegations directed at ASIC, ASIC denies those allegations. To the extent there are factual allegations not directed at ASIC, ASIC denies those allegations due to a lack of information sufficient to justify a belief therein.

37.     Paragraph 37 contains legal conclusions to which no response is required. To the extent a response is required, ASIC denies the allegations of Paragraph 37. To the extent there are factual allegations directed at ASIC, ASIC denies those allegations. To the extent there are factual allegations not directed at ASIC, ASIC denies those allegations due to a lack of information sufficient to justify a belief therein.

38.     Paragraph 38 contains legal conclusions to which no response is required. To the extent a response is required, ASIC denies the allegations of Paragraph 38. To the extent there are factual allegations directed at ASIC, ASIC denies those allegations. To the extent there are factual allegations not directed at ASIC, ASIC denies those allegations due to a lack of information sufficient to justify a belief therein.

39.     Paragraph 39 contains legal conclusions to which no response is required. To the extent a response is required, ASIC denies the allegations of Paragraph 39. To the extent there are factual allegations directed at ASIC, ASIC denies those allegations. To the extent there are factual allegations not directed at ASIC, ASIC denies those allegations due to a lack of information sufficient to justify a belief therein.

VII.

40.     To the extent the allegations of Paragraph 40 are directed at ASIC, those allegations are denied. To the extent the allegations of Paragraph 40 are not directed at ASIC, ASIC denies those allegations due to a lack of information sufficient to justify a belief therein.

41.     To the extent the allegations of Paragraph 41 are directed at ASIC, those allegations are denied. To the extent the allegations of Paragraph 41 are not directed at ASIC, ASIC denies those allegations due to a lack of information sufficient to justify a belief therein.

VIII.

42.     In response to Paragraph 42, ASIC hereby adopts and reasserts its corresponding objections and answers.

43.     ASIC denies the allegations of Paragraph 43, except to admit that ASIC issued the ASIC Policy, that the ASIC Policy speaks for itself, and that ASIC is surplus lines insurer.

44.     To the extent Paragraph 44 contains legal conclusions, no response is required from ASIC. ASIC denies the factual allegations of Paragraph 44.

45.     The allegations of Paragraph 45 are not directed at ASIC and therefore no response is required. To the extent a response is required, ASIC denies the allegations based on a lack of information sufficient to justify a belief therein.

46.     The allegations of Paragraph 46 are not directed at ASIC and therefore no response is required. To the extent a response is required, ASIC denies the allegations of Paragraph 46.

VIII.

47.     Paragraph 47 requires no response.

48.     In response to Paragraph 48, ASIC hereby adopts and reasserts its corresponding objections and answers.

49.     Paragraph 49 contains legal conclusions and allegations against other parties to which no response is required. To the extent a response is required, ASIC denies the legal conclusions and allegations directed at other parties due to lack of information sufficient to justify a belief therein. ASIC denies all remaining legal conclusions and allegations in Paragraph 49 and requests strict proof thereof.

50.     To the extent Paragraph 50 contains legal conclusions, no response is required. To the extent the factual allegations of Paragraph 50 are directed at other parties, ASIC denies those

allegations based on a lack of sufficient information to justify a belief therein. To the extent the factual allegations of Paragraph 50 are directed at ASIC, those allegations are denied.

51.     Paragraph 51 contains legal conclusions to which no response is required. To the extent a response is required, ASIC denies the allegations.

52.     To the extent Paragraph 52 requires a response, ASIC denies the allegations of Paragraph 52 and reserves all rights to challenge the admissibility of documents under the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and this Court's Local Rules.

53.     Paragraph 53 is Plaintiff's demand for a jury trial. To the extent a response is required, ASIC denies the allegations.

54.     Paragraph 54 contains legal conclusions as well as allegations which pertain to co-defendants to which no response is required. To the extent a response is required, ASIC denies the legal conclusions and allegations in Paragraph 54.

55.     Paragraph 55 contains legal conclusions as well as allegations which pertain to co-defendants to which no response is required. To the extent a response is required, ASIC denies that Plaintiff is entitled to the relief requested and denies the remaining legal conclusions and allegations in Paragraph 55, and requests strict proof.

<u>ASIC denies all allegations not heretofore specifically admitted.</u>

## <u>ADDITIONAL AND AFFIRMATIVE DEFENSES</u>

AND NOW, having responded to the allegations of Plaintiff's Original Petition, paragraph by paragraph, ASIC states its additional and affirmative defenses, based on information and belief, with investigation and discovery ongoing, in the cumulative and in the alternative, and without any representation of which party bears the requisite burden of proof, as follows:

## AFFIRMATIVE DEFENSE NO. 1

Plaintiff's Original Petition fails to state a cause of action against ASIC upon which relief can be granted.

## AFFIRMATIVE DEFENSE NO. 2

The terms, conditions and exclusions of the ASIC Policy are fully incorporated herein by reference.

## AFFIRMATIVE DEFENSE NO. 3

The ASIC Policy is subject to a $25 million per occurrence/general aggregate limit of liability in excess of the $1 million commercial general liability policy issued by ACE. The ASIC Policy is only potentially triggered, if at all, when the total applicable limits of Scheduled Underlying Insurance have been exhausted by payment of Loss, as that term is defined by the ASIC Policy, to which the ASIC Policy applies and any applicable Other Insurance has been exhausted by the payment of Loss.

## AFFIRMATIVE DEFENSE NO. 4

Based on the terms, conditions, definitions, and exclusions of the ASIC Policy, there is no coverage under the ASIC Policy for Rippy's claims. In relevant part, the ASIC Policy provides as follows:

---

**I.   INSURING AGREEMENT - COMMERCIAL UMBRELLA LIABILITY**

A.   We will pay on behalf of the **Insured** those sums in excess of the **Retained Limit** that the **Insured** becomes legally obligated to pay as damages by reason of liability imposed by law because of **Bodily Injury**, **Property Damage** or **Personal Injury and Advertising Injury** to which this insurance applies or because of **Bodily Injury** or **Property Damage** to which this insurance applies assumed by the **Insured** under an **Insured Contract**.

The amount we will pay for damages is limited as described in Section IV. Limits of Insurance.

B.   This policy applies, only if:

1.   the **Bodily Injury** or **Property Damage** is caused by an **Occurrence** that takes place anywhere, and the **Bodily Injury** or **Property Damage** occurs during the **Policy Period**; and

2.   the **Personal Injury and Advertising Injury** is caused by an **Occurrence** that takes place anywhere arising out of your business, but only if the **Occurrence** was committed during the **Policy Period**.

---

\*\*\*

---

**III.  DEFENSE PROVISIONS**

A.  We will have the right and duty to defend any **Suit** against the **Insured** that seeks damages for **Bodily Injury**, **Property Damage** or **Personal Injury and Advertising Injury** covered by this policy, even if the **Suit** is groundless, false or fraudulent when:

   1.  the total applicable limits of **Scheduled Underlying Insurance** have been exhausted by payment of **Loss** to which this policy applies and the total applicable limits of **Other Insurance** have been exhausted; or

   2.  the damages sought because of **Bodily Injury**, **Property Damage** or **Personal Injury and Advertising Injury** would not be covered by **Scheduled Underlying Insurance** or any applicable **Other Insurance**, even if the total applicable limits of either the **Scheduled Underlying Insurance** or any applicable **Other Insurance** had not been exhausted by the payment of **Loss**.

If we are prevented by law or statute from assuming the obligations specified under this provision, we will pay any expenses incurred with our consent.

\*\*\*

C.  When we assume the defense of any **Suit** against the **Insured** that seeks damages covered by this policy, we will:

   1.  investigate, negotiate and settle the **Suit** as we deem expedient; and

   2.  pay the following supplementary payments to the extent that such payments are not covered by **Scheduled Underlying Insurance** or any applicable **Other Insurance**:

      a.  premiums on bonds to release attachments for amounts not exceeding the applicable Limits of Insurance of this policy, but we are not obligated to apply for or furnish any such bond;

      b.  premiums on appeal bonds required by law to appeal a judgment in a **Suit** for amounts not exceeding the applicable Limits of Insurance of this policy, but we are not obligated to apply for or furnish any such bond;

      c.  all court costs taxed against the **Insured** in the **Suit**;

      d.  pre-judgment interest awarded against the **Insured** on that part of the judgment within the applicable Limits of Insurance of this policy we pay.  If we make an offer to pay the applicable limit of insurance, we will not pay any pre-judgment interest accruing after we make such offer;

      e.  post-judgment interest that accrues after entry of judgment on that part of the judgment within the applicable Limits of Insurance of this policy we pay and before we have paid, offered to pay or deposited in court that part of the judgment that is within the applicable Limits of Insurance of this policy; and

      f.  the **Insured's** expenses incurred at our request or with our consent.

---

**IV.  LIMITS OF INSURANCE**

\*\*\*

12

M.  We will not make any payment under this policy unless and until:

1.  the total applicable limits of **Scheduled Underlying Insurance** have been exhausted by the payment of **Loss** to which this policy applies and any applicable, **Other Insurance** have been exhausted by the payment of **Loss;** or

2.  the total applicable **Self-Insured Retention** has been satisfied by the payment of **Loss** to which this policy applies.

When the amount of **Loss** has been determined by an agreed settlement or a final judgment, we will promptly pay on behalf of the **Insured** the amount of such **Loss** falling within the terms of this policy.  An agreed settlement means a settlement and release of liability signed by us, the **Insured** and the claimant or the claimant's legal representative.

\*\*\*

---

| V.  EXCLUSIONS |
---

\*\*\*

D.  **Damage to Impaired Property or Property Not Physically Injured**

This insurance does not apply to **Property Damage** to **Impaired Property** or property that has not been physically injured, arising out of:

1.  a defect, deficiency, inadequacy or dangerous condition in **Your Product** or **Your Work**; or

2.  a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to **Your Product** or **Your Work** after it has been put to its intended use.

\*\*\*

K.  **Expected or Intended Injury**

This insurance does not apply to **Bodily Injury** and **Property Damage** expected or intended from the standpoint of the **Insured**.  However, this exclusion does not apply to **Bodily Injury** or **Property Damage** resulting from the use of reasonable force to protect persons or property.

\*\*\*

---

| VII.  DEFINITIONS |
---

\*\*\*

L.  **Impaired Property** means tangible property, other than **Your Product** or **Your Work**, that cannot be used or is less useful because:

1.  it incorporates **Your Product** or **Your Work** that is known or thought to be defective, deficient, inadequate or dangerous; or

2.  you have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

1.  the repair, replacement, adjustment or removal of **Your Product** or **Your Work**; or

2.  your fulfilling the terms of the contract or agreement.

***

P.  **Loss** means those sums actually paid as judgments or settlements, provided, however, that if expenses incurred to defend a **Suit** or to investigate a claim reduce the applicable limits of **Scheduled Underlying Insurance**, then **Loss** shall include such expenses.

***

S.  **Occurrence** means:

1.  as respects **Bodily Injury** or **Property Damage**, an accident, including continuous or repeated exposure to substantially the same general harmful conditions.  All such exposure to substantially the same general harmful conditions will be deemed to arise out of one **Occurrence**.

***

Y.  **Property Damage** means:

1.  physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use will be deemed to occur at the time of the physical injury that caused it; or

2.  loss of use of tangible property that is not physically injured.  All such loss of use will be deemed to occur at the time of the **Occurrence** that caused it.

***

**SCHEDULE OF UNDERLYING INSURANCE**

Issued to: KNIGHT OIL TOOLS INC                                    Policy Number: BE        13074559

By: CHARTIS SPECIALTY INSURANCE COMPANY

| TYPE OF POLICY OR COVERAGE | INSURER, POLICY NO. AND POLICY PERIOD | LIMITS |
|---|---|---|
| GENERAL LIABILITY (Knight Oil Tools, Inc.) | ACE American Insurance Co. 03/31/10 03/31/11 | $1,000,000 EACH OCCURRENCE $10,000,000 GENERAL AGGREGATE $2,000,000 PRODUCTS/C. OPS. AGGREGATE $1,000,000 PERSONAL & ADVERTISING INJURY |
|  |  | Defense Expenses are in addition to the limit |

\*\*\*

### Architects and Engineers Professional Liability Exclusion Endorsement

This policy is amended as follows:

**Section V. EXCLUSIONS** is amended to include the following additional exclusion:

#### Architects and Engineers

This insurance does not apply to any liability arising out of any act, error or omission, malpractice or mistake committed or alleged to have been committed by or on behalf of the **Insured** in the performance of architectural or engineering services, including but not limited to:

1. the preparation or approval of maps, plans, opinions, reports, surveys, designs or specifications; and

2. supervisory, inspection or engineering services.

It is understood this exclusion applies even if the claims against any **Insured** allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that **Insured.**

\*\*\*

### Professional Liability Exclusion Endorsement

This policy is amended as follows:

**Section V. EXCLUSIONS** is amended to include the following additional exclusion:

#### Professional Liability

This insurance does not apply to any liability arising out of any act, error, omission, malpractice or mistake of a professional nature committed by the **Insured** or any person for whom the **Insured** is legally responsible.

It is understood this exclusion applies even if the claims against any **Insured** allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that **Insured.**

\*\*\*

15

**Testing or Consulting Errors and Omissions Exclusion Endorsement**

This policy is amended as follows:

**Section V. EXCLUSIONS** is amended to include the following additional exclusion:

**Testing or consulting**

This insurance does not apply to **Bodily Injury, Property Damage,** or **Personal Injury and Advertising Injury** arising out of:

1.  An error, omission, defect or deficiency in:

    a.  any test performed; or

    b.  an evaluation, a consultation or advice given,

    by or on behalf of any **Insured;**

2.  The reporting of or reliance upon any such test, evaluation, consultation or advice; or

3.  An error, omission, defect or deficiency in experimental data or the **Insured's** interpretation of such data.

\*\*\*

## AFFIRMATIVE DEFENSE NO. 5

The ASIC Policy only provides coverage, if at all, for those covered damages in excess of the Retained Limit, which is defined to include the total applicable limits of Scheduled Underlying Insurance and any applicable Other Insurance providing coverage.

## AFFIRMATIVE DEFENSE NO. 6

If ASIC assumes the defense of a Suit against the insured, ASIC is only responsible, if at all, for pre-judgment interest awarded against the insured on that part of the judgment within the applicable limits of the ASIC Policy.

## AFFIRMATIVE DEFENSE NO. 7

If ASIC assumes the defense of a Suit against the insured, ASIC is only responsible, if at all, for post-judgment interest that accrues after entry of judgment on that part of the judgment within the applicable limits of the ASIC Policy that ASIC pays and before ASIC pays, offers to

16

pay, or deposits in court that part of the judgment that is within the applicable limits of the ASIC Policy.

## AFFIRMATIVE DEFENSE NO. 8

Pursuant to Exclusion D. Damage to Impaired Property or Property Not Physically Injured, the ASIC Policy excludes coverage for Property Damage to Impaired Property or to property that has not been physically injured, arising out of:

a.  a defect, deficiency, inadequacy or dangerous condition in Your Product or Your Work; or

b.  a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

The testimony and exhibits introduced at trial failed to find any physical damage to the well or any surrounding property. Further, the jury concluded that the Property Damage (i.e., loss of use) relating to the property that was not physically injured (i.e., the Well) arose out of a defect, deficiency, inadequacy or dangerous condition in Knight's Product or Work. In addition, the jury concluded that the Property Damage (i.e., loss of use) relating to the property that was not physically injured (i.e., the Well) arose out of a failure by Knight to perform a contract or agreement in accordance with its terms. Accordingly, because Knight's liability is excluded from coverage by operation of the Damage to Impaired Property or Property Not Physically Injured Exclusion, coverage is not available under the ASIC Policy.

## AFFIRMATIVE DEFENSE NO. 9

The ASIC Policy only provides coverage, if at all, for Property Damage caused by an Occurrence, which is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Here, the jury found that Knight breached its

implied warranty of fitness for a particular purpose and that Knight made negligent misrepresentations with respect to the condition of the pipe. Because the alleged Property Damage was not caused by an Occurrence, as that term is defined by the ASIC Policy, coverage is not available under the ASIC Policy.

## AFFIRMATIVE DEFENSE NO. 10

The ASIC Policy excludes coverage for damage expected or intended from the standpoint of the insured. Here, the jury found that Knight breached its implied warranty of fitness for a particular purpose and that Knight made negligent misrepresentations with respect to the condition of the pipe. To the extent Knight expected or intended Rippy's damages, coverage is not available under the ASIC Policy.

## AFFIRMATIVE DEFENSE NO. 11

The ASIC Policy excludes coverage for any liability arising out of any act, error, omission, malpractice or mistake of a professional nature committed by the insured or any person for whom the insured is legally responsible. To the extent Knight's liability arose out of an act, error, omission, malpractice or mistake of a professional nature committed by Knight or any person for whom Knight is legally responsible, coverage is not available under the ASIC Policy.

## AFFIRMATIVE DEFENSE NO. 12

The ASIC Policy excludes coverage for Property Damage arising out of:

1. Any error, omission, defect or deficiency in:

    a. Any test performed;

    b. An evaluation, a consultation or advice given,

    By or on behalf of any insured.

2. The reporting of or reliance upon any such test, evaluation, consultation or advice; or

3. An error, omission, defect or deficiency in experimental data or the insured's interpretation of such data.

To the extent the Property Damage arose out of an error, omission, defect or deficiency in a test performed or an evaluation, consultation or advice given by Knight, coverage is not available under the ASIC Policy.

### AFFIRMATIVE DEFENSE NO. 13

The ASIC Policy excludes coverage for any liability arising out of any act, error or omission, malpractice or mistake committed or alleged to have been committed by or on behalf of Knight in the performance of architectural or engineering services. To the extent Knight's liability arose out of Knight's engineering services, the ASIC Policy does not provide coverage.

### AFFIRMATIVE DEFENSE NO. 14

In addition to the foregoing provisions, ASIC pleads all other conditions, terms, warranties, limits, definitions and exclusions of the ASIC Policy which may be applicable, and ASIC reserves the right to amend its Original Answer as additional and/or more specific information becomes available.

### AFFIRMATIVE DEFENSE NO. 15

ASIC has no liability under the ASIC Policy to the extent any purported insured voluntarily paid or assumed obligations or incurred expenses, without notice and written consent of ASIC.

### AFFIRMATIVE DEFENSE NO. 16

ASIC avers that any and all decisions made regarding coverage were made legitimately, rightfully, and with reasonable cause, based upon the clear and unambiguous terms, conditions, limitations and/or exclusions set forth by the ASIC Policy.

### AFFIRMATIVE DEFENSE NO. 17

ASIC adopts the affirmative defenses of other defendants to the extent those defenses are not inconsistent or incompatible with ASIC's defenses herein.

### AFFIRMATIVE DEFENSE NO. 18

ASIC affirmatively pleads and preserves the following defenses: comparative fault, failure to mitigate, intervening or superseding causes of injury, preexisting injury, prescription, preemption, failure to exhaust remedies, arbitration agreement, set-off, credit, duress, error or mistake, estoppel, failure of consideration, rescission, fraud, illegality and all other matters constituting an affirmative defense.

### AFFIRMATIVE DEFENSE NO. 19

To the extent that Texas law may be applicable, ASIC asserts the exception to Section 38.006 of the Tex. Civ. Prac. & Rem. Code as a defense.

### AFFIRMATIVE DEFENSE NO. 20

ASIC reserves the right to plead further and in greater particularity as such may become appropriate, and as a result of additional discovery being taken in this matter.

### AFFIRMATIVE DEFENSE NO. 21

The foregoing affirmative defenses are plead cumulatively and alternatively, and without waiver.

### **<u>PRAYER</u>**

Defendant AIG Specialty Insurance Company respectfully prays that Plaintiff's Original Petition be dismissed in its entirety with prejudice at Plaintiff's cost and that Plaintiff recover

nothing in this suit. ASIC additionally prays that this Honorable Court grant ASIC such other and further relief, at either law or in equity, to which ASIC may otherwise be justly entitled.

Respectfully Submitted,

*/s/ Robert I. Siegel*
ROBERT I. SIEGEL (#24054171)
**GIEGER, LABORDE & LAPEROUSE, LLC**
5151 San Felipe, Suite 750
Houston, TX 77056
Telephone:    (823) 255-6000
Facsimile:    (823) 255-6001
Email:        rsiegel@glllaw.com

And

One Shell Square, Suite 4800
701 Poydras Street
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile:    (504) 561-1011

*Counsel for:*
*AIG Specialty Ins. Co. f/k/a Chartis Specialty*
*Ins. Co.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel for all parties to this proceeding.

*/s/ Robert I. Siegel*
ROBERT I. SIEGEL

21