Case 4:22-cv-00276   Document 148   Filed on 03/15/24 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
March 15, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RIPPY OIL CO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-00276 |
| | § | |
| AIG SPECIALTY INSURANCE COMPANY, | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

### I.   INTRODUCTION

Before the Court are motions to dismiss filed by Ace American Insurance Company ("ACE") [DE 91], Chartis Specialty Insurance Company ("AIG"); and, Risk Specialists Companies Insurance Agency, Inc., ("Risk Specialists")[1] seeking dismissal of Knight Oil Tool, Corp, ("KOT-Corp") intervention suit, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1).[2] Also before the Court are KOT-Corp's responses to ACE, AIG and Risk Specialists' motions to dismiss [DEs 115 and 110, respectively and ACE, AIG and Risk Specialists' respective replies [DEs 128 and 127]. Having reviewed these documents and the arguments presented, the Court is of the opinion that KOT-Corp's intervention lawsuit should be dismissed.

### II.   BACKGROUND FACTS AND PROCEDURAL HISTORY

---

[1] AIG, ACE and Risk Specialist are often referred to as the "Insurer Defendants" throughout this Memorandum and Order.
[2] Rippy filed this lawsuit in the 133rd District Court of Harris County, Texas under Cause No. 2021-83799. It was removed to this Court under the current case number.

1 / 8

This lawsuit is one of a multiplicity of suits concerning claims that a<u>rose</u> out of a 2010 lawsuit brought by Rippy Oil, Co. ("Rippy") and related investors against KOT, Corp as a result of damages experienced by Rippy when a downhole well "drill pipe separation occurred on the Easterling No. 1-H Well.  *See* [*Rippy Oil Company, Rippy Interest, LLC, The Geneveo Group, Inc., and John D. Proctor v. Knight Oil Tools, Inc., et. al.* (Cause No. 0-10-498, 278th District Court)]. The drill pipe used was supplied by KOT-Corp.  As a result of drill pipe separation, Rippy lost access and use of a section of the Well below the "plug and the petroleum reserves" making further drilling or a redrill impossible.   Rippy filed suit in state court against KOT-Corp.  In the early stages of that litigation, KOT-Corp filed a Chapter 11 Bankruptcy petition.  A "Stay" of litigation was entered, delaying Rippy's lawsuit.

Subsequently, the "Stay" was lifted. To get the Stay lifted, however, Rippy entered into a "Recovery Limit" Agreement with KOT-Corp and its emerging entity, Knight Energy Services, LLC ("KES-LLC") , agreeing that any recovery by Rippy would not exceed the insurance policy limits of KOT-Corp's liability policies.  At the time, KOT-Corp's insurers, ACE, AIG and Risk Specialists (sometimes referred to herein as the "Insurer Defendants") did not object to Rippy and KOT Corp agreement.  Rippy, in turn, released both KOT-Corp and emerging KES-LLC from liability or exposure arising out of Rippy's suit.  Concurrent with the emergence, KES-LLC executed a contractual Irrevocable Assignment of rights, concerning KOT-Corp's insurance policies.  With these transactions in place, Rippy released KOT-Corp and KES LLC of any further liability resulting from the damages and/or losses that Rippy might claim to its Easterling No. 1-H Well.

### III. THE UNDERLYING STATE COURT AND RELATED LITIGATION

The event that gave rise to this lawsuit occurred in 2010 in Leon County, Texas and were litigated in the 278th District Court to a jury. When the bankruptcy Stay was lifted by the Bankruptcy Court, Rippy was permitted to continue its state court lawsuit against KOT-Corp under the terms agreed to by the parties and approved by the Bankruptcy Court. A jury, based on findings of fact, returned a verdict against KOT-Corp for actual damages in the amount of $5,538,643.13. The state trial court awarded that sum and an additional $2,056,885.14 in prejudgment interest, with interest to continue on the total sum at the rate of $758.72 per day from June 1, 2017, to June 4, 2018. The Final Judgment bears interest at the rate of 5% compounded annually.

As insurers of KOT-Corp, the Insurer Defendants employed counsel and provided a defense for KOT-Corp against Rippy's suit in state court. After the Final Judgment was entered, AIG handled KOT-Corp's appeals. Shortly after appeals were exhausted, on or after December 7, 2021, AIG filed a suit for Declaratory Judgment[3] against KOT-Corp in the Western District United States District Court of Louisiana seeking to establish that KOT-Corp was not liable to Rippy under the policies and that Rippy's lawsuit against AIG was premature. According to AIG, the indemnity provision of its policy had not been triggered because the limits of ACE's policy had not been exhausted. Rippy points out in its pleadings in this lawsuit, however, that irrespective of what AIG's and ACE's position might be, KOT-Corp's Chapter 11 Reorganization was confirmed on December 1, 2017, KOT-Corp was discharged from bankruptcy, and all bankruptcy

---

[3] AIG's suit against KOT-Corp for declaratory judgment relief came after the state court judgment became final. AIG sought to establish that AIG, ACE and Risk Specialists were not liable to KOT-Corp under the terms of the liability provisions of the Policies. This Court denied AIG's motion to dismiss or transfer Rippy's case to the Western District of Louisiana. The Western District of Louisiana, subsequently, dismissed AIG's declaratory judgment suit on January 23, 2023.

proceedings were concluded in June 2019. Therefore, AIG's and ACE's obligations under policies were triggered by the state court's Final Judgment.

In this removed suit, Rippy asserts that it has not recovered the proceeds of the KOT-Corp Policies and seeks a Declaratory Judgment against ACE, AIG and Risk Specialists for violations of the Texas Insurance Code; breach of contract; breach of the duty of good faith and fair dealing; unfair methods of competition; and, unfair or deceptive acts or practices.

## IV. CONTENTIONS OF THE PARTIES

### A. *Contention of the Insurer Defendants*

A consolidated lawsuit is pending before the Court – the removed original suit, Cause No. 4:22-CV-0276 brought by Rippy against the Insurer Defendants and the intervenor lawsuit, Cause No. 4:23-CV-3310, brought by KOT-Corp against AIG. Earlier, the Court permitted consolidation of KOT-Corp's intervention that has triggered the Insurer Defendants separate motions to dismiss KOT-Corp's intervention lawsuit. Restated, AIG and Risk Specialists seek dismissal of the KOT-Corp's lawsuit pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1) and for lack of standing. They point out that KOT-Corp has no further exposure from Rippy's lawsuit, either as it relates to the state court judgment, or in this suit.[4] Therefore, they argue, KOT-Corp's intervention in this suit should be dismissed either for lack of standing or for failure to state a claim against AIG or Risk Specialist. ACE concurs, contending that KOT-Corp's suit should be dismissed because any legal claim for damages by KOT-Corp, arising out of the 2010 drill pipe separation occurrence, no longer exists. Hence, there is no breach of contract or tort liability on

---

[4] The judge in the Western District of Louisiana dismissed the Insurer Defendants' lawsuit against KOT-Corp finding that no justiciable controversy existed between AIG and KOT-Corp, and, similarly, for lack of an adverse legal interest on the part of KOT-Corp. *See* [*AIG v. KOT-Corp* Cause No. 6:21-CV4191 Western District of Louisiana].

the part of the Insurer Defendants to KOT-Corp for which a claim by KOT-Corp could be asserted or maintained.

B. *Contentions of KOT-Corp the Intervenor*

KOT-Corp argues that it has standing to bring a suit based on the conduct of the Insurer Defendants. It asserts that its intervention has become necessary due to AIG's breach of contract with Rippy, and for the extracontractual claims that Rippy suffers. KOT-Corp argues that because of AIG's wrongful offset and improper filing of a declaratory judgment action against it in the State of Louisiana it has also suffered harm. KOT-Corp describes the Assignment to Rippy as limited to the interests in the indemnity provisions of the policies and any extracontractual claims that are **not against public policy** such as damages for failure to promptly pay the Final Judgment. KOT-Corp then asserts that its interest rests in public policy concerns, and while they may be identical to Rippy's and may be brought by Rippy, KOT-Corp has a right to protect its reputation from harm by the Insurer Defendants.

V. **ANALYSIS AND DISCUSSION**

The Court is of the opinion that the Insurer Defendants' motions to dismiss turn on whether any claim can be asserted by KOT-Corp following its bankruptcy and the Irrevocable Assignment made by KES-LLC to Rippy. The Court is of the view that KOT-Corp cannot assert a justiciable claim. The Assignment of KOT-Corp's rights, title and interest in the Indemnity obligations under the Policies states in part:

**IRREVECOABLE ASSIGNMENT**

> . . . Knight Energy Services, LLC judgment debtor in the above captioned lawsuit, hereby assign and transfer to Robert M. Kallam of Kean Miller, as Receiver, all right, title and interest in the indemnity obligation and policy limits of ACE American Insurance Company policy No. HDOG24940214 and the indemnity obligation and policy limits of Chartis Specialty Insurance Company now known

>as AIG Specialty Insurance Company policy No. BE13074559 and <u>all claims and causes of action that Knight Oil Tools, Inc. now known as Knight Energy Services, LLC, have (sic) or may have ACE American Insurance Company and Chartis Specialty Insurance Company now known as AIG Specialty Insurance Company including but not limited to claims and causes of action asserted or that could be asserted in civil action No. 6:21-CV-04191 styled *AIG Specialty Insurance Company (f/k/a Chartis Specialty Insurance Company) v. Knight Oil Tools, Inc.* pending in the United States District Court for the Western District of Louisiana.</u> Receiver shall have the sole authority to settle, compromise, release or waive the claims and cause of action assigned herein. [Emphasis supplied].
>
>All claims and causes of action assigned to Receiver and any proceeds from said claims and causes of action shall be held in trust for the benefit of plaintiff Rippy Oil Company and any other individuals or business determined by the 278th Judicial District Court, Leon County, Texas ("Court") to have an interest in the proceeds.
>...

Federal Rules (12)(b)(1) address the issue of standing, indirectly as it concerns the propriety of a party's pleading, based on evidentiary concerns, particularly whether the pleadings must support a cause of action. The Texas Supreme Court has also addressed the issue of justiciability from a state court perspective. In two cases that are relevant to the Court's view are dispositive of KOT-Corp's intervention suit: *St. Paul Surplus Lines, Ins. Co., Inc. v. Dalworth Tank Co., Inc.*, 974 S.W.2d 51, 54 (1998) and *Texas Propane Gas Associations v. City of* Houston, 622 S.W.3d 791, 799 (2021), stand for the proposition that to establish standing "a plaintiff must allege [a] personal injury fairly traceable to the defendant's allegedly unlawful conduct and [that will] likely to be addressed by the requested relief". *Texas Propane Gas Assoc.,* 622 S.W.3d at 799. The personal injury must be one that is sustained or be imminent and not contrived or based on conjecture. Moreover, the defendant must have actual awareness of his wrongful act, deception or the unfairness of his act. *Id.*

Texas case law teaches that a culpable mental state is necessary and must be pled as the basis for attributing knowledge or wrongful acts to a defendant. *Dal-Worth Tank, Co., Inc.,* at 54.

Likewise, application of the strictures of FRCP 12(b)(1) and (6) requires pleadings that point to evidence of a culpable mental state.[5] Here, there is no culpable mental state pled nor can it be by KOT-Corp.  KOT Corp has no further relationship with the Insurer Defendants that threatens or harms KOT-Corp.  It no longer exists.  The Assignment executed by KES-LLC and KOT-Corp's bankruptcy ended its relationship with the Insurer Defendants.   Therefore, there is no relationship between the Insurer Defendants and KOT-Corp from which a culpable mental state could arise.  All ties to the Insurer Defendants were extinguished.

The import of the Assignment is made manifest by KOT-Corp's motion to dismiss AIG's declaratory judgment cause of action against it when that suit was pending in the Western District of Louisiana. The Louisiana District Court held that only Rippy had cognizable claims.  *See* [Cause No. 6:21-CV-04191; *AIG Specialty Ins., Co. v. Knight Oil Tools, Inc.,* W.D. La. Sept. 7, 2022]. Therefore, no justiciable cause of action remains that either KES-LLC or KOT-Corp may pursue. Having prevailed in the Louisiana litigation against the Insurer Defendants, neither KOT-Corp nor KES LLC can be heard concerning the Insurer Defendants' conduct toward Rippy.  Hence, KOT-Corp's assertion that it has standing to assert financial and reputational damages for harm suffered, ostensibly, in the industry, as a result of the way that the Insurer Defendants have handed Rippy's claims is a non-sequitur.

---

[5] Article III standing requires an allegation of a personal injury fairly traceable to a defendant's allegedly unlawful conduct.  *See Texas Propane Gas Assoc v. The City of Houston*, 622 S.W.3d 791, 799 (Tex. 2021).

Therefore, the Court is of the opinion that AIG, ACE and Risk Specialist's motions to dismiss KOT-Corp's intervention suit, for lack of standing, and further, pursuant to FRCP 12(b)(1), should be, and they are Hereby, Granted.

It is so Ordered.

SIGNED on March 15, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge